## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

BYTE FEDERAL, INC.,

     Plaintiff,

     vs.

LUX VENDING LLC d/b/a
BITCOIN DEPOT,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, Byte Federal, Inc. ("Plaintiff" or "Byte Federal"), by and through its undersigned counsel, hereby files its Complaint against Lux Vending, LLC d/b/a Bitcoin Depot ("Bitcoin Depot" or "Defendant") and alleges as follows.

## INTRODUCTION

1.    Byte Federal is one of the largest Bitcoin ATM networks in the United States and its self-service crypto kiosks provide easy access to buying and selling Bitcoin. This action is brought to address the willful infringement campaign waged by the Defendant Lux Vending LLC, a competitor, which has made unauthorized and unlawful use of Plaintiff's "BYTEFEDERAL" trademark in commerce, in violation of Plaintiff's rights under federal and state laws.

2.    In addition to the operation of ATM vending machines, Byte Federal provides training, support, and software development for the Bitcoin ecosystem.

3.    Plaintiff is a FinCEN registered money services business.

4.      Since at least 2016, Plaintiff has used its "BYTEFEDERAL" trademark

in interstate commerce in connection with the following goods and services:

| International Class No. 09 | Interactive computer kiosks comprising hardware, peripherals, and recorded software, for use in trading, storing, sending, receiving, accepting and managing cryptocurrency, fiat currency, and other digital assets; Downloadable software applications for the processing of transactions involving cryptocurrency, fiat currency and other digital assets; automated teller machine (ATM); Interactive computer kiosk systems comprised primarily of computers, computer hardware, computer peripherals, and computer touchscreens for use in the purchase and sale of cryptocurrency, fiat currency, and other digital assets; Computer kiosk systems comprised primarily of computers, computer hardware, recorded software, computer peripherals, and computer touchscreens for use in enabling customers to view and purchase cryptocurrencies, fiat currencies and other digital assets in retail stores; Downloadable computer software for use in trading, storing, sending, receiving, accepting and managing cryptocurrency, fiat currency, and other digital assets |
|---|---|
| International Class No. 36 | financial services, namely, electronic funds transfer via electronic communications networks, providing financial services for the processing of transactions involving cryptocurrency, fiat currency and other digital assets. |
| International Class No. 42 | use of online non-downloadable software to electronically trade, store, send, receive, accept and transmit cryptocurrency, fiat currency and other digital asset transactions; Software as a service featuring software for management and distribution of cryptocurrency, fiat currency and other digital assets; Software-as-a-service featuring software for database management in the fields of finance and blockchain technology; installation and maintenance of computer software programs in the field of blockchain and financial technology; Platform-as-a-service featuring computer software to allow users to perform electronically trade, store, send, receive, accept and transmit cryptocurrency, fiat currency and other digital asset transactions; Providing online, non-downloadable computer software for use in trading, storing, sending, receiving, accepting and managing cryptocurrency, fiat currency, and other digital assets; Providing online, non-downloadable software applications for the processing of transactions involving cryptocurrency, fiat currency and other digital assets. |

5.      Plaintiff is the owner of trademark application U.S. Serial No. 97/024,080 for its "BYTEFEDERAL" mark, along with all common law rights in the mark and variations thereof (hereinafter referred to as "Plaintiff's Mark").

6.      Defendant is also a FinCEN registered money services business that directly competes with Plaintiff in the space of Bitcoin ATM machines.

7.      Defendant is advertising, offering, and selling identical, competing, or related goods and services under an infringing "BYTE FEDERAL" trademark, and/or is using and otherwise misappropriating the Plaintiff's Mark to, among other things, cause confusion and divert customers away from the Plaintiff, and instead to the Defendant.

8.      Defendant has been unwilling to permanently cease and desist from using the Plaintiff's Mark despite the issuance of a cease-and-desist letter.

## JURISDICTION

9.      This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. §1051, et seq. ("Lanham Act"), particularly 15 U.S.C. § 1125(a), for trademark infringement, false designation of origin, and related unfair competition.  Plaintiff also asserts claims in accordance with its common law rights pursuant to Fla. Stat. §495.161, for Florida common law trademark infringement and unfair competition.

10.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b). This Court also has jurisdiction pursuant to the doctrine of

supplemental jurisdiction, as set forth in 28 U.S.C. §1367.

11.     Personal jurisdiction is proper over Defendant because it is a foreign limited liability company registered in the State of Florida.

12.     Personal jurisdiction is also proper over Defendant because it has committed tortious acts within this State, and the Middle District of Florida, including the infringement set forth herein, within the meaning of Fla. Stat. §48.193(1)(a). This includes causing injury to the property of Plaintiff within this state, and the Middle District of Florida, namely Plaintiff's Mark as set forth herein, arising out of acts or omissions by the Defendant while, at or about the time of the injury, the Defendant was engaged in solicitation or service activities within this State, and the Middle District of Florida, within the meaning of Fla. Stat. §48.193(1)(f)(1).

13.     Personal jurisdiction is also proper because, as shown below, Defendant: (a) operates, conducts, engages in, or carries on a business or business venture in this State, and the Middle District of Florida, within the meaning of Fla. Stat. §48.193(1)(a); and (b) is engaged in substantial and not isolated activity within this State, and the Middle District of Florida, within the meaning of Fla. Stat. §48.193(2):



## VENUE

14.     Venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Florida, including the acts of infringement complained of herein against Defendant.

15.     Venue is also proper under 28 U.S.C. §1391(b) because Defendant markets, advertises, and offers its goods and services in the Middle District of Florida, and otherwise does business in the Middle District of Florida.

16.     Venue is proper under 28 U.S.C. §1391(b) in that Defendant is subject to the Court's personal jurisdiction in the Middle District of Florida, as set forth above.

## THE PARTIES

17.     Plaintiff is Florida corporation with a principal place of business at 795 Commerce Drive, Venice, Florida 34292.

18.     Defendant is a Georgia limited liability company with a principal place of business at 3343 Peachtree Rd., Suite 750, NE Atlanta Georgia 30326.  Defendant is registered to conduct business in the State of Florida and uses the infringing mark in connection with services that are offered within the Middle District of Florida.

## GENERAL ALLEGATIONS

19.     Plaintiff is the owner of its distinctive "BYTEFEDERAL" mark, and as detailed above, has been continuously using this mark in commerce since at least 2016.

20.     With over one thousand "BYTEFEDERAL" Bitcoin ATM machines located across the continental United States, Plaintiff provides a secure, efficient, and

excellent quality product and related service, including instant verification, an increased daily limit conversion, and easy-to-access kiosks.

21.     Plaintiff's use of its "BYTEFEDERAL" mark in commerce pre-dates any date of first use that Defendant can rely upon, and Plaintiff continues to advertise, market, offer for sale, and sell a wide variety of goods and services under Plaintiff's Mark.

22.     Since long prior to the acts of Defendant complained of herein, Plaintiff has expended money, time, and effort in advertising, promoting, marketing, and selling the services and products bearing the Plaintiff's Mark.

23.     The Plaintiff's Mark has developed valuable goodwill among the consuming public through, *inter alia*, advertising efforts and expenditures, media coverage, and significant revenues. As a result of Plaintiff's extensive and continuous use, the Plaintiff's Mark is extremely strong and has garnered widespread recognition with the consuming public.

24.     In fact, and no doubt recognizing Plaintiff as having one of the largest Bitcoin ATM networks, Plaintiff was recently featured in INC.COM as one of the Southeast's fastest-growing companies.

25.     The Plaintiff's Mark is prominently displayed on and in connection with Plaintiff's website and Instagram page (among other channels), where Plaintiff has amassed nearly 100,000 followers.

26.     Plaintiff's Mark is used in connection with advertising its goods, and

services, and has, by actual usage, served to identify the Plaintiff as the source of the goods and services.

27.    Long prior to any date upon which Defendant can rely, the Plaintiff adopted the Plaintiff's Mark, and that mark since its adoption has been continuously used in interstate commerce in connection with its goods and services, including its ATM machines and kiosks.

28.    Long prior to the acts of Defendant complained of herein, the Plaintiff's Mark has acquired secondary meaning and significance in the minds of the purchasing public, as a result of Plaintiff's goodwill and strong reputation, and long-term use and recognition of Plaintiff's Mark as a source identifier for the Plaintiff's goods and services.

29.    The Plaintiff's Mark indicates the origin of Plaintiff's goods and services and is relied upon and recognized by consumers and members of the trade, as a symbol of and assurance as to the quality, security, and efficiency of the Plaintiff's goods and services.

*Unlawful Activities of Bitcoin Depot*

30.    Long subsequent to Plaintiff's adoption and use of Plaintiff's Mark in commerce, the Defendant began adopting and using in commerce the exact same mark, BYTE FEDERAL (the "Infringing BYTE FEDERAL Mark"), a mark that is confusingly similar to Plaintiff's Mark, such that consumers are likely to confuse the two.

7

31.    Defendant has advertised and used the Infringing BYTE FEDERAL Mark in connection with ATM machines, kiosks, and related financial services transactions, as well as other unauthorized and related goods and services, all designated with the Infringing BYTE FEDERAL Mark.

32.    Despite knowing full well of Plaintiff and Plaintiff's Mark, Defendant has willfully committed acts of infringement by, among things, directly targeting consumers using the Plaintiff's Mark in online advertising. For example, when a consumer searches for the Plaintiff by typing in "byte federal," *the Defendant* is featured as the first search result in a sponsored ad wherein the Defendant makes unauthorized and unlawful use of the Plaintiff's Mark in the text of the ad in a prominent manner, i.e., "**Byte Federal** – The Most Trusted Bitcoin ATMs":



33.     Defendant's unlawful use of the Infringing BYTE FEDERAL Mark has continued in interstate commerce in the United States, including in the Middle District of Florida, in connection with ATM machines, kiosks, and other goods and services that are sold to the consuming public.

34.     Consumer confusion is likely to occur because the parties' advertising methods are either the same or highly similar, as the Defendant also promotes its goods and services bearing the Infringing BYTE FEDERAL Mark online.

35.     The Infringing BYTE FEDERAL Mark is confusingly similar to Plaintiff's Mark because, among other things: (a) the Plaintiff's Mark is a strong, distinctive trademark; (b) the Infringing BYTE FEDERAL Mark is identical to Plaintiff's Mark, and the marks create the same overall impression, including with respect to the sound, appearance, and manner in which they are used; (c) the parties' goods and services are similar and highly related, including because they are of a kind that the public attributes to a single source; (d) the parties' sales channels, distribution, and customer bases are the same or highly similar; (e) the parties' advertising methods or channels are the same or highly similar, including because the parties use the same forums and media to advertise, leading to possible confusion; and (f) the Defendant intended to infringe on the Plaintiff's Mark, as Defendant was well aware of the Plaintiff, has intentionally ignored the potential for infringement, and finally because the Defendant wholly ignored the Plaintiff's cease-and-desist demands. Additional bases demonstrating a likelihood of confusion between the parties' marks are expected

to be revealed through discovery.

36.     The Defendant has utilized and continues to utilize the Infringing BYTE FEDERAL Mark in interstate commerce without Plaintiff's permission, consent, or authorization.

37.     The acts of the Defendant have been willful, by virtue of at least: (a) its knowledge of the Plaintiff's rights in and to the Plaintiff's Marks; and (b) its refusal to cease-and-desist from the use of the Infringing BYTE FEDERAL Mark and other acts of infringement, as demonstrated by its disregard of the Plaintiff's previous cease-and-desist demands.

38.     The acts of the Defendant complained of herein are in total disregard of Plaintiff's rights and were commenced, and it is believed will continue, in spite of Defendant's knowledge that its use of the Infringing BYTE FEDERAL Mark is in direct contravention of Plaintiff's rights.

39.     Defendant has enjoyed and continues to enjoy financial gain and profit from the marketing and sales/fees of the goods and services that utilize the Infringing BYTE FEDERAL Mark. Such use is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of the Defendant's goods and services and to cause them to falsely believe that said goods and services are the goods and services of Plaintiff, or are sponsored, licensed, associated, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

40.     The Defendant's use of the Infringing BYTE FEDERAL Mark is without the consent, license, or permission of Plaintiff.

41.     Plaintiff has been damaged by the Defendant's acts of infringement and unfair competition.

42.     The acts of the Defendant have harmed or will harm Plaintiff's reputation, have damaged or will damage Plaintiff's goodwill, and have created (and will continue to create) the impression that Plaintiff is an infringer, when in fact the Defendant is the infringer.

43.     Actual confusion and a false association is likely to occur, and Defendant's aforesaid acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

44.     Plaintiff has no adequate remedy at law.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## [15 U.S.C. §1125]

45.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

46.     With full knowledge and awareness of Plaintiff's ownership and prior use of the Plaintiff's Mark, the Defendant has willfully used and continues to use the Infringing BYTE FEDERAL Mark in commerce, on or in connection with goods and services in a manner that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive.

47.     The acts of the Defendant constitute infringement and use of a confusingly similar mark which is identical with or substantially indistinguishable from the Plaintiff's Mark, in violation of and pursuant to 15 U.S.C. §1125.

48.     The acts of the Defendant have harmed or will harm Plaintiff's reputation, have damaged or will damage Plaintiff's goodwill, and upon information and belief, will create the impression that Plaintiff is an infringer when in fact the Defendant is the infringer.

49.     The aforesaid acts of the Defendant have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

50.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT II
## FEDERAL FALSE DESIGNATION OF ORIGIN
## AND UNFAIR COMPETITION
## [15 U.S.C. §1125(a)]

51.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

52.     The intentional and unlawful use in commerce of the Infringing BYTE FEDERAL Mark by the Defendant constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description, and false or misleading representation that is likely to

cause confusion, reverse confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Plaintiff, or as to origin, sponsorship or approval of Defendant's goods, services, or commercial activities by Plaintiff, or to cause reverse confusion thereof.

53.    The aforesaid acts and use of the Infringing BYTE FEDERAL Mark by the Defendant constitutes unfair competition and false designation, and/or false description of origin in violation of §43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

54.    The acts of the Defendant have harmed or will harm Plaintiff's reputation, have damaged or will damage Plaintiff's goodwill, and upon information and belief, will create the impression that Plaintiff is an infringer when in fact the Defendant is the infringer.

55.    The aforesaid acts of the Defendant have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

56.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT III
## TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW

57.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 44, as if fully set forth herein.

58. Plaintiff owns and enjoys common law trademark rights in the Plaintiff's Mark in Florida in conjunction with use on goods and services, which rights are superior to any rights that Defendant may claim in and to said trademark.

59. Defendant has used, in connection with the sale of goods and services, a term or name that is false and misleading and likely to cause confusion or cause mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff as to the origin, sponsorship or approval of goods, services, or commercial activities in violation of common law.

60. The sale by Defendant of goods and services bearing the Infringing BYTE FEDERAL Mark in the State of Florida is likely to cause confusion as to the source of the goods and services in that purchasers thereof will be likely to associate or have associated such goods and services as originating with Plaintiff, all to the detriment of the Plaintiff.

61. The acts of Defendant have harmed or will harm Plaintiff's reputation, have damaged or will damage Plaintiff and its goodwill, and have created or will create the impression that Plaintiff is an infringer when in fact the Defendant is the infringer.

62. The aforesaid acts of Defendant have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

63.     The aforesaid acts of Defendant constitute infringement, unfair competition, misappropriation, and misuse of the Plaintiff's Mark, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

64.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT IV
## UNFAIR COMPETITION UNDER FLORIDA COMMON LAW

65.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 44, as if fully set forth herein.

66.     The Plaintiff first adopted and used Plaintiff's Mark in Plaintiff's markets or trade areas, as a means of establishing good will and reputation and to identify particular goods and services rendered or offered by the Plaintiff and to distinguish them from similar goods and services rendered or offered by others.

67.     Through its association with such goods and services, the Plaintiff's Mark has, by actual usage, served to identify the Plaintiff as the source of the goods and services.

68.     The Defendant has commenced the use of an identical or confusingly similar trademark, to identify goods and services rendered by it in the same trade areas in which the Plaintiff has already established its trademark.

69.     As a consequence of the Defendant's actions, customer confusion of source or as to the sponsorship of the goods and services offered by the Defendant is

likely.

70.      The aforesaid acts of Defendant constitute unfair competition, misappropriation, and misuse of the Plaintiff's Mark, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

71.      The acts of Defendant have harmed or will harm Plaintiff's reputation, and have damaged or will damage Plaintiff and its goodwill.

72.      Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A.      That this Court will adjudge that the Plaintiff's Mark has been infringed, as a direct and proximate result of the willful acts of the Defendant as set forth in this Complaint, including Defendant's use of the Infringing BYTE FEDERAL Mark, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq., Fla. Stat. §495.161, and the common law of the State of Florida.

B.      That this Court will adjudge that the Defendant has competed unfairly with Plaintiff in violation of Plaintiff's rights at common law and in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a).

C.      That the Defendant, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or

participation therewith, be permanently enjoined and restrained:

1) From using or licensing the Plaintiff's Mark, the Infringing BYTE FEDERAL Mark, or any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods and services;

2) From using, applying to register, or registering any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the unauthorized goods and services of the Defendant, or of any third parties, are sponsored by, authorized by, or in any way associated with Plaintiff and/or that the goods and services of Plaintiff are inferior to, copies of, infringing of or imitations of the goods and services of the Defendant;

3) From using, licensing, advertising, marketing, displaying as a keyword or metatag (including but not limited to the ad text in GOOGLE advertising), maintaining, registering, or renewing any confusingly similar domain names (including but not limited to any which incorporate, either in whole or in part, any of the Plaintiff's Mark), or any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods and services;

4) From infringing the Plaintiff's Mark;

5) From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between the Defendant and Plaintiff, or their respective goods and services or commercial activities;

6) From falsely representing itself as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade and/or members of the purchasing public to believe that the Defendant or its affiliates are associated with Plaintiff and/or that Plaintiff is associated with Defendant; and

17

7) From affixing, applying, annexing, or using in connection with the sale of any goods or services sold by the Defendant, a false description or representation including words or other symbols tending to falsely describe or represent such goods or services.

D.     That the Defendant be required to recall and deliver up for destruction all goods, labels, signs, prints, packages, inventory, advertisements, internet advertising and other written or printed material in its possession or control, or third party advertisers of Defendant's goods and services which bear the Plaintiff's Mark or any infringement thereof, including but not limited to the Infringing BYTE FEDERAL Mark, and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark similar thereto or likely to be confused therewith, alone or in combination with any other word or element.

E.     That the Defendant be directed to file with this Court and to serve upon Plaintiff within thirty days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with the paragraphs above, including all subparts.

F.     That Plaintiff have and recover Defendant's profits and the damages of Plaintiff arising from Defendant's acts of trademark infringement and unfair competition, and that the Court, pursuant to §35 of the Lanham Act, enter judgment, and that said sum be trebled as authorized pursuant to 15 U.S.C. §1117(a).

G.     That Plaintiff have and recover such sums as are necessary to place or compensate for corrective advertising.

H.      That Plaintiff have and recover nominal damages.

I.      That Plaintiff have and recover punitive damages, pursuant to the laws of the State of Florida, and common law, in addition to actual damages and/or nominal damages.

J.      That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award.

K.      That Plaintiff be entitled to injunctive relief as set forth in §34 of the Lanham Act, 15 U.S.C. § 1116;

L.      That Plaintiff have and recover the remedies set forth in §35 of the Lanham Act, 15 U.S.C. §§1117.

M.      That Plaintiff have and recover the remedies set forth in §36 of the Lanham Act, 15 U.S.C. §§1118.

N.      That the Court award an accounting of Defendant's profits from the sale and/or fees generated in connection with the goods and services sold, used, transacted, or purchased under or in connection with the Infringing BYTE FEDERAL Mark through trial or final adjudication.

O.      That Plaintiff have and recover its reasonable attorney's fees incurred in this action, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

P.      That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise

authorized.

Q.    That Plaintiff have and recover such further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

Dated: January 13, 2023                    Respectfully submitted,

/s/Oliver Alan Ruiz
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz, Lead Counsel
Florida Bar No. 524786
oruiz@malloylaw.com
Jonathan Woodard
Florida Bar No. 096,553
jwoodard@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000

*Attorneys for Plaintiff*