UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 23-cv-00102

BYTE FEDERAL, INC.,

    Plaintiff,

vs.

LUX VENDING LLC d/b/a
BITCOIN DEPOT,

    Defendant.
_____/

## Case Management Report

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on March 3, 2023, which was attended by Oliver Ruiz and Jonathan Woodard as counsel for the Plaintiff, and Collin Mixon as counsel for the Defendant.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

**[remainder of page left intentionally blank]**

| Action or Event | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 3/24/2023 | 3/24/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 8/1/2023 | 8/1/2023 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | | |
| Plaintiff | 4/1/2024 | 2/21/2025 |
| Defendant | 4/18/2024 | 3/7/2025 |
| Rebuttal | 5/6/2024 | 3/21/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 5/1/2024 | 2/7/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | 8/1/23 | 8/1/23 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 5/20/2024 | 3/28/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | 4/1/2024 | 4/1/2025 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 8/26/2024 | 4/10/2025 |

| | | |
|---|---|---|
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 9/2/2024 | 4/14/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 9/9/2024 | 4/21/2025 |
| Month and year of the trial term. | 10/24/2024 | 5/1/2025 |

The trial will last approximately 4-5 days and will be a jury trial.

3. **Description of the Action**

Plaintiff brings the instant trademark infringement lawsuit as a result of the Defendant's alleged infringement and other misconduct surrounding Plaintiff's BYTE FEDERAL mark. Plaintiff has asserted multiple causes of action including federal trademark infringement (Count I), federal false designation of origin (Count II), trademark infringement under Florida law (Count III), and unfair competition under Florida law (Count IV). Defendant filed its Amended Answer and Affirmative Defenses on March 14, 2023 [D.E. 14].

4. **Disclosure Statement**

Plaintiff has filed its disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03. Defendant will file its disclosure statement on or before March 14, 2023.

5. **Related Action**
   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." At this time, no notice is required as there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

3

> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☒ The parties do not consent.

### 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

### 8. Discovery Practice

The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

### 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.

B. Discovery may be needed on all topics relevant in proportion to the claims and affirmative defenses in this action.

C. Discovery should be conducted in phases:

☒ No.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ Yes.

    1. The parties will negotiate and submit a Stipulated Two-Tiered Protective Order to govern and facilitate discovery of confidential information and documents. The proposed protective order will incorporate protections afforded by FRE 502(d). Apart from that, the parties are currently unaware of any orders that the Court should issue under Rule 26(c) or under Rules 16(b) and (c).

    2. Consistent with the Federal Rules of Civil Procedure and applicable law, all documents and things that relate to the claims and defenses asserted in the above-captioned cause shall be preserved pending adjudication of this matter.

E.   The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    The Parties stipulate pursuant to Fed. R. Civ. P. 29, or as otherwise authorized, as follows: **(a)** It shall be presumed that discovery requests between the Parties seek non-privileged matter within the scope set forth in Fed. R. Civ. P. 26(b)(1), unless a Party expressly makes a request for privileged matter in a particular request or, after having received the responding party's responses and accompanying document production, has a good faith basis to demand that the responding party search for purported "privileged" matter in relation to specific requests (and produce an accompanying privilege log if the responding party contends that any responsive documents are privileged); **(b)** Subject to the foregoing, and unless a Party expressly makes a request for privileged matter as provided for in subsection (a), a privilege log is not required for privileged communications that took place, or work product or other privileged documents that were created after January 13, 2023 [*i.e.* the date the Complaint was filed]; and **(c)** a privilege log will not be required for all discovery requests, but rather will be made on a request-by-request basis as detailed in subsection (a), and provided after the Parties have conferred and resolved issues or any objections pertaining to relevance, scope, or burden, as applicable.

F.   The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

    x  No.

5

**10. Request for Special Handling**

☒ The parties do not request special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

| | |
|---|---|
| By: Jonathan Woodard<br>John Cyril Malloy, III<br>Florida Bar No. 964220<br>jcmalloy@malloylaw.com<br>Oliver Ruiz<br>Florida Bar No. 524786<br>oruiz@malloylaw.com<br>Jonathan Woodard<br>Florida Bar No. 0096553<br>jwoodard@malloylaw.com<br>Malloy & Malloy, P.L.<br>2800 SW 3rd Avenue<br>Miami, Florida 33129<br>T: 305.858.8000 | By: Collin Mixon<br>Collin Mixon<br>Florida Bar No. 1004740<br>Stanton IP Law Firm, P.A.<br>201 East Kennedy Boulevard. Suite 1900, Tampa, FL 33602<br>813.421.3883<br>cmixon@stantoniplaw.com<br>Counsel for Defendant |