UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYTE FEDERAL, INC.,
      Plaintiff,

vs.                                          No. 8:23-cv-102

LUX VENDING LLC d/b/a
BITCOIN DEPOT,
      Defendant.
_____/

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S *AMENDED* AFFIRMATIVE DEFENSES *WITH PREJUDICE*

Plaintiff, Byte Federal, Inc. ("Plaintiff"), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby files its Motion to Strike the *Amended* Affirmative Defenses raised by Lux Vending LLC d/b/a Bitcoin Depot ("Defendant" or "Bitcoin Depot"). Based upon the arguments and legal authorities below, Plaintiff respectfully requests that the Court strike the Defendant's *amended* affirmative defenses. Furthermore, because the parties already met and conferred once before regarding the majority of the Defendant's initial affirmative defenses [Dkt. 13] – which resulted in Defendant filing its *amended* affirmative defenses [Dkt. 14] – Defendant should not be given *yet another* opportunity to amend. Plaintiff submits that the governing order should be *with prejudice*.

### CONCISE STATEMENT OF RELIEF REQUESTED

This motion seeks to strike boilerplate affirmative defenses that are conclusory in nature, and otherwise invalid as a matter of law. As detailed below,

all fifteen (15) *amended* affirmative defenses consist of mere denials or bare-bones conclusory statements, and fail to set forth any sufficient ultimate facts in support. As an additional basis, they all fail to satisfy the pleading requirements required by Rule 8(a) of the Federal Rules of Civil Procedure, and do not pass muster under the standard set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544, 554-58 (2007).[1]

To preempt any request by the Defendant that it should be given leave to amend, the parties previously conducted lengthy meet-and-confer exchanges via email and telephonic conference. After Plaintiff alerted the Defendant to the boilerplate and conclusory nature of the affirmative defenses set forth in its original pleading, Defendant agreed on March 3, 2023 to "amend certain ones" in order to avoid Plaintiff's forthcoming motion to strike. However, and as evident in Defendant's subsequent pleading [Dkt. 14], Defendant's *amended* affirmative defenses are nearly identical, and are still plagued with mere denials or bare-bones conclusory statements, fail to set forth any sufficient ultimate facts in support, and are otherwise deficient as a matter of law. Consequently, these *amended* affirmative defenses should be stricken from the record *with prejudice*.

## I.  <u>Legal Standard for a Motion to Strike Under Fed. R. Civ. P. 12(f).</u>

While an affirmative defense "does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the

---

1 To exemplify the boilerplate nature of the pleaded defenses, two of them purport to be defenses to "Plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act," when Plaintiff has not alleged any claim under that statute. [*Compare* Plaintiff's Complaint [Dkt. 1] with Affirmative Defenses 10 and 11 of Defendant's Amended Affirmative Defenses [Dkt. 14]].

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   "Affirmative defenses included in an answer are a pleading which must provide "a short and plain statement of the claim showing the pleader is entitled to relief." *Merrill v. Dyck-O'Neal*, 2015 U.S. Dist. LEXIS 96193, at *3 (M.D. Fla. July 23, 2015).   "A pleader must, however, plead enough facts to state a plausible basis for the claim." *Id.* (*citing to Twombly*, 550 U.S. at 544). Affirmative defenses "are subject to the general pleading requirements of Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 U.S. Dist. LEXIS 61608, at *4-5 (S.D. Fla. Aug. 21, 2007); *see also Microsoft Corp. v. Jesse's Computers & Repair*, 211 F.R.D. 681, 684 (M.D. Fla. 2002) ("While an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations...[and] [i]f the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken.") (internal citations omitted).

"An affirmative defense is established only when a defendant *admits the essential facts* of a complaint and sets up other facts in justification or avoidance." *Will* v. *Richardson-Merrell*, 647 F. Supp. 544, 547 (S.D. Ga. 1986) (emphasis in original); *see also Wright v. Southland*, 187 F.3d 1287, 1303 (11th Cir. 1999) ("An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the

evidence."). "Negative defenses are not affirmative defenses because they highlight 'a defect in the plaintiff's prima facie case' instead of arguing that judgment for the defendant is warranted 'even if the plaintiff can prove his case by a preponderance of the evidence.'" *Burgos v. Entm't 2851*, 2023 U.S. Dist. LEXIS 32573, at *4-5 (M.D. Fla. Feb. 27, 2023) (internal citation omitted).

## II. Pursuant to Fed. R. Civ. P. 12(f), Defendants' *Amended Affirmative Defenses Should Be Stricken With Prejudice*.

### A. Affirmative Defense No. 1:   Failure to State a Claim Due to No Likelihood of Confusion.

As its first *amended* affirmative defense, Defendant contends that Plaintiff has failed to state a claim upon which relief can be granted, or is otherwise "unable to prove likelihood of confusion caused by the alleged infringement." [D.E. 14, p. 7]. This improper "affirmative defense" should be stricken on multiple grounds.

*First*, "failure to state a claim" is not even a recognized affirmative defense. "Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense." *Boldstar Technical v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007). In *Malibu Media*, this Court cited to this same legal principle from the *Boldstar* decision, and consequently struck the defendant's first affirmative defense for failure to state a claim. *See Malibu Media, LLC v. Long*, No. 8:14-cv-1582-T-35-MSS, 2015 U.S. Dist. LEXIS 192396, at *6 (M.D. Fla. Apr. 8, 2015).   For the same

reason here, and applying this Court's ruling from *Malibu Media*, the defendant's first affirmative defense should similarly be stricken.

*Second*, and as numerous courts in the Eleventh Circuit have recognized, a "failure to state a claim" defense should be stricken when it contains "no more than a recitation of the standard for dismissal under Rule 12(b)(6)." *Merrill Lynch v. Performance Mach. Sys. U.S.A.*, 18 Fla. L. Weekly Fed. D 489 (S.D. Fla. 2005) (striking affirmative defense because it was "a bare-bones conclusory allegation that fails to notify Merrill Lynch of the deficiencies in the complaint.").[2]   Here, Defendant's first *amended* affirmative defense fails to set forth any sufficient ultimate facts in support and omits any discussion whatsoever as to how Plaintiff's claims are purportedly deficient.   Applying those legal principles to the instant case, Plaintiff's motion should be granted.

*Third*, Defendant waived this affirmative defense by filing its Answer to Plaintiff's Complaint [Dkt. 13], as opposed to filing a motion to dismiss for failure to state a claim.   *See Korman v. Party Girl Enters.*, 2014 U.S. Dist. LEXIS 188959, at *3 (S.D. Fla. Jan. 21, 2014) ("Moreover, as to Defendant's first affirmative defense — Plaintiff fails to state a claim on which relief may be granted, the Court finds Defendant has *waived* this defense by failing to file a motion to dismiss in

---

2 *See also HW Aviation v. Royal Sons*, 2008 U.S. Dist. LEXIS 70600, at *3 (M.D. Fla. Sep. 17, 2008) (recommending that defendant's affirmative defense for failure "to state a cause of action for which relief can be granted" be stricken); *Merrill v. Dyck-O'Neal*, 2015 U.S. Dist. LEXIS 96193, at *6 (M.D. Fla. July 23, 2015) (striking failure to state a claim defense, finding that this defense was "insufficiently pled as it does not provide the opposing party nor the Court of any factual or legal basis for this assertion.").

response to the Second Amended Complaint.") (emphasis in original).

*Fourth*, and to the extent Defendant asserts in response that this *amended* affirmative defense should not be stricken, and instead should be treated as a denial, such an argument is without merit. In *Pandora Jewelers*, the court struck the defendants' first affirmative defense for "failure to state a claim," finding that "the better practice is to properly label denials and affirmative defenses, and to keep these two defenses separate." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 U.S. Dist. LEXIS 138384, at *6-7 (S.D. Fla. Dec. 21, 2010).

*Fifth*, Defendant's first *amended* affirmative defense must "be stricken because it is at odds with the basic concept, embodied in Rule 8(c), that such a defense is essentially akin to the common law plea in confession and avoidance: [an affirmative defense] must *admit* all of the allegations of a complaint, but then go on to advance a reason why defendant is not liable to plaintiff anyway." *Ill.-Candlewood v. F.C. Laurels*, 1997 U.S. Dist. LEXIS 17746, at *2 (N.D. Ill. Oct. 27, 1997) (emphasis in original) (brackets added); *Westwood v. NSI Clearwater*, No. 8:18-cv-2899-T-35-MSS, 2019 U.S. Dist. LEXIS 195389, at *3 (M.D. Fla. June 26, 2019) ("An affirmative defense is established only when a defendant *admits the essential facts* of a complaint and sets up other facts in justification or avoidance.") (citation omitted).   Here, Defendant is neither admitting any of the allegations in the Complaint, nor is the Defendant going on to advance a reason why Defendant is not liable to the Plaintiff for infringement.

*Sixth*, Defendant is merely denying the infringement allegations in the Complaint, and similarly denying that the Plaintiff will be able to prove the "likelihood of confusion" element of its claims.   *See Luxottica Grp. v. Cash Am. E.,* 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016).    In *Luxottica*, the defendant's first affirmative defense alleged that the "Amended Complaint fails to state a claim upon which relief can be granted," and the court struck this affirmative defense because it constituted nothing more than "a conclusory denial." *Id*.   Therefore, this Court should similarly find that the Defendant's first *amended* affirmative defense is improper and otherwise deficient.[3]

### B. Affirmative Defense Nos. 2, 3, and 5: Waiver, Estoppel, Equitable Estoppel, Laches, and Acquiescence.

Defendant's second, third, and fifth *amended* affirmative defenses should also be stricken. As a threshold issue, "[s]imply pleading legal conclusions like 'waiver' and 'estoppel' is not enough because even under the liberal federal pleading standards, bare bones conclusory allegations with no supporting facts are

---

3 Without any application or analysis, Defendant's first *amended* affirmative defense cites to *Pro Video Instruments v. Thor Fiber*, 2020 U.S. Dist. LEXIS 258571 (M.D. Fla. Apr. 22, 2020). However, that decision was in the context of *summary judgment* based upon the defendant's fair use defense.   *Id*. at *38 ("the Court concludes that Defendant acted in good faith in using H-HDCOAX-XX and H-PCKT-MOD. Accordingly, summary judgment will be granted as to Counts I and II, and Count III to the extent that it relates to Defendant's use of H-HDCOAX-XX and H-PCKT-MOD marks."). Fair use is not at issue here – which Plaintiff discusses in detail further below. Furthermore, in *Pro Video*, the defendant's use of plaintiff's trademark in metatags "did ***not*** direct any appreciable traffic to Defendant's website and resulted in no sales to Defendant. (Doc. 122-5 ¶ 11; Doc. 120-2 ¶ 3 (concluding that '0 people visited www.thormodulators.com since January 1, 2018, as a result of a search inquiry that included the term 'vecoax')."   *Id*. at *42 (emphasis added).   Conversely, Bitcoin Depot has already confirmed that in connection with its unlawful use of Plaintiff's ByteFederal mark, Defendant received appreciable traffic to its website. Accordingly, Defendant's citation to *Pro Video* is irrelevant.

not sufficient." *Do It Best Corp. v. Heinen Hardware*, 2013 U.S. Dist. LEXIS 94567, at *3 (N.D. Ind. July 8, 2013).   Furthermore, even if Defendant had pled facts supporting each of these defenses (which it did not), these affirmative defenses should *still* be stricken because the Defendant failed to plead the necessary elements of law. *See Lynch v. Cont'l Grp.*, 2013 U.S. Dist. LEXIS 5840, at *9 (S.D. Fla. Jan. 15, 2013) (striking the defendant's affirmative defense based on laches, waiver, estoppel, and unclean hands, because even though the defendant had put forward allegations to "support these four separate theories of defense, Defendant has not pled all of the necessary elements for each of these defenses."). Beyond that, and in dissecting each one of these defenses, Plaintiff's Motion should be granted.

      1.   <u>Waiver</u>

    As to waiver, Defendant must allege (and ultimately prove):   "(1) the existence at the time of the waiver of a right, privilege, advantage, or benefits that may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish that right, privilege, advantage or benefit."   *Allstate Prop. & Cas. Ins. Co. v. Hanley*, 2015 U.S. Dist. LEXIS 29868, at *5 (M.D. Fla. Mar. 11, 2015).   Here, Defendant failed to allege the necessary elements of a waiver defense, and has not apprised the Plaintiff of any facts or details upon which this defense rests.   *See Qarbon.com Inc. v. eHelp Corp.,* 315 F. Supp. 2d 1046, 1050 (N.D. Cal. 2004) (striking affirmative defenses of waiver, estoppel and unclean

hands for failure to allege any factual basis).   And even if Defendant responds by claiming that "fair notice" is all that is required vis-à-vis this "waiver" defense, such an argument is baseless pursuant to this Court's decision in *Westwood*, which similarly struck a defendant's eighteenth affirmative defense that merely stated: "Plaintiff has waived its claims." *Westwood v. NSI Clearwater*, No. 8:18-cv-2899-T-35-MSS, 2019 U.S. Dist. LEXIS 195389, at *5 (M.D. Fla. June 26, 2019).   Such a boilerplate affirmative defense is deficient as a matter of law, and should be stricken.   *See Luxottica Grp. S.P.A. v. Cash Am. E.,* 198 F. Supp. 3d 1327, 1330-31 (M.D. Fla. 2016) (striking the defendant's eighth affirmative defense of waiver because it was a "bare bones assertion" and was "mere boilerplate.").

### 2.  Estoppel and Equitable Estoppel

"A party seeking to invoke equitable estoppel must establish that: (1) the party to be estopped misrepresented material facts; (2) the party to be estopped was aware of the true facts; (3) the party to be estopped intended that the misrepresentation be acted on or had reason to believe the party asserting the estoppel would rely on it; (4) the party asserting the estoppel did not know, nor should it have known, the true facts; and (5) the party asserting the estoppel reasonably and detrimentally relied on the misrepresentation." *Caporicci v. Chipotle Mexican Grill, Inc.*, 189 F. Supp. 3d 1314, 1321 (M.D. Fla. 2016) (citation omitted). In *Coquina Invs. v. Rothstein*, 2011 U.S. Dist. LEXIS 121039 (S.D. Fla. Oct. 19, 2011), the defendant failed "to identify...any misrepresentations [plaintiff]

allegedly made. [Defendant] also fail[ed] to identify…[plaintiff's] intent or [defendant's] reasonable and detrimental reliance." *Id.* at *44-45. As a result, the court found that the defendant's "equitable estoppel" defense was deficient, and Plaintiff submits that the same result should occur in the instant case.

As an additional basis to strike this defense, "[e]quitable defenses are 'personal defenses, based upon the trademark owner's conduct [in relation to] the defendant.'" *Pandora Jewelers v. Pandora Jewelry*, 2010 U.S. Dist. LEXIS 138384, at *7-8 (S.D. Fla. Dec. 21, 2010) (internal citation omitted). Accordingly, a "defendant may not rely on a plaintiff's action or inaction directed toward another entity to form the basis of its equitable defenses." *Id.* In the instant case, Defendant failed to allege any sufficient ultimate facts demonstrating *how* Plaintiff purportedly failed to police and enforce its trademark rights, nor has the Defendant tied the Plaintiff's alleged conduct to the Defendant ***directly*** (rather than towards another third-party entity).

Lastly, the Defendant's estoppel defense fails to advance the requisite elements or any facts in support. The opinion from *Home Mgmt* is on point, where the court struck the defendant's estoppel defense because it similarly failed "to satisfy the elements of estoppel and to provide factual support for its defense." *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608, at *10-11 (S.D. Fla. Aug. 21, 2007). Instead of pleading the requisite elements and underlying factual support, the defendant in *Home Mgmt* merely stated that the

plaintiff was estopped, which failed "to provide Plaintiff fair notice of its defense." *Id.*   In the same way here, Bitcoin Depot alleged – in pure boilerplate fashion – that the Plaintiff's "claims are barred by the doctrines of estoppel and equitable estoppel."   Consequently, these *amended* affirmative defenses should be stricken.

### 3. Laches

"There are three elements of a laches defense in a lawsuit for trademark infringement: '(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted.'"   *Spiral Direct, Inc. v. Basic Sports Apparel, Inc.*, 151 F. Supp. 3d 1268, 1276 (M.D. Fla. 2015) (citation omitted).   Not only has the Defendant failed to plead these requisite elements of law, but there are also no factual allegations whatsoever to otherwise support a laches defense. *See Korman v. Party Girl Enters.*, 2014 U.S. Dist. LEXIS 188959, at *1-2 (S.D. Fla. Jan. 21, 2014) (striking the defendant's affirmative defense asserting that plaintiff's "claims are barred by the doctrine of laches," because it "provide[d] no factual basis"). This *amended* affirmative defense should therefore be stricken.

### 4. Acquiescence

"The defense of acquiescence requires proof of three elements: **(1)** the plaintiff actively represented it would not assert a right or claim; **(2)** the delay between the active representation and assertion of the right or claim was not excusable; and **(3)** the delay caused the defendant undue prejudice."   *Angel*

*Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1207 (11th Cir. 2008)**.** "The absence of one element of the acquiescence case is sufficient to deny the equitable relief requested." *Coach House Rest., Inc. v. Coach & Six Rests., Inc.*, 934 F.2d 1551, 1559 (11th Cir. 1991).   As detailed below, this affirmative defense based upon acquiescence should be stricken for the following three reasons.

### a. *Defendant Has Not and Cannot Allege that Plaintiff **Actively** or **Affirmatively** Consented to the Defendant's Infringing Conduct.*

As to the first *prima facie* element, "acquiescence involves the plaintiff's *implicit* or *explicit* assurances to the defendant which induces reliance by the defendant." *Gibson Brands v. Armadillo*, 2020 U.S. Dist. LEXIS 110351, at *14 (E.D. Tex. June 24, 2020) (citation omitted) (emphasis in original).   "The use of the word 'implicit,' however, is misleading. According to McCarthy on Trademarks, it was common for older cases to confuse elements of a laches defense with an acquiescence defense. MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 31:41 (5th ed.). The modern definition of acquiescence reserves the defense only for those situations where, ***by affirmative word or action***, the trademark owner conveys its implied consent to the use of the mark." *Id.* (emphasis added).   In other words, inaction or silence cannot support an affirmative defense of acquiescence. *See Gibson Brands*, 2020 U.S. Dist. LEXIS 110351, at *16 (E.D. Tex. June 24, 2020) (striking defendants' affirmative defense because the "Defendants appear to rely on Gibson's silence to establish the assurance element of their acquiescence defense.").

Indeed recognizing that inaction or silence alone cannot support an acquiescence defense, the "Second and Eleventh Circuits have both required **active representations** from the trademark holder." *Gibson Brands, Inc. v. Armadillo Distribution Enters.*, 2020 U.S. Dist. LEXIS 110351, at *15 n.2 (E.D. Tex. June 24, 2020) (emphasis added).[4] Similarly, the "Fourth, Sixth, and Tenth Circuits have also required more than inaction on the part of the trademark holder." *Gibson Brands*, 2020 U.S. Dist. LEXIS 110351, at *15 n.2 (E.D. Tex. June 24, 2020) (citations omitted).  Put simply, "***[a]cquiescence requires active consent to the infringer's conduct***." *Buccellati Holding Italia Spa v. Laura Buccellati, LLC*, 5 F. Supp. 3d 1368, 1375 (S.D. Fla. 2014) (emphasis added).

Here, Defendant has not and cannot allege that the Plaintiff engaged in any affirmative conduct, or actively consented to the Defendant's infringement. At best, and in its opposition memorandum, Defendant may conjure up some implication that the Plaintiff was silent, or perhaps temporarily took no action in enforcing the Plaintiff's trademark rights. However, and leaving aside for the moment that such an argument would be factually inaccurate, the case precedent "require[s] more than inaction on the part of the trademark holder," and therefore this *amended* affirmative defense should be stricken as a matter of law.  *Gibson Brands*, 2020 U.S. Dist. LEXIS 110351, at *15 n.2 (E.D. Tex. June 24, 2020).

---

4 *See also SunAmerica Corp. v. Sun Life Assurance Co. of Canada*, 77 F.3d 1325, 1334 (11th Cir. 1996) ("The defense [of acquiescence] requires . . . [that] the senior user actively represented that it would not assert a right or a claim."); *Times Mirror Magazines, Inc. v. Field & Stream Licenses Co.*, 294 F.3d 383, 395 (2d Cir. 2002) (same).

b. *Defendant Failed to Allege That It Suffered Undue Prejudice*.

An acquiescence defense also requires a defendant to allege (and ultimately prove) that "the delay caused the defendant undue prejudice." *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1207 (11th Cir. 2008). Even assuming that Defendant could establish the other elements of acquiescence (which it cannot), Defendant failed to allege any undue prejudice. "While the Eleventh Circuit has not defined 'undue prejudice,' other Circuits define 'undue prejudice' as meaning 'that the defendant has taken steps such as making significant investment decisions or building the bulk of its business based on the reasonable assumption that it had permission to use the plaintiff's marks, and that such investment or capital would be lost if the defendant could no longer use the mark.'" *Heron Dev. Corp. v. Vacation Tours, Inc.*, 2017 U.S. Dist. LEXIS 57602, at *28 (S.D. Fla. Apr. 13, 2017) (citation omitted). In its *Amended* Answer, Defendant *does not even allege undue prejudice*, much less any sufficient ultimate facts to support such a proposition, such as "significant investment decisions" or "building the bulk of its business" based on the assumption that the Defendant had permission to use the Plaintiff's trademark (which it did not).   For this reason as well, Defendant's fifth *amended* affirmative defense should be stricken.

c. *Defendant's Fifth Amended Affirmative Defense Should be Stricken Pursuant to Malibu Media*.

Acquiescence "is an equitable doctrine that permits a court to deny relief in a trademark infringement action if the owner of the mark has, through his

affirmative words or conduct, conveyed his consent to the defendant's use of the mark." *Top Tobacco, L.P. v. Good Times USA, LLC*, 2017 U.S. Dist. LEXIS 12153, at *9 (N.D. Ill. Jan. 30, 2017).   However, when a defendant fails to allege any facts whatsoever in support, this defense is routinely stricken.[5]  In *Malibu* Media, the court found that the defendant's "second affirmative defense fail[ed] to adequately plead each of the requirements of acquiescence," and accordingly struck defendant's second affirmative defense.   *Malibu Media, LLC v. Zumbo*, 2014 U.S. Dist. LEXIS 82272, at *7 (M.D. Fla. June 17, 2014).   Similarly here, Defendant merely alleged that the "Plaintiff's claims are barred by the doctrine of acquiescence."   [D.E. 14, p. 8].   This conclusory and deficient affirmative defense should be stricken pursuant to *Malibu Media*.

### C. Affirmative Defense No. 4:   Unclean Hands.

To invoke the unclean hands defense, a party must allege (and ultimately prove): "(1) that the wrongdoing is directly related to the claim against which it is asserted; and (2) even if directly related, one party's wrongdoing does not bar relief unless the opposing party can show that it was personally injured by such conduct." *Pandora Jewelers v. Pandora Jewelry*, 2011 U.S. Dist. LEXIS 59465, at *23 (S.D. Fla. June 2, 2011). "Specifically, in the trademark context, the unclean hands defense 'springs from the rationale that the plaintiff should not in his trademark,

---

5 *See, e.g., PK Studios, Inc. v. R.L.R. Invs., LLC*, 2016 U.S. Dist. LEXIS 116057, at *8 (M.D. Fla. Aug. 30, 2016) (striking acquiescence affirmative defense because defendants "have alleged no facts" supporting their acquiescence theory).

or in his advertisements and business, be himself guilty of misleading representation. To show that a trademark plaintiff's conduct is inequitable, defendant must show that plaintiff used the trademark to deceive consumers.'" *Id.*   Here, the Defendant's unclean hands defense fails to allege how Plaintiff committed any wrongdoing that is directly related to Plaintiff's trademark infringement claim.   In its opposition, Defendant may attempt to retreat to a "fair notice" standard and claim that this affirmative defense gives the Plaintiff "fair notice." However, such an argument would be baseless, as this affirmative defense is insufficiently defined and impermissibly vague to afford Plaintiff fair notice of what precisely Defendant is attempting to claim.[6]

### D. Affirmative Defense No. 6: Harm Caused by Third Parties.

For its sixth *amended* affirmative defense, Defendant asserts that "Plaintiff's claims are barred because any purported harm it may have suffered was caused by acts of third parties over whom the Defendant has no control." [Dkt. 14, p. 8]. This defense should be stricken pursuant to *Luxottica Grp. v. Cash Am. E.,* 198 F. Supp. 3d 1327 (M.D. Fla. 2016), where the defendant's "Fourteenth Affirmative Defense state[d]: 'Any acts or omissions alleged by Plaintiffs were performed by independent third parties who were not under control of Defendant.'"   *Id.* at 1331. The court agreed with the plaintiff "that this defense is too conclusory to provide

---

6 *See United Fixtures v. Base Mfg.*, 2008 U.S. Dist. LEXIS 114766, at *13 (M.D. Fla. Sep. 12, 2008) (striking affirmative defenses because they were "totally devoid of any allegations that would put Plaintiff on notice of the factual basis for legal defenses asserted.").

fair notice. The motion is granted, and the defense is stricken." *Id.*   Applying *Luxottica*, Plaintiff's Motion should be granted.

### E. Affirmative Defense No. 7:   Mitigation of Damages.

Next, the Defendant asserts that Plaintiff failed to mitigate its own damages. [Dkt. 14, p. 8]. This alleged affirmative defense should be stricken because it is nothing more than a bare-bones conclusory allegation that fails to indicate how this theory is in any way connected to the case.[7]

### F. Affirmative Defense No. 8: Failure to State Facts Upon Which Punitive or Statutory Damages May Be Awarded.

Turning to its eighth *amended* affirmative defense, Defendant advances yet another "failure to state a claim" assertion, only this time contends that the Plaintiff's "complaint fails to state facts upon which punitive or statutory damages may be awarded." For the same reasons previously addressed vis-à-vis Defendant's first *amended* affirmative defense for "failure to state a claim," this affirmative defense should also be stricken.[8]   In further support, Plaintiff cites to *Galeano*, where the defendants similarly advanced their ninth affirmative defense, claiming that the "Plaintiff is not entitled to punitive or liquidated damages as Answering

---

7 *See HW Aviation v. Royal Sons*, 2008 U.S. Dist. LEXIS 70600, at *3 (M.D. Fla. Sep. 17, 2008) (recommending that the thirteenth affirmative defense be stricken where defendant alleged that "Plaintiff failed to mitigate its own damages."); *Luxottica v. Cash Am.*, 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016) (granting motion to strike affirmative defense based upon an alleged failure to mitigate damages, as the defendant "failed to plead any facts to support it.").
8 *See Boldstar v. Home Depot*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.").

Defendants did not act or fail to act in a manner sufficient to give rise to punitive or liquidated damages liability." *Galeano v. Elbardi Int'l*, 2021 U.S. Dist. LEXIS 260244, at *5 (S.D. Fla. Feb. 22, 2021).   The court struck that affirmative defense after agreeing with the plaintiff that it was "nothing more than a denial masquerading as an affirmative defense." *Id*. In accordance with *Galeano*, Defendant's eighth *amended* affirmative defense should be stricken.

### G. Affirmative Defense No. 9:   No Irreparable Harm.

For its ninth *amended* affirmative defense, Defendant advances the conclusory statement that Plaintiff cannot show irreparable harm. In a case directly on point, and after the defendant had similarly alleged a boilerplate affirmative defense that the plaintiff had not suffered irreparable injury, the court granted the plaintiff's motion to strike, finding that this affirmative defense was not "pled with the specific elements to establish the defense or at least some direct or influential allegations as to each element of the defense." *Design Basics v. Quality Crafted*, 2016 U.S. Dist. LEXIS 91908, at *5 (N.D. Ind. July 14, 2016). Defendant's ninth *amended* affirmative defense should be stricken.

### H. Affirmative Defense Nos. 10 and 11: Failure to State a Claim Under the Florida Deceptive and Unfair Trade Practices Act.

On page nine of its *Amended* Answer, Defendant oddly raises the following two affirmative defenses:

No. 10:   The Plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") fails because the Plaintiff has not sufficiently alleged, and cannot prove, a "consumer injury."

No. 11:   The Plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") fails because the Plaintiff has not sufficiently alleged, and cannot prove, "actual damages."

[D.E. 14, p. 9].   These affirmative defenses should be stricken because Defendant failed to conduct any due diligence into the causes of action in the underlying Complaint, ***which do <u>not</u> include a cause of action under FDUTPA***.   On a practical and common sense level, these affirmative defenses should be stricken as immaterial and irrelevant.   But to the extent case law is necessary to support Plaintiff's position, Plaintiff cites to *J & J Sports v. Delgado*, 2013 U.S. Dist. LEXIS 91447 (E.D. Cal. June 28, 2013), where the defendant lodged a host of affirmative defenses that were "applicable to contract causes of action, which were not alleged in the complaint."   *Id*. at *8-9. After finding that the "complaint does not allege [that] a contract existed between Plaintiff and Defendant," the court found that the contract-related defenses were "immaterial" because they "pertain[ed] to contract claims. As such, these defenses are STRICKEN." *Id*. In the same way here, the Complaint does ***not*** allege a cause of action under FDUTPA, and therefore *amended* affirmative defenses ten and eleven should be stricken.

During the parties' meet-and-confer efforts, Defendant refused to withdraw these *amended* affirmative defenses under the notion that: **(1)** the Complaint contained causes of action for unfair competition; and **(2)** unfair competition claims "act as an umbrella for all statutory and non-statutory causes of action arising out of business conduct, so any affirmative defense relating to FDUTPA are

relevant and valid." This argument by the defense is without merit.[9] In sum, Plaintiff has **not** brought an action under FDUTPA, and therefore *amended* affirmative defenses ten and eleven should be stricken.

## I.    Affirmative Defense No. 12:    Fair Use.

For its twelfth *amended* affirmative defense, Defendant advanced a one-line assertion that its "alleged infringement is protected under the doctrine of fair use." [Dkt. 14, p. 9].   This conclusory and boilerplate statement is deficient as a matter of law, and should be stricken from Defendant's *Amended* Answer.   This Court should look to the *Island Co.* decision as guidance, where the defendant similarly asserted that the "Plaintiff's claims are barred by the doctrine of fair use."   *Island Co. v. Abercrombie & Fitch*, 2014 U.S. Dist. LEXIS 188794, at \*5 (S.D. Fla. Feb. 18, 2014). The court in *Island Co.* struck that affirmative defense because the plaintiff "should have fair notice of the specific factual allegations underlying each particular defense."   *Id.*   In the same way here, Defendant has failed to give Plaintiff fair notice of any allegations upon which this "fair use" defense could rest.

Given the facts of this case, Defendant is unlikely to oppose Plaintiff's request to strike this affirmative defense. Defendant simply cannot argue, consistent with its Rule 11 obligations, that its infringement was done in "good faith," a key element of a fair use defense,[10]  or that the use of the Plaintiff's Mark

---

9   Here, Plaintiff's causes of action for unfair competition (Counts II and IV) clearly specified that they arose out of Section 15 U.S.C. § 1125(a) of the Lanham Act (Count II), as well as Florida common law due to the Defendant's willful trademark infringement (Count IV).
10   *Pods Enters. v. U-Haul Int'l, Inc.*, 2014 U.S. Dist. LEXIS 96174, at \*7 (M.D. Fla. July 14, 2014)

was intended to refer to Plaintiff (i.e., nominative fair use). Defendant not only willfully infringed Plaintiff's ByteFederal trademark, but also lured customers into visiting *the Defendant's website* after inducing those customers with the key phrase: "ByteFederal – The **Most Trusted** Bitcoin ATMs." *See* [Dkt. 1, p. 8]. Pursuant to Rule 11, Defendant cannot seriously defend on "fair use" grounds, and therefore this twelfth *amended* affirmative defense should be stricken.

## I. Affirmative Defense No. 13: Defendant's Use is as a Descriptor and Not Source Identifier.

Defendant's thirteenth *amended* affirmative defense posits that Defendant used Plaintiff's trademark "as descriptors and not source identifiers." [Dkt. 14, p. 10]. This argument should be stricken because it does not allege any facts, but rather a vague, unintelligible, confusing, and conclusory statement that fails to give the Plaintiff fair notice of the grounds on which it rests. *See 578539 B.C., Ltd. v. Kortz*, 2014 U.S. Dist. LEXIS 193685, at *31 (C.D. Cal. Oct. 16, 2014) (rejecting the defendant's argument that his "defense should not be stricken because he is not using the Maico marks as a source identifier," and striking the defendant's affirmative defense because it failed to provide "factual allegations in support of the defense" or "the elements of the defense").

## J. Affirmative Defense No. 14:   Plaintiff's Claims are Barred by the Doctrine of Misuse.

For its fourteenth *amended* affirmative defense, Defendant states only that

---

(fair use defense requires the defendant to prove that its use is (1) other than as a mark, (2) in a descriptive sense, and (3) in good faith.").

"Plaintiff's claims are barred by the doctrine of misuse." This assertion is conclusory, baseless, vague, and should be stricken. To the extent this boilerplate defense should be construed as referring to "trademark misuse," courts in other circuits have found that defense to be "subsumed in the unclean hands defense." *TSX Toys v. 665, Inc.*, 2015 U.S. Dist. LEXIS 192520, at *26 (C.D. Cal. Sep. 23, 2015).[11]   Given that Defendant's unclean hands defense is deficient as a matter of law (as detailed above), Defendant's "misuse" defense should similarly be stricken.

### K. Affirmative Defense No. 15:   Plaintiff's Mark is Descriptive and Has Not Acquired Secondary Meaning.

Defendant's last affirmative defense claims that "Plaintiff's alleged trademark is descriptive and has not acquired secondary meaning."   [Dkt. 14, p. 10].   Beyond being boilerplate and conclusory, this is not a valid defense because the Plaintiff's mark is not descriptive. Indeed, the Plaintiff's "ByteFederal" trademark was registered by the U.S. Patent & Trademark Office without any requirement to show acquired distinctiveness (also referred to as "secondary meaning"). [*See* U.S. Trademark Registration No. 6,971,368 (**Exhibit A**), demonstrating that registration does not claim acquired distinctiveness as it does not contain a reference to "2(f)" on its face, which would be a reference to 15 U.S.C.

---

11 *See also Gibson Brands, Inc., v. John Hornby*, 2014 U.S. Dist. LEXIS 117623, 2014 WL 4187979, at *5 (C.D. Cal. Aug. 22, 2014); *Supermarket of Homes v. San Fernando*, 786 F.2d 1400, 1408 (9th Cir. 1986); 6 J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition §31:44 (5th ed. 2018) (using "unclean hands" and "trademark misuse" synonymously); *1-800 Contacts, Inc. v. Mem'l Eye*, 2010 U.S. Dist. LEXIS 131790, 2010 WL 5149269, at *4 (D. Utah Dec. 13, 2010) ("[T]rademark misuse is generally viewed as another term for unclean hands.").

1052(f) in the case of descriptive trademarks that the USPTO deems to have acquired distinctiveness.] Accordingly, the Plaintiff's mark is presumed to be distinctive. *See Pinnacle Adver. & Mktg. Grp. v. Pinnacle Adver. & Mktg. Grp., LLC*, 7 F.4th 989, 1005 (11th Cir. 2021) ("When the PTO does not require proof of secondary meaning, the presumption is that the mark is inherently distinctive").

Even if Plaintiff's mark were to somehow be considered descriptive and require a showing of secondary meaning, "[t]his is not a valid affirmative defense because it is a restatement of Plaintiffs' burden." *Cmre Fin. Servs. v. Doxo Inc.*, 2022 U.S. Dist. LEXIS 151423, at *14 (W.D. Wash. June 9, 2022). Plaintiff also submits that this Court should follow the reasoning from the Middle District of Florida's opinion in *EmCyte Corp. v. XLMedica, Inc.*, 2022 U.S. Dist. LEXIS 23426 (M.D. Fla. Feb. 9, 2022). There, the defendant asserted an identical affirmative defense, namely that the plaintiff "has no rights to the exclusive use of the purely descriptive terms 'Pure PRP,' 'Pure BMC,' or 'Pure BMA' because such terms are the proper scientific description of the function of the products created by Plaintiff, Apex, and other producers." *Id.* at *14. The court held that the "Defendants are in essence asserting that no trademark infringement occurred because [plaintiff] EmCyte has no rights to the words 'Pure PRP' and 'Pure BMC.' As previously mentioned, 'point[ing] out a defect in the plaintiff's prima facie case is not an affirmative defense.' Accordingly, the Court will strike the . . . affirmative defense." *Id.*; *see also Flav-O-Rich v. Rawson Food*, 846 F.2d 1343, 1349 (11th

Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). For the above reasons, Defendant's fifteenth *amended* affirmative defense should be stricken.

### III. **This Court Should Strike the Defendant's *Amended* Affirmative Defenses *With Prejudice*.**

Plaintiff respectfully requests that the Defendant's *amended* affirmative defenses be stricken *with prejudice*. As detailed above, Defendant **already had an opportunity to amend** these same affirmative defenses, the majority of which were included in the Defendant's original Answer. [Dkt. 13].   However, and despite the Plaintiff's multiple meet-and-confer exchanges and pointing out the deficiencies in these affirmative defenses, Defendant nevertheless chose to include them in the *Amended* Answer as a second bite at the apple. [Dkt. 14]. Any future amendment would therefore be prejudicial and futile, as the Defendant is not entitled to multiple chances to plead a viable affirmative defense. *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) ("a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment."). [12] The subject *amended* affirmative defenses should therefore be stricken *with prejudice*.

### **GOOD FAITH CERTIFICATION UNDER LOCAL RULE 3.01(g)**

---

12 To the extent Defendant's opposition memorandum requests leave to amend, such a request is improper, irrelevant, and should be rejected under Eleventh Circuit precedent. *See Newton v. Florida*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("'[w]here a request for leave to file an amended [pleading] simply is imbedded within an opposition memorandum, the issue has not been raised properly,'" and holding that party's request made in opposing the motion "is irrelevant.").

Plaintiff's counsel conferred with counsel for the Defendant, but the parties were unable to agree on a resolution of any issues in the subject motion (whether in whole, or in part). These meet and confer exchanges occurred both in writing (via email), as well as a telephonic conference, on the following dates: March 2, March 3, March 8, March 14, and March 16. Ultimately, on March 16, 2023, defense counsel confirmed that Defendant "do[es] not agree to withdraw any of [Defendant's] affirmative defenses," which memorialized the parties' impasse.

Dated:   April 3, 2023

/s/ Jonathan Woodard
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz, Lead Counsel
Florida Bar No. 524,786
oruiz@malloylaw.com
Jonathan Woodard
Florida Bar No. 096,553
jwoodard@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. 3rd Avenue
Miami, FL 33129
T: (305) 858-8000

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on April 3, 2023 via the CM/ECF electronic procedures, and to the counsel appearing on behalf of the Defendant in the above-referenced lawsuit (Collin Mixon, Esq. – CMixon@stantoniplaw.com).

/s/ Jonathan Woodard