# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BYTE FEDERAL, INC.,
                    *Plaintiff*,

*vs*.

LUX VENDING, LLC d/b/a BITCOIN
DEPOT
                    *Defendant*.

Case No.: 8:23-cv-102-MSS-SPF

---

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES WITH PREJUDICE

---

**DEFENDANT**, Lux Vending, LLC d/b/a Bitcoin Depot ("Bitcoin Depot") files this Response in Opposition to the Plaintiff's Motion to Strike Defendant's Amended Affirmative Defenses. In further support, Bitcoin Depot states as follows:

## STANDARD OF REVIEW

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Aidone v. Nationwide Auto Guard, LLC*, 295 F.R.D. 658, 660 (S.D. Fla. 2013), citing, *FDIC v. Bristol Home Mortg. Lending, LLC*, 2009 WL 2488302 at *2 (S.D. Fla. 2009). In its Motion to Strike, the Plaintiff wrongly claims that affirmative defenses are subject to the pleading standards set forth in *Bell*

**STANTON IP LAW FIRM, PA**
201 E. KENNEDY BLVD., STE. 1900, TAMPA, FLORIDA, 33602 | T: 813-421-3883 | W: WWW.STANTONIPLAW.COM

*Atlantic v. Twombly*, 550 U.S. 544, 554-58 (2007). Dkt. 17, at p. 2. This incorrect assertion is clearly defeated by the case law cited in the Plaintiff's own Motion to Strike. *See Malibu Media, LLC v. Long*, 2015 U.S. Dist. LEXIS 192396 (M.D. Fla. April 8, 2015) (holding "'[h]aving concluded that *Twombly/Iqbal* do not apply to the pleading of affirmative defenses, the Court reverts to the Eleventh Circuit test: whether the defendant's pleading of its affirmative defenses provides the plaintiff with fair notice.'") (citing *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 664 (M.D. Ala. 2012) (citing *Pulliam v. Tallapoosa County Jail*, 185 F. 3d 1182, 1185 (11th Cir. 1999)).

An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove. *Equal Employment Opportunity Comm'n v. First Nat'l Bank*, 614 F.2d 1004, 1008 (5th Cir.1980), cert. denied, 450 U.S. 917, 67 L.Ed.2d 342, 101 S. Ct. 1361 (1981). To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is "sufficient" and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962).

Motions to strike are not favored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Cherry v. Crow*, 845 F. Supp. 1520, 1524 (M.D. Fla. 1994). A motion to

strike an affirmative defense under Rule 12(f) seeks a drastic remedy and must not be granted unless as a matter of law, the defense cannot succeed under any circumstances. *United States v. Hardage*, 116 F.R.D. 460, 463 (W .D Ok. 1987); *Resolution Trust Corp. v. Holland & Knight*, 832 F. Supp. 1532 (S.D. Fla. 1993) (noting motions filed under Rule 12(f) are viewed with disfavor and infrequently granted because striking a portion of a pleading is a drastic remedy and such remedies are often sought by the movant simply as a dilatory tactic). Even when the defense presents a purely legal question, courts are very reluctant to determine disputed or substantial issues of law on a motion to strike as such questions are properly determinable only after discover/and a hearing on the merits. *Id.* Moreover, a court should not strike an affirmative defense where there is a bona fide question of fact. *Antoniou v. Thiokol Corp. Group Long Term Disability Plan (Plan No. 503)*, 829 F. Supp. 1323, 1326 (M.D. Fla. 1993).

This Court has also held that such Motions to Strike for bare bones allegations in the early stages of litigation—this case is approximately three months old and Bitcoin Depot is waiting on pending discovery responses from the Plaintiff—should be denied. *Emmaculate Reflections, LLC v. Altman*, 2020 U.S. Dist. LEXIS 254245, (M.D. Fla. April 2, 2020) (denying a motion to strike of an alleged "bare-bones conclusory" defense based on the early stages of the proceeding and finding the opposing party had fair notice); *Dzafic v. Geovera Specialty Ins. Co.*, 2008 U.S. Dist.

LEXIS 60721, at *2 (M.D. Fla. July 31, 2008) (finding that "a bare-bones statement of the intent to rely on the defense is sufficient in cases where, at the time of pleading, the parties have conducted little or no discovery"); *Gibson v. JetBlue Airways Corp.*, 2019 U.S. Dist. LEXIS 117749, at *4 (M.D. Fla. July 16, 2019) (denying motion to strike where an affirmative defense gave "Plaintiff adequate notice of Defendant's assertion in opposition to her request for punitive damages").

Additionally, unless it is certain that Plaintiff will prevail despite any possible state of facts, the motion to strike must fail. *County Vanlines,Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 153. A motion to strike "is not intended to furnish an opportunity for the determination of disputed and substantial questions of law, particularly where there has been no significant discovery." *Id.* Finally, absent a showing of prejudice, the motion to strike must be denied. *Id.* It should also be noted that the Plaintiff's Motion to Strike exceeds the page limits set forth by this Court. *See* Local Rule 3.01(a).

## ARGUMENT

As set forth below, Bitcoin Depot states that the Plaintiff's arguments are misplaced and requests this Court deny the Motion to Strike Bitcoin Depot's Affirmative Defenses with Prejudice.

## AFFIRMATIVE DEFENSE NO. 1

Bitcoin Depot's First Affirmative Defense reads as follows:

**The Plaintiff's Complaint fails to state a claim upon which relief can be granted based on this Court's ruling in *Pro Video Instruments v. Thor Fiber*, 2020 U.S. Dist. LEXIS 258571 (M.D. Fla. April 22, 2020). The Plaintiff is unable to prove likelihood of confusion caused by the alleged infringement. Additionally, Plaintiff has not sustained any harm, irreparable or otherwise, due to Bitcoin Depot's actions.**

"The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigation" *Hassan v. United States Postal Service*, 842 F. 2d 260, 264 (11th Cir. April 11, 1988). Further, "when a party labels a denial as an affirmative defense, the proper remedy is not to strike but to treat it as a denial." *Greenshields v. Fed. Ins. Co.*, 2020 U.S. Dist. LEXIS 253051 (M.D. Fla. Oct. 2, 2020).

In its Motion to Strike, the Plaintiff claims that Bitcoin Depot "fails to set forth any sufficient ultimate facts in support and omits any discussion whatsoever as to how Plaintiff's claims are purportedly deficient." Dkt. 17 at p. 5. This statement is patently false. In fact, the case law provided by Bitcoin Depot in its First Affirmative Defense clearly states that the Eleventh Circuit does not recognize the claims brought by the Plaintiff under the Lanham Act. Specifically, this Court in *Pro Video Instruments* held that use of competitor's names in metatags in Google's advertising system, alone, does not amount to trademark infringement under the Lanham Act. ("While 'other circuits, including the Second, Seventh, and Ninth Circuits have deemed this form of confusion actionable under the Lanham Act,' the

Eleventh Circuit has not." *Pro Video Instruments v. Thor Fiber*, 2020 U.S. Dist. LEXIS 258571 (M.D. Fla. April 22, 2020) (citing *USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, 165 F. Supp 3d 1256, 1266 (S.D. Fla. 2016); *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F. 3d 1338, 1347 (11th Cir. 2012)). The Plaintiff did not allege any other potential source of infringement in its Complaint. Dkt. 1.

Here, Bitcoin Depot's First Affirmative Defense implicitly admits to the Complaint, but avoids liability based on the precedent set by this Court. If the Court instead views Bitcoin Depot's First Affirmative Defense as a general denial, this Court's precedent (and not the Southern District of Florida) states that it is improper to strike such general denials. *Greenshields*, 2020 U.S. Dist. LEXIS 253051 at *3 – 4; *Systematic Home Staging, LLC v. MHM Prof'l Staging, LLC*, 2017 U.S. Dist. LEXIS 172036 (M.D. Fla. 2017); *Dougan v. Armitage Plumbing*, 2011 U.S. Dist. LEXIS 136993 (M.D. Fla. 2011). As such, the Plaintiff's Motion to Strike should be denied as to Affirmative Defense No. 1.

## AFFIRMATIVE DEFENSES NO. 2, NO. 3, AND NO. 5

Bitcoin Depot's Second, Third, and Fifth Affirmative Defenses reads as follows:

> **No. 2 - The Plaintiff's claims are barred by the doctrine of waiver.**
> **No. 3 - The Plaintiff's claims are barred by the doctrines of estoppel and equitable estoppel.**
> **No. 5 - The Plaintiff's claims are barred by the doctrine of laches and acquiescence.**

The Plaintiff, again, misapplies the law and seeks to strike the above affirmative defenses on the basis of the *Twombly* pleading standard by insisting that affirmative defenses failed to plead the necessary elements of law (Dkt. 17 at p. 8), rather than the "fair notice" standard set forth by the Eleventh Circuit and cited in the Plaintiff's own Motion. *Malibu Media* 2015 U.S. Dist. LEXIS 192396 at*5 (holding "'[h]aving concluded that *Twombly/Iqbal* do not apply to the pleading of affirmative defenses, the Court reverts to the Eleventh Circuit test: whether the defendant's pleading of its affirmative defenses provides the plaintiff with fair notice.'").

Given the early stages of this litigation, the above affirmative defenses provide sufficient fair notice to the Plaintiff of Bitcoin Depot's intended defenses at trial. *See Emmaculate Reflections, LLC v. Altman*, 2020 U.S. Dist. LEXIS 254245, (M.D. Fla. April 2, 2020) (denying a motion to strike of an alleged "bare-bones conclusory" defense based on the early stages of the proceeding and finding the opposing party had fair notice); *Dzafic v. Geovera Specialty Ins. Co.*, 2008 U.S. Dist. LEXIS 60721, at *2 (M.D. Fla. July 31, 2008) (finding that "a bare-bones statement of the intent to rely on the defense is sufficient in cases where, at the time of pleading, the parties have conducted little or no discovery"); *Gibson v. JetBlue Airways Corp.*, 2019 U.S. Dist. LEXIS 117749, at *4 (M.D. Fla. July 16, 2019) (denying motion to

strike where an affirmative defense gave "Plaintiff adequate notice of Defendant's assertion in opposition to her request for punitive damages").

The Eleventh Circuit has held that "the general rule is that, when a party fails to raise an affirmative defense in the pleadings, that party waives its right to raise the issue at trial." *Hassan*, 842 F. 2d 260 at 264. The *Hassan* Court further held that "[w]e must avoid hyper technicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule," which is "simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial. . . ." *Id.* Here, no documents or evidence was exchanged pursuant to Rule 26(a)(1)(A)(ii) in this matter and Bitcoin Depot has not been afforded the opportunity to conduct discovery in this matter. Thus, Bitcoin Depot alleged these defenses to avoid waiving relevant defenses. Bitcoin Depot requests this Court deny the Plaintiff's Motion to Strike. Should the Court disagree that the above affirmative defenses provide the Plaintiff with fair notice, and given the court's disfavor in striking affirmative defenses, Bitcoin Depot requests this Court provide an opportunity to conduct discovery and amend the above affirmative defenses to provide sufficient notice to the Plaintiff.

### AFFIRMATIVE DEFENSE NO. 4

Bitcoin Depot's Fourth Affirmative Defense reads as follows:

**The Plaintiff's claims are barred by the doctrine of unclean hands. Upon information and belief, Plaintiff uses the same advertising**

**practices discussed in its Complaint and therefore should be barred from recovery in this case.**

First, the case law cited by the Plaintiff is not applicable because the pending motion before the court in that case was a motion for summary judgment and not a motion to strike which is before this Court (Dkt. 17, at p. 15). Further, the Plaintiff again misapplies the *Twombly* standard by arguing that the elements of the unclean hands defense should be plead, rather than the fair notice standard applied by the Eleventh Circuit. Finally, the Plaintiff cites no authority as to why Affirmative Defense No. 4 is deficient. Instead, in a footnote, the Plaintiff makes the claim that this affirmative defense is "totally devoid" of any allegations that would provide it notice as to Bitcoin Depot's defense. Based on the review of the above affirmative defense, that statement is clearly incorrect.

"The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate" *Hassan*, 842 F. 2d at 264. "An affirmative defense should not be stricken where the defense presents a bona fide question of fact." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416 (M.D. Fla. July 20, 1989). Here, Bitcoin Depot alleges that the Plaintiff cannot recover on its claims because it utilizes the same advertising techniques the Plaintiff claims is a wrongful act. Given that is there is only <u>one</u> wrongful act alleged in its Complaint, the Plaintiff has fair notice of the defense that Bitcoin Depot intends to rely upon. As such, Bitcoin Depot

requests this Court deny the Plaintiff's Motion to Strike as to Affirmative Defense No. 4.

## AFFIRMATIVE DEFENSE NO. 6

Bitcoin Depot's Sixth Affirmative Defense reads as follows:

**The Plaintiff's claims are barred because any purported harm it may have suffered was caused by acts of third parties over whom the Defendant has no control.**

Here, the Plaintiffs have alleged one act of "wrongful" conduct in its Complaint related to a Google advertisement. Such advertisements are populated on a number of factors that are controlled by outside parties, including the search terms used by the individual, the previous searches by the individual, the application of keywords by Google's advertising system, etc. Given that this is the Plaintiff's only specific allegation, and the pre-suit investigation allegedly completed by the Plaintiff, it should have fair notice of the defense that Bitcoin Depot intends to rely on. Further, given the lack of discovery and that this is a question of fact, the Court should deny the Plaintiff's Motion to Strike. However, to the extent this Court disagrees, Bitcoin Depot would request leave to include these additional facts in Affirmative Defense No. 6.

## AFFIRMATIVE DEFENSE NO. 7

Bitcoin Depot's Seventh Affirmative Defense reads as follows:

**The Plaintiff's claims are barred, in whole or in part, because the Plaintiff has failed to mitigate its damages.**

The Plaintiff's argument is defeated by caselaw cited in support of its own Motion. In *Design Basics, LLC v. Quality Crafted Homes, Inc.*, the court held that "[a]t this early stage of litigation, these two defenses (failure to mitigate and cannot show actual damages or statutory damages) are sufficiently plead to put [plaintiff] on notice of the defenses." 2016 U.S. Dist. LEXIS 91908, at *5 (N.D. Ind. July 14, 2016) (citing *Yash Raj Films (USA) Inc. v. Atlantic Video*, 2004 U.S. Dist. LEXIS 9739, at *4 (N.D. Ill. May 28, 2004). This ruling has been echoed by the Middle District of Florida. *Emmaculate Reflections* 2020 U.S. Dist. LEXIS 254245 at *8.

Here, no documents or evidence was exchanged pursuant to Rule 26(a)(1)(A)(ii) in this matter and Bitcoin Depot has not been afforded the opportunity to conduct discovery in this matter. Should the Court disagree that the above affirmative defenses provide the Plaintiff with fair notice, and given the court's disfavor in striking affirmative defenses, Bitcoin Depot requests this Court provide an opportunity to conduct discovery and amend the above affirmative defenses to provide sufficient notice to the Plaintiff.

## **AFFIRMATIVE DEFENSE NO. 8**

Bitcoin Depot's Eighth Affirmative Defense reads as follows:

**While denying any and all liabilities, Defendant affirmatively states that the Plaintiff's complaint fails to state facts upon which punitive or statutory damages may be awarded.**

This argument follows what is set forth in defense of Affirmative Defense No. 1. The case law provided by Bitcoin Depot in its First Affirmative Defense clearly states that the Eleventh Circuit does not recognize the claims brought by the Plaintiff under the Lanham Act. *See Pro Video Instruments*, 2020 U.S. Dist. LEXIS 258571 at *40. The Plaintiff did not allege any other potential source of infringement in its Complaint and thus Bitcoin Depot should not be liable for statutory or punitive damages. (Dkt. 1.) Here, Bitcoin Depot's Eighth Affirmative Defense implicitly admits to the Complaint, but avoids liability based on the precedent set by this Court. If the Court instead views Bitcoin Depot's Eighth Affirmative Defense as a general denial, this Court's precedent (and not the Southern District of Florida) states that it is improper to strike such general denials. *Greenshields*, 2020 U.S. Dist. LEXIS 253051 at *3 – 4; *Emmaculate Reflections* 2020 U.S. Dist. LEXIS 254245 at *8; *Systematic Home Staging, LLC v. MHM Prof'l Staging, LLC*, 2017 U.S. Dist. LEXIS 172036 (M.D. Fla. 2017); *Dougan v. Armitage Plumbing*, 2011 U.S. Dist. LEXIS 136993 (M.D. Fla. 2011). As such, the Plaintiff's Motion to Strike should be denied as to Affirmative Defense No. 8.

## **AFFIRMATIVE DEFENSE NO. 9**

Bitcoin Depot's Ninth Affirmative Defense reads as follows:

**The Plaintiff's claims for declaratory relief fails because the Plaintiff has not suffered irreparable harm.**

While the Plaintiff relies on authority from the Northern District of Indiana, the precedent from this Court is directly on point. In *Emmaculate Reflections*, the magistrate found a similarly worded affirmative defense to be a "specific denial" and recommended to the court that such denials should not be stricken. 2020 U.S. Dist. LEXIS 2542445 at *5 – 6. The court in that case adopted the magistrate's recommendation. Bitcoin Depot requests this Court do the same and deny the Plaintiff's Motion to Strike as to Affirmative Defense No. 9.

## AFFIRMATIVE DEFENSES NO. 10 AND NO. 11

Defendant withdraws Affirmative Defenses No. 10 and 11 without prejudice.

## AFFIRMATIVE DEFENSE NO. 12

Bitcoin Depot's Twelfth Affirmative Defense reads as follows:

**Bitcoin Depot's alleged infringement is protected under the doctrine of fair use.**

In support of its argument, Plaintiff relies on *Island Co., LLC v. Abercrombie & Fitch Co.*, wherein the *Twombly/Iqbal* standard was applied. (holding "affirmative defenses are subject to the same pleading scrutiny imposed by Rule 8(a) and *Twombly/Iqbal*."). The Eleventh Circuit has previously held that it applies the "fair notice" standard, rather than *Twombly/Iqbal*. *See Malibu Media*, 2015 U.S. Dist. LEXIS 192396 at *5. Moreover, a court should not strike an affirmative defense where there is a bona fide question of fact. *Antoniou v. Thiokol Corp. Group Long Term Disability Plan (Plan No. 503)*, 829 F. Supp. 1323, 1326 (M.D. Fla. 1993).

Here, the Plaintiff raises almost identical claims in its Complaint. Specifically, this Court in *Pro Video Instruments* found in favor of the defendant who raised a fair use defense on a summary judgement motion. *Pro Video*, 2020 U.S. Dist. LEXIS 258571 at *30. Thus, the Plaintiff's claim that such defenses are improper is misplaced.

Additionally, no documents or evidence was exchanged pursuant to Rule 26(a)(1)(A)(ii) in this matter and Bitcoin Depot has not been afforded the opportunity to conduct discovery in this matter. *Emmaculate Reflections* 2020 U.S. Dist. LEXIS 254245 at *8. Should the Court disagree that the above affirmative defenses provide the Plaintiff with fair notice, and given the court's disfavor in striking affirmative defenses, Bitcoin Depot requests this Court provide an opportunity to conduct discovery and amend the above affirmative defense to provide sufficient notice to the Plaintiff.

## AFFIRMATIVE DEFENSE NO. 13

Bitcoin Depot's Thirteenth Affirmative Defense reads as follows:

**To the extent any of Bitcoin Depot used a word or phrase which Plaintiff claims conflicts with its purported trademark, they are being used as descriptors and not source identifiers.**

Here, the Plaintiffs have alleged one act of "wrongful" conduct in its Complaint related to metatags in a Google advertisement. As noted, the Eleventh Circuit has deemed the cause of action under the Lanham Act unactionable. *See Pro Video Instruments*, 2020 U.S. Dist. LEXIS 258571 at *40. To the extent Bitcoin

Depot used the Plaintiff's name in a metatag, such use would not be to identify the source of the services offered, but instead to describe the services offered by Bitcoin Depot.

Given that this is the Plaintiff's only specific allegation, and the pre-suit investigation allegedly completed by the Plaintiff, it should have fair notice of the defense that Bitcoin Depot intends to rely on. However, to the extent this Court disagrees, given the early stages of litigation, Bitcoin Depot would request leave to include these additional facts in Affirmative Defense No. 13.

## AFFIRMATIVE DEFENSE NO. 14

Bitcoin Depot's Fourteenth Affirmative Defense reads as follows:

**Plaintiff's claims for relief are barred by the doctrine of misuse.**

The Plaintiff recycles its argument against Affirmative Defense No. 4 in attempting to strike Affirmative Defense No. 14. As previously noted, the case law cited by the Plaintiff for its argument as to Affirmative Defense No. 4 is not applicable because the pending motion before the court in that case was a motion for summary judgment and not a motion to strike which is before this Court (Dkt. 17, at p. 15). Further, the Plaintiff again misapplies the *Twombly* standard, rather than the fair notice standard applied by the Eleventh Circuit. Finally, the Plaintiff cites no authority as to why Affirmative Defense No. 14 is deficient.

"The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigation" *Hassan*, 842 F. 2d at 264. "An affirmative defense should not be stricken where the defense presents a bona fide question of fact." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416 (M.D. Fla. July 20, 1989). As discussed above, the Plaintiff has alleged <u>one</u> specific instance of "wrongful" conduct in its Complaint. Given that the Eleventh Circuit has deemed this claim, on multiple occasions, to be not actionable, it would seem that Plaintiff has filed its Complaint for improper reasons, including the purpose of eliminating lawful competition. *See Sprint Solutions, Inc. v. 4 U Cell, LLC*, 2016 U.S. Dist. LEXIS 84464.

Additionally, given the early stages of this litigation, Affirmative Defense No. 14 should not be stricken. *Emmaculate Reflections* 2020 U.S. Dist. LEXIS 254245 at *8. Here, no documents or evidence was exchanged pursuant to Rule 26(a)(1)(A)(ii) in this matter and Bitcoin Depot has not been afforded the opportunity to conduct discovery in this matter. Should the Court disagree that the above affirmative defenses provide the Plaintiff with fair notice, and given the court's disfavor in striking affirmative defenses, Bitcoin Depot requests this Court provide an opportunity to conduct discovery and amend the above affirmative defense to provide sufficient notice to the Plaintiff.

## AFFIRMATIVE DEFENSE NO. 15

Bitcoin Depot's Fifteenth Affirmative Defense reads as follows:

**Plaintiff's alleged trademark is descriptive and has not acquired secondary meaning.**

The Eleventh Circuit has held that "the general rule is that, when a party fails to raise an affirmative defense in the pleadings, that party waives its right to raise the issue at trial." *Hassan*, 842 F. 2d 260 at 264. Additionally, given the early stages of this litigation, Affirmative Defense No. 15 should not be stricken as discovery is required to determine whether the Plaintiff's mark is descriptive. *Emmaculate Reflections* 2020 U.S. Dist. LEXIS 254245 at *8.

While the Plaintiff cites to authority regarding a "presumption that the mark is inherently distinctive" (Dkt. 17, at p. 23.), the fact is that it is only that—a presumption. In fact, based on information on the Plaintiff's own website, further discovery is required to determine if the Plaintiff's mark is descriptive. The Plaintiff defines a "byte" and includes the following text on its website:

> **For example, we can already represent 256 different values using just eight bits. This is a *byte*. A byte is simply an array of eight bits, a unit of information that can take on 256 different values. A byte is sufficient to encode one English character and even leaves room for some additional, special characters.**
>
> **A byte is, therefore, a unit of information, but it is more than just information. It is *digital* information.**
>
> **Bitcoin is digital money. It is censorship-resistant, self-sovereign, and can be stored entirely safe from physical and chemical attacks.**

> **Bitcoin is accessible, making international transactions in mere minutes, and there is nothing anyone can do about it. You, the bitcoin owner, decide when and where to send it. No banker, no dictator, no judge can prevent you from doing so. Bitcoin, digital currency, is how we take our power back. Bitcoin is how we take our power back from tyrannical governments, the megacorporations that bribe them, and the bankers wielding the ultimate authority over the entire corrupt setup. Every human being now has the ability to opt out of that game by exiting the fiat-money scheme and converting fiat to bitcoin.**
>
> **We strive to make the world-changing technology that is cryptocurrency—digital money—easy to access, easy to use, and easy to understand. We give you, the individual, the tremendous power of *the byte*. Armed with this power, you can take control of your financial future and break free from the chains of the rigged system. One human being at a time, we are transforming this world into a place of true freedom, sustainable industry and commerce, and boundless opportunity for everyone.**

The Tremendous Power of the Byte; Digital Information & Beyond  (April 17, 2023),https://www.bytefederal.com/power-of-the-byte-digital-information-beyond/.

As such, Bitcoin Depot requests this Court deny the Motion to Strike Affirmative Defense No. 15 given the descriptive use of the term "byte" and the early stages of this litigation. *Emmaculate Reflections* 2020 U.S. Dist. LEXIS 254245 at *8.

**WHEREFORE,** the Parties, respectfully request this Court enter an Order denying the Plaintiff's Motion to Strike or, alternatively, providing Bitcoin Depot leave to amend its affirmative defenses to provide fair notice to the Plaintiff.

Dated: April 17, 2023.

*/s/ Collin A. Mixon*
**COLLIN A. MIXON, ESQ.**
Florida Bar No.: 1004740
**STANTON IP LAW FIRM, PA**
201 E. Kennedy Blvd., Suite 1900
Tampa, Florida 33602
T: 813-421-3883
E: cmixon@stantoniplaw.com
S: service@stantoniplaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 17, 2023, a true and correct copy of the foregoing has been furnished electronically with the Clerk of Court using the CMF/ECF system, which will send a notice of electronic filing to all parties and their counsel of record.

*/s/ Collin A. Mixon*
**COLLIN A. MIXON, ESQ.**