UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYTE FEDERAL, INC.,
    Plaintiff,

vs.                                           No. 8:23-cv-102

LUX VENDING LLC d/b/a
BITCOIN DEPOT,
    Defendant.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE [D.E. 19]

Plaintiff, Byte Federal, Inc. ("Plaintiff"), pursuant to Local Rule 3.01, files its Motion for Leave to File a Reply to Defendant's Response in Opposition to Plaintiff's Motion to Strike [D.E. 19] (the "Response"). The proposed reply would be four (4) pages or less, and Plaintiff requests permission to file it within four (4) business days after obtaining leave of the Court. In support, Plaintiff states:

## MEMORANDUM OF LAW

Under Local Rule 3.01(c), replies are particularly appropriate if the responding party introduces new facts and/or new law in its opposition brief. *See Tardif v. People for the Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011) ("The purpose of a reply brief is to rebut any new law or facts contained in the oppositions [sic] response to a request for relief before the Court"); *see also Watson v. Image Technical Services, Inc.*, 2008 WL 5095371, at

*1 (M.D. Fla. Nov. 25, 2008) (noting that the Court granted the plaintiff leave to file a reply).

In its Response, Lux Vending LLC d/b/a Bitcoin Depot ("Defendant" or "Bitcoin Depot") advanced material misstatements of law, such as: **(1)** "the Eleventh Circuit does not recognize the claims brought by the Plaintiff under the Lanham Act;" and **(2)** a "'fair notice' standard set forth by the Eleventh Circuit" applies when adjudicating the sufficiency of Defendant's affirmative defenses.[1] The Response also advanced a material misstatement of fact by claiming that Plaintiff "alleged one act of 'wrongful' conduct in its Complaint related to metatags in a Google advertisement."[2]

In compliance with the Local Rules, Plaintiff will neither present rebuttal arguments and legal authorities in the instant motion for leave, nor will Plaintiff attach its proposed reply.   However, claiming that the Eleventh Circuit has "held" a particular proposition, or that it has "adopted a certain standard" – when in fact it has not – is a serious issue that should be addressed. Plaintiff should be permitted to file a reply, which will assist the Court in correcting these serious misstatements of law in relation to Eleventh Circuit precedent.   Justice also requires that Plaintiff be allowed to reply, as Defendant has effectively invited legal error by asking the Court to adopt the Defendant's arguments predicated upon

---

[1] [D.E. 19, p. 5, 7].
[2] [D.E. 19, p. 14].

erroneous misstatements of law.

WHEREFORE, and because the Defendant's Response advances several misrepresentations of law and fact, which Plaintiff could not have anticipated, Plaintiff respectfully requests that the Court enter an order: (1) granting the instant motion; (2) permitting the Plaintiff to file a reply to the Response; and (3) granting such other and further relief that the Court deems just and proper.

## GOOD FAITH CERTIFICATION UNDER LOCAL RULE 3.01(g)

Plaintiff's counsel conferred with counsel for the Defendant, but the parties were unable to agree on a resolution of the subject motion (whether in whole, or in part). These meet and confer exchanges occurred both in writing (via email), as well as a subsequent telephonic conference on April 21, 2023.  Ultimately, on April 21, 2023, defense counsel confirmed that Defendant is opposed to Plaintiff being given leave to file a reply.

Dated:   April 21, 2023

/s/ Jonathan Woodard
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz, Lead Counsel
Florida Bar No. 524,786
oruiz@malloylaw.com
Jonathan Woodard
Florida Bar No. 096,553
jwoodard@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. 3rd Avenue
Miami, FL 33129
T: (305) 858-8000

*Attorneys for Plaintiff*