UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| BYTE FEDERAL, INC., <br> *Plaintiff*, <br><br> *vs*. <br><br> LUX VENDING, LLC d/b/a BITCOIN DEPOT <br> *Bitcoin Depot*. | Case No.: 8:23-cv-102-MSS-SPF |

**SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

**BITCOIN DEPOT**, Lux Vending, LLC d/b/a Bitcoin Depot ("Bitcoin Depot"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 6(b), hereby files its Second Amended Answer and Affirmative Defenses to the Complaint (DE 1). Bitcoin Depot states as follows:

1. Denied.

2. Without knowledge, therefore denied.

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

5. Without knowledge, therefore denied.

6. Admitted.

7. Denied.

8. Denied.

9. Without knowledge, therefore denied.

10. Bitcoin Depot does not contest subject matter jurisdiction in this matter.

11. Bitcoin Depot does not contest personal jurisdiction in this matter.

12. Denied.

13. Bitcoin Depot does not contest personal jurisdiction in this matter.

## VENUE

14. Bitcoin Depot does not contest venue in this matter, but wholly denies any "acts of infringement" occurred in this matter.

15. Bitcoin Depot does not contest venue in this matter.

16. Bitcoin Depot does not contest venue or personal jurisdiction in this matter.

## PARTIES

17. Without knowledge, therefore denied.

18. Bitcoin Depot admits it is located at the address enumerated in Paragraph 18, however wholly denies any allegations of trademark infringement.

## GENERAL ALLEGATIONS

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. Denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Paragraph 35, including all subparts, are denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT I

45. Bitcoin Depot reincorporates its responses to Paragraphs 1 – 44.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT II

51. Bitcoin Depot reincorporates its responses to Paragraphs 1 – 44.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## COUNT III

57. Bitcoin Depot reincorporates its responses to Paragraphs 1 – 44.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## COUNT IV

65. Bitcoin Depot reincorporates its responses to Paragraphs 1 – 44.

66. Without knowledge, therefore denied.

67. Without knowledge, therefore denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## PRAYER FOR RELIEF

A. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

B. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

C. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph, including all subparts.

D. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

E. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

F. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

G. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

H. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

I. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

J. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

K. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

L. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

M. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

N. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

O. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

P. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

Q. Bitcoin Depot denies that Plaintiff is entitled to relief sought in this Paragraph.

## **AFFIRMATIVE DEFENSES**

Defendant incorporates each and every admission, denial, and averment made in the above and preceding paragraphs as though fully set forth herein. Defendant asserts separately and/or alternatively the following:

### **First Affirmative Defense**

The Plaintiff's Complaint fails to state a claim pursuant to the Lanham Act based on this Court's ruling in *Pro Video Instruments v. Thor Fiber*, 2020 U.S. Dist. LEXIS 258571 (M.D. Fla. April 22, 2020). In *Pro Video*, the plaintiff alleged the defendant attempted to "divert…traffic away from [plaintiff's]" website and products. 2020 U.S. Dist. LEXIS 258571 at *38. Such allegations have been called

"initial consumer confusion." *Pro Video*, 2020 U.S. Dist. LEXIS 258571 at *39. *See also USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, 165 F. Supp. 3d 1256, 1266 (S.D. Fla. 2016) (explaining "initial interest confusion…occurs when a customer is lured to a product by the similarity of the mark."). This Court concurred with previous federal court rulings that initial consumer confusion is not actionable in the Eleventh Circuit. *Pro Video*, 2020 U.S. Dist. LEXIS 258571 at *40 - *41.

Additionally, the Plaintiff has not, and cannot, point to any evidence where consumers were actually or potentially confused as to the bitcoin atm services provided by the Plaintiff or the Defendant. Thus, the Plaintiff is unable to prove likelihood of confusion caused by the alleged infringement. As such, the Plaintiff has not sustained any harm, irreparable or otherwise, due to Bitcoin Depot's actions.

### Second Affirmative Defense

The Plaintiff's claims are barred by the doctrine of waiver.

### Third Affirmative Defense

The Plaintiff's claims are barred by the doctrines of estoppel and equitable estoppel.

### Fourth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of unclean hands. Upon information and belief, Plaintiff uses the same advertising practices discussed in its Complaint and therefore should be barred from recovery in this case.

### Fifth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of laches and acquiescence.

### Sixth Affirmative Defense

The Plaintiff's claims are barred because any purported harm it may have suffered was caused by acts of third parties over whom the Defendant has no control.

### Seventh Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff has failed to mitigate its damages.

### Eighth Affirmative Defense

As explained in Affirmative Defense No. 1, Plaintiff has brought claims related to initial consumer confusion, which this Court has previously ruled as non-actionable. *Pro Video*, 2020 U.S. Dist. LEXIS 258571 at *40 - *41. As such, Plaintiff are unable to state facts or provide evidence that will allow for punitive or statutory damages to be awarded.

### Ninth Affirmative Defense

As explained in Affirmative Defense No. 1, Plaintiff has brought claims related to initial consumer confusion, which this Court has previously ruled as non-actionable. *Pro Video*, 2020 U.S. Dist. LEXIS 258571 at *40 - *41. As such, Plaintiff are unable to state facts or provide evidence that will show irreparable harm.

### Tenth Affirmative Defense

Defendant withdraws Affirmative Defense No. 10.

### Eleventh Affirmative Defense

Defendant withdraws Affirmative Defense No. 11.

### Twelfth Affirmative Defense

Defendant withdraws Affirmative Defense No. 12.

### Thirteenth Affirmative Defense

Defendant withdraws Affirmative Defense No. 13.

### Fourteenth Affirmative Defense

Plaintiff's claims for relief are barred by the doctrine of misuse. As explained in Affirmative Defense No. 1, Plaintiff has brought claims related to initial consumer confusion, which this Court has previously ruled as non-actionable. *Pro Video*, 2020 U.S. Dist. LEXIS 258571 at *40 - *41. As such, it would seem that Plaintiff has filed its Complaint for improper reasons, including the purpose of eliminating lawful competition. *See Sprint Solutions, Inc. v. 4 U Cell, LLC*, 2016 U.S. Dist. LEXIS 84464.

### Fifteenth Affirmative Defense

Defendant withdraws Affirmative Defense No. 15.

Dated: May 15, 2023.

>/s/ Collin A. Mixon
>**COLLIN A. MIXON, ESQ.**
>Florida Bar No.: 1004740
>**STANTON IP LAW FIRM, PA**
>201 E. Kennedy Blvd., Suite 1900
>Tampa, Florida 33602
>T: 813-421-3883
>E: cmixon@stantoniplaw.com
>S: service@stantoniplaw.com
>*Counsel for Bitcoin Depot*

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on May 15, 2023, a true and correct copy of the foregoing has been furnished electronically with the Clerk of Court using the CMF/ECF system, which will send a notice of electronic filing to all parties and their counsel of record.

>/s/ Collin Mixon, Esq
>**COLLIN MIXON, ESQ.**