UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYTE FEDERAL, INC.,
     Plaintiff,

vs.                                   No. 8:23-cv-102

LUX VENDING LLC d/b/a
BITCOIN DEPOT,
     Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE CERTAIN OF DEFENDANT'S
*SECOND AMENDED* AFFIRMATIVE DEFENSES *WITH PREJUDICE***

Plaintiff, Byte Federal, Inc. ("Plaintiff"), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby files its Motion to Strike Certain of the *Second Amended* Affirmative Defenses ("Motion") by Lux Vending LLC d/b/a Bitcoin Depot ("Defendant" or "Bitcoin Depot").   More specifically, and based upon the arguments and legal authorities set forth below, Plaintiff respectfully requests that the Court strike affirmative defense Nos. 1, 8, 9, and 14 *with prejudice*.

**CONCISE STATEMENT OF RELIEF REQUESTED**

On May 1, 2023, this Court granted the Plaintiff's prior motion to strike *in part*, finding that the Defendant's *amended* affirmative defense Nos. 1, 8, 9, 10, 11, 12, 13, 14, and 15 were "not affirmative defenses and require[d] further indication of how they might apply to the facts of this case to put Plaintiff on notice of what is being alleged." [Dkt. 21].   The Court provided leave to amend, and on May 15, 2023, Defendant filed its *Second Amended* Answer and Affirmative Defenses.   [Dkt. 23].   Although

affirmative defense Nos. 10, 11, 12, 13, and 15 were withdrawn, Defendant refused to withdraw the remaining deficient affirmative defense Nos. 1, 8, 9, and 14.

Through the instant Motion, Plaintiff seeks to strike those remaining affirmative defenses, which are all still boilerplate and conclusory in nature, and otherwise invalid as a matter of law. Defendant has been given ***three (3) opportunities*** to plead the subject affirmative defenses, but each time has failed to do so. *See* [Dkt. 13, 14, 23]. Therefore, Plaintiff respectfully requests that the Court strike Nos. 1, 8, 9, and 14 *with prejudice*.

## I.   The Pleading Standard Articulated in *Twombly/Iqbal* Should Apply in Adjudicating Plaintiff's Motion.

For the following three (3) reasons, Plaintiff contends that the standard articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) should apply in adjudicating Plaintiff's Motion.[1]

> First, *Iqbal's* extension of the *Twombly* pleading standard was premised on *Twombly's* holding that the purpose of Rule 8 - in general — was to give parties notice of the basis for the claims being sought. Importantly, the Supreme Court discussed Rule 8 at large and never limited its holding solely to complaints…[and] the purpose of pleading sufficient facts is to give fair notice to the opposing party that there is a plausible and factual basis for the assertion and not to suggest that it might simply apply to the case. This was the foundation for the decisions

---

[1] That standard recognizes that while an affirmative defense "does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleader must "plead enough facts to state a plausible basis for the claim." *Merrill v. Dyck-O'Neal*, 2015 U.S. Dist. LEXIS 96193, at *3 (M.D. Fla. July 23, 2015) (*citing to Twombly*, 550 U.S. at 544).

in *Twombly* and *Iqbal* and it applies equally to complaints and affirmative defenses.

Second, "it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for . . . [his] claim under one pleading standard and then permit the defendant [or counter-defendant] under another pleading standard simply to suggest that some defense may possibly apply in the case."

And third, "when defendants are permitted to make '[b]oilerplate defenses,' they 'clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery.'"

*Pollo Campestre, S.A. DE C.V. v. Campero, Inc.*, 2019 U.S. Dist. LEXIS 186749, at *9 (S.D. Fla. Oct. 29, 2019) (internal citations omitted).

Those considerations are particularly germane to the instant case, as Defendant should not be permitted to advance miscellaneous legal theories under the notion that they might or might not possibly apply in the case; rather, Defendant should be required to plead "sufficient facts" in order "to give fair notice to the [Plaintiff] that there is a plausible and factual basis for the assertion…"   *Id.* at *10.

Beyond that, if Defendant's boilerplate defenses are permitted to proceed, they will inevitably clutter the docket, create unnecessary work, and require significant and unnecessary discovery that will frustrate the purpose of amended Rule 26, which "***limits the scope*** of permissible discovery to 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Saunders v. City of Lakeland*, 2023 U.S. Dist. LEXIS 34204, at *2 (M.D. Fla. Mar. 1, 2023) (emphasis added).   In other words, permissible discovery should be tethered to viable

affirmative defenses grounded upon sufficient facts, as opposed to legal theories that might or might not apply.   Under this standard, and as detailed below, Defendant's *second amended* affirmative defense Nos. 1, 8, 9, and 14 should be stricken.

II.   <u>**Even Assuming That the Pleading Standard Articulated in *Twombly/Iqbal* Does Not Apply, the Subject Affirmative Defenses Should Still Be Stricken.**</u>

Even assuming that the pleading standard articulated in *Twombly/Iqbal* does not apply, the subject affirmative defenses should *still* be stricken since they do not provide the Plaintiff with "fair notice," and because they are otherwise patently frivolous and invalid as a matter of law.

Before addressing this alternate standard, and to preempt a similar argument made in Defendant's forthcoming response, it is incumbent on the Plaintiff to point out and correct the legal error made in Defendant's prior opposition.   Specifically, in opposition to Plaintiff's prior motion to strike, Defendant erroneously claimed that the sufficiency of affirmative defenses are adjudicated by a "'fair notice' standard ***set forth by the Eleventh Circuit***…"   [D.E. 19, p. 7] (emphasis added).   Defendant even doubled down on this serious error by claiming, in no uncertain terms: "The Eleventh Circuit has previously held that it applies the 'fair notice' standard, rather than *Twombly/Iqbal*."   [D.E. 19, p. 13].[2]

This proposition of law is plainly incorrect.   As it relates to whether courts should apply *Twombly* or a relaxed "fair notice" standard, "[n]either the Eleventh

---

[2] In order to correct this severe misstatement of law, Plaintiff immediately sought leave of Court in order to file a reply (the "Motion for Leave").   [Dkt. 20].   However, Plaintiff's Motion for Leave was denied. [Dkt. 21].

Circuit, nor any other Court of Appeals, appears to have addressed the issue." *Malibu Media, LLC v. Long*, 2015 U.S. Dist. LEXIS 192396, at *5 (M.D. Fla. Apr. 8, 2015); *see also Ctr. for Individual Rights v. Chevaldina*, 2017 U.S. Dist. LEXIS 106476, at *6-7 (S.D. Fla. July 11, 2017) ("the Eleventh Circuit has not yet resolved the split in opinion," and in "fact, no United States Court of Appeals has decided the question on whether the plausibility standard enunciated in *Twombly* and *Iqbal* applies to affirmative defenses, and the district courts that have considered it do not agree on an answer.").

Based upon the three (3) principled reasons outlined above on pages 2-3, Plaintiff's arguments weigh heavily in favor of adopting the standard articulated in *Twombly/Iqbal*. But even assuming for the sake of argument that the subject affirmative defenses do "not have to meet the *Twombly/Iqbal* standard, they must be more than boilerplate." *Smith v. City of New Smyrna Beach*, 2011 U.S. Dist. LEXIS 141239 at *1 (M.D. Fla. Dec. 7, 2011). Furthermore, even under a "fair notice" standard, if a "defense is patently frivolous, invalid as a matter of law, or if it appears that the defendant cannot succeed under any set of facts which it could prove, the defense will be deemed insufficient and may be stricken." *Systematic Home Staging, LLC v. MHM Prof'l Staging, LLC*, 2017 U.S. Dist. LEXIS 172036, at *3 (M.D. Fla. Oct. 18, 2017). As detailed below, and regardless of which standard is applied to the instant Motion, affirmative defense Nos. 1, 8, 9, and 14 should be stricken *with prejudice*.

### III. Pursuant to Fed. R. Civ. P. 12(f), Defendants' *Second Amended* Affirmative Defense Nos. 1, 8, 9, and 14 Should Be Stricken *With Prejudice*.

#### A. Affirmative Defense No. 1:   Failure to State a Claim Due to No Likelihood of Confusion.

This marks the ***third*** time that the Plaintiff has advanced a deficient affirmative defense for "failure to state a claim." [Dkt Nos. 13, 14, 23].   At the heart of this affirmative defense is that "the Plaintiff is unable to prove likelihood of confusion caused by the alleged infringement." [D.E. 23, p. 7].   This is the same legally deficient assertion that the Plaintiff alleged last time [Dkt. 14, p. 7], which this Court found was "not [an] affirmative defense [ ]…" [Dkt. 21].   This defense should be stricken on multiple grounds.

1. Defendant's Citation to *Pro Video* is Both Irrelevant and Erroneous, and Does Not Save This Affirmative Defense From Being Stricken.

In its first affirmative defense, Defendant has once again advanced an erroneous proposition of law.   For starters, the subject affirmative defense cites to *Pro Video Instruments v. Thor Fiber*, 2020 U.S. Dist. LEXIS 258571 (M.D. Fla. Apr. 22, 2020), but that case was in the context of *summary judgment* based upon the defendant's ***fair use defense***.[3]   Fair use is not at issue here, and none of the Defendant's *second* affirmative defenses raise fair use. [Dkt. 23].

More importantly though, *Pro Video* solely involved the use of metatags, which

---

[3] *Id*. at *38 ("the Court concludes that Defendant acted in good faith in using H-HDCOAX-XX and H-PCKT-MOD. Accordingly, summary judgment will be granted as to Counts I and II, and Count III to the extent that it relates to Defendant's use of H-HDCOAX-XX and H-PCKT-MOD marks.").

are "***invisible*** text within websites that search engines use for ranking results."[4]   Unlike *Pro Video*, the primary unlawful conduct at issue in this case is not metatags, but rather the Defendant's ***visible*** false advertising and willful infringement of Plaintiff's registered trademark, which redirected consumers to the Defendant's www.bitcoindepot.com webpage [Dkt. 1]:



Accordingly, this defense is either patently frivolous or invalid as a matter of law.

Beyond that, any citation to *Pro Video* is also irrelevant because in that case, the defendant's use of plaintiff's trademark in ***metatags*** "did ***not*** direct any appreciable traffic to Defendant's website and resulted in no sales to Defendant. (Doc. 122-5 ¶ 11; Doc. 120-2 ¶ 3 (concluding that '0 people visited www.thormodulators.com since January 1, 2018, as a result of a search inquiry that included the term 'vecoax')."   *Id.* at *42 (emphasis added).   Conversely in the instant case, Defendant has already

---

[4]   *1-800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400, 411 (2d Cir. 2005)

produced discovery and certified that: **(a)** enormous amounts of consumers clicked on the false advertisement and were re-directed to the Defendant; and **(b)** the unlawful advertising campaign misappropriating the Plaintiff's trademark "ran from April 2019 – October 2019; July 2020 – April 2021; and November 2022 – January 2023."[5]

Adding to the "patently frivolous" nature of this affirmative defense, Defendant asserts that the "Plaintiff has not, and cannot, point to any evidence where consumers were actually or potentially confused as to the bitcoin atm services provided by the Plaintiff or Defendant." [Dkt. 8, p. 23].   Aside from the fact that "evidence of actual confusion is not required to  demonstrate  a  likelihood  of confusion  in  the Eleventh Circuit,"[6] Defendant has answered a sworn interrogatory (*i.e.* Plaintiff's Interrogatory #2) and produced documentation showing that, in point of fact, actual confusion *does* exist in this case:

> 2.   Please describe, in detail, any and all instances in which any person has:
>
>    a.   by word or deed, suggested a belief that, or inquired as to whether Defendant is licensed, sponsored by, or otherwise associated or connected with Plaintiff or Plaintiff's goods and services, or vice-versa;
>    b.   by word or deed, suggested a belief that, or inquired as to whether Defendant or Defendant's goods and services are offered by or under the control of, or in any manner related to Plaintiff or any of Plaintiff's goods and services, or vice-versa; and
>    c.   been in any way confused, mistaken, or deceived as to the origin or sponsorship of any good or service sold, or offered for sale, by Defendant or Plaintiff.
>
> ANSWER: Defendant objects to Interrogatory No. 2 on the grounds of compound question. Defendant provides the following responses:
>
>    a.   None.
>    b.   None.
>    c.   Please see the document titled "#866879 Wallet Recs" dated October 18, 2022.

---

[5] Plaintiff has not attached Defendant's discovery responses to this Motion, but those responses are available at the Court's request.

[6] *Mont. Prof'l Sports, LLC v. Leisure Sports*, 422 F. Supp. 2d 1271, 1281 (M.D. Fla. 2006).

The fact that Defendant has admitted to the existence of actual confusion, which courts have recognized is "difficult to uncover,"[7] only further reveals the patently frivolous nature of this affirmative defense.

Finally, the subject affirmative defense is also erroneous as a matter of law, in that Defendant claims: "This Court concurred with previous federal rulings that initial consumer confusion is not actionable in the Eleventh Circuit. *Pro Video*, 2020 U.S. Dist. LEXIS 258571 at *40-41." [Dkt. 23, p. 8].   That proposition of law is also plainly incorrect.   To be sure, and even if this lawsuit centered around purported "initial interest confusion" due to the use of ***invisible metatags*** – which it does not – a cursory review of the governing case law reveals that the Eleventh Circuit has "***not*** reach[ed] the question [of] whether initial interest confusion is actionable in the Eleventh Circuit." *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1347 (11th Cir. 2012) (emphasis added).   Numerous district courts within the Eleventh Circuit have similarly echoed the current state of the law as it relates to initial interest confusion. *See Hydentra HLP Int. Ltd. v. Luchian*, 2016 U.S. Dist. LEXIS 193457, at *48-49 (S.D. Fla. June 2, 2016) ("the Eleventh Circuit has not yet had the opportunity to determine whether 'initial interest confusion' is actionable."); *Fla. Virtual Sch. v. K12, Inc.*, 2021 U.S. Dist. LEXIS 130307, at *7 (M.D. Fla. Mar. 31, 2021) ("The Eleventh Circuit has not explicitly ruled on whether initial interest confusion can support a trademark infringement claim."); *Platinum Props. Inv'r Network v. Sells*,

---

[7] *Jaguar Cars, Ltd. v. Skandrani*, 771 F. Supp. 1178, 1184 (S.D. Fla. 1991)

2021 U.S. Dist. LEXIS 203146, at *28 (S.D. Fla. Feb. 8, 2021) ("Contrary to Defendants' assertion, the Eleventh Circuit has not explicitly held that initial interest confusion is not actionable; instead the Eleventh Circuit has noted that it has not yet reached the question whether initial interest confusion is actionable in this circuit."). Therefore, Defendant's assertion is legally flawed and erroneous as a matter of law.

For all of these reasons, the subject affirmative defense is legally insufficient, irrelevant, invalid as a matter of law, and subject to being stricken. *Systematic Home Staging, LLC*, 2017 U.S. Dist. LEXIS 172036, at *3 (M.D. Fla. Oct. 18, 2017).

　　　2. "Failure to State a Claim" is Not a Recognized Affirmative Defense.

The subject affirmative defense should also be stricken because "failure to state a claim" is not even a recognized affirmative defense.  "Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense." *Boldstar Technical v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007). In *Malibu Media*, this Court cited to this same legal principle from the *Boldstar* decision, and consequently struck the defendant's first affirmative defense for failure to state a claim. *See Malibu Media, LLC v. Long*, No. 8:14-cv-1582-T-35-MSS, 2015 U.S. Dist. LEXIS 192396, at *6 (M.D. Fla. Apr. 8, 2015).  For the same reason here, and applying this Court's ruling from *Malibu Media*, the defendant's first affirmative defense should similarly be stricken.

3. The Subject Affirmative Defense Simply Regurgitates the Standard for Dismissal Under Rule 12(b)(6), and Therefore Should be Stricken.

As numerous courts in the Eleventh Circuit have recognized, a "failure to state a claim" defense should be stricken when it contains "no more than a recitation of the standard for dismissal under Rule 12(b)(6)." *Merrill Lynch v. Performance Mach. Sys. U.S.A.*, 18 Fla. L. Weekly Fed. D 489 (S.D. Fla. 2005) (striking affirmative defense because it was "a bare-bones conclusory allegation that fails to notify Merrill Lynch of the deficiencies in the complaint.").[8] Here, Defendant's *second amended* affirmative defense No. 1 fails to set forth any applicable, ultimate facts in support and omits any discussion whatsoever as to how Plaintiff's claims are purportedly deficient. Applying those legal principles to the instant case, Plaintiff's Motion should be granted.

4. Defendant Waived This Affirmative Defense by Filing its Answer to the Complaint.

The subject affirmative defense should also be stricken because Defendant waived this affirmative defense by filing its Answer to Plaintiff's Complaint [Dkt. 13], as opposed to filing a motion to dismiss for failure to state a claim. *See Korman v. Party Girl Enters.*, 2014 U.S. Dist. LEXIS 188959, at *3 (S.D. Fla. Jan. 21, 2014) ("Moreover, as to Defendant's first affirmative defense — Plaintiff fails to state a claim

---

[8] *See also HW Aviation v. Royal Sons*, 2008 U.S. Dist. LEXIS 70600, at *3 (M.D. Fla. Sep. 17, 2008) (recommending that defendant's affirmative defense for failure "to state a cause of action for which relief can be granted" be stricken); *Merrill v. Dyck-O'Neal*, 2015 U.S. Dist. LEXIS 96193, at *6 (M.D. Fla. July 23, 2015) (striking failure to state a claim defense, finding that this defense was "insufficiently pled as it does not provide the opposing party nor the Court of any factual or legal basis for this assertion.").

on which relief may be granted, the Court finds Defendant has *waived* this defense by failing to file a motion to dismiss in response to the Second Amended Complaint.") (emphasis in original).

5. <u>This Affirmative Defense Should Be Stricken, as Opposed to Being Treated as a Denial</u>.

To the extent Defendant asserts in response that this *second amended* affirmative defense should not be stricken, and instead should be treated as a denial, such an argument is without merit. In *Pandora Jewelers*, the court struck the defendants' first affirmative defense for "failure to state a claim," finding that "the better practice is to properly label denials and affirmative defenses, and to keep these two defenses separate." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 U.S. Dist. LEXIS 138384, at *6-7 (S.D. Fla. Dec. 21, 2010).

6. <u>This Affirmative Defense Should be Stricken Because Defendant Did Not Set Up Other Facts in Justification or Avoidance</u>.

As another independent basis, this affirmative defense should "be stricken because it is at odds with the basic concept, embodied in Rule 8(c), that such a defense is essentially akin to the common law plea in confession and avoidance: [an affirmative defense] must *admit* all of the allegations of a complaint, but then go on to advance a reason why defendant is not liable to plaintiff anyway." *Ill.-Candlewood v. F.C. Laurels*, 1997 U.S. Dist. LEXIS 17746, at *2 (N.D. Ill. Oct. 27, 1997) (emphasis in original) (brackets added); *Westwood v. NSI Clearwater*, No. 8:18-cv-2899-T-35-MSS, 2019 U.S. Dist. LEXIS 195389, at *3 (M.D. Fla. June 26, 2019) ("An affirmative defense is established only when a defendant *admits the essential facts* of a complaint and

sets up other facts in justification or avoidance.") (citation omitted).   Here, Defendant is neither admitting any of the allegations in the Complaint, nor is the Defendant going on to advance a reason why Defendant is not liable to the Plaintiff for infringement. Therefore, this affirmative defense is improper and should be stricken.

7. Defendant is Merely Denying Plaintiff's Ability to Prove the Likelihood of Confusion Elements.

As a final basis to strike this affirmative defense, Defendant is merely denying the infringement allegations in the Complaint, and similarly denying that the Plaintiff will be able to prove the "likelihood of confusion" element of its claims. *See Luxottica Grp. v. Cash Am. E.,* 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016). In *Luxottica,* the defendant's first affirmative defense alleged that the "Amended Complaint fails to state a claim upon which relief can be granted," and the court struck this affirmative defense because it constituted nothing more than "a conclusory denial." *Id.*   Therefore, this Court should similarly find that the subject affirmative defense is improper and otherwise deficient.

**B. Affirmative Defense No. 8: Failure to State Facts Upon Which Punitive or Statutory Damages May Be Awarded.**

Turning to its *second amended* affirmative defense No. 8, Defendant advances yet another guised "failure to state a claim" assertion, and contends that the Plaintiff's complaint is "unable to state facts or provide evidence that will allow for punitive or statutory damages to be awarded."   [Dkt. 23, p. 9].

This affirmative defense should be stricken because it does not adhere to the Court's prior order [Dkt. 21], which required Defendant to specify how this could

13

"apply to the facts of this case" or "to put Plaintiff on notice of what is being alleged." As shown through the highlighted text below, Defendant has effectively pled the exact same non-compliant defense, which should be stricken as a matter of law:[9]

| Defendant's *Amended* Affirmative Defense No. 8, Which the Court Found was Deficient [Dkt. 21] | Defendant's *Second Amended* Affirmative Defense No. 8 |
|---|---|
| While denying any and all liabilities, Defendant affirmatively states that the Plaintiff's complaint fails to state facts upon which punitive or statutory damages may be awarded. | As explained in Affirmative Defense No. 1, Plaintiff has brought claims related to initial consumer confusion, which this Court has previously ruled as non-actionable. *Pro Video*, 2020 U.S. Dis. LEXIS 258571 at *40-41. As such, Plaintiff are unable to state facts or provide evidence that will allow for punitive or statutory damages to be awarded. |

In further support, Plaintiff cites to *Galeano*, where the defendants advanced a similar defense, claiming that the "Plaintiff is not entitled to punitive or liquidated damages as Answering Defendants did not act or fail to act in a manner sufficient to give rise to punitive or liquidated damages liability." *Galeano v. Elbardi Int'l*, 2021 U.S. Dist. LEXIS 260244, at *5 (S.D. Fla. Feb. 22, 2021). The court struck that affirmative defense after agreeing with the plaintiff that it was "nothing more than a denial masquerading as an affirmative defense." *Id*. In accordance with *Galeano*, Defendant's

---

[9] To the extent Defendant claims that the citation to *Pro Video* somehow cures the deficient nature of this affirmative defense, such an argument is baseless. Plaintiff already fully distinguished *Pro Video* on pages 6-10 above, and set forth a myriad of reasons why *Pro Video* is entirely inapplicable to the instant case.

*second amended* affirmative defense No. 8 should be stricken.

### C. Affirmative Defense No. 9:   No Irreparable Harm.

Defendant's *second amended* affirmative defense No. 9 should be stricken for the same reasoning.   More specifically, Defendant failed to adhere to the Court's prior order [Dkt. 21], which required Defendant to specify how this affirmative defense could possibly "apply to the facts of this case" or "to put Plaintiff on notice of what is being alleged."   As shown through the highlighted text below, Defendant has effectively pled the exact same non-compliant defense, which should be stricken as a matter of law:[10]

| Defendant's *Amended* Affirmative Defense No. 9, Which the Court Found was Deficient [Dkt. 21] | Defendant's *Second Amended* Affirmative Defense No. 9 |
|---|---|
| The Plaintiff's claims for declaratory relief fails because the Plaintiff has not suffered irreparable harm. | As explained in Affirmative Defense No. 1, Plaintiff has brought claims related to initial consumer confusion, which this Court has previously ruled as non-actionable. *Pro Video*, 2020 U.S. Dis. LEXIS 258571 at *40-41. As such, Plaintiff are unable to state facts or provide evidence that will show irreparable harm. |

As an additional basis to strike this conclusory assertion, Plaintiff relies on *Design Basics*, where the defendant similarly alleged a boilerplate affirmative defense

---

[10] Once again, should Defendant claim that the citation to *Pro Video* somehow cures the deficient nature of this affirmative defense, such an argument is without merit. Plaintiff fully distinguished *Pro Video* on pages 6-10 above, and set forth a myriad of reasons why *Pro Video* is entirely in applicable to the instant case.

that the plaintiff had not suffered irreparable injury.  *Design Basics v. Quality Crafted*, 2016 U.S. Dist. LEXIS 91908, at *5 (N.D. Ind. July 14, 2016).   The court granted the plaintiff's motion to strike, finding that this affirmative defense was not "pled with the specific elements to establish the defense or at least some direct or influential allegations as to each element of the defense."   *Id*.   Defendant's *second amended* affirmative defense No. 9 should be stricken for the same rationale.

Lastly, in *Peter Coppola*, the defendant's fifteenth affirmative defense claimed that the plaintiff was "not entitled to injunctive relief because it has an adequate remedy at law and therefore cannot suffer irreparable harm."   *Peter Coppola Beauty, Ltd. Liab. Co. v. Casaro Labs, Ltd.*, 2016 U.S. Dist. LEXIS 205705, at *12 (S.D. Fla. Mar. 7, 2016).   The court struck this affirmative defense since it constituted "merely denials of an essential element of the claim for injunctive relief," and because it "is well established that '[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.'"   *Id*. (citation omitted).   In applying *Peter Coppola* to the instant case, Defendant's assertion that Plaintiff is "unable to state facts or provide evidence that will show irreparable harm" is not an affirmative defense, and consequently should be stricken.

### D. Affirmative Defense No. 14:   Plaintiff's Claims are Barred by the Doctrine of Misuse.

Defendant's *second amended* affirmative defense No. 14 should be stricken for three (3) reasons.   *First*, and similar to affirmative defenses Nos. 8 and 9 above, Defendant failed to adhere to the Court's prior order [Dkt. 21], which required

Defendant to specify how this affirmative defense could possibly "apply to the facts of this case" or "to put Plaintiff on notice of what is being alleged."   As shown through the highlighted text below, Defendant has effectively pled the exact same non-compliant defense, which should be stricken as a matter of law:

| Defendant's *Amended* Affirmative Defense No. 14, Which the Court Found was Deficient [Dkt. 21] | Defendant's *Second Amended* Affirmative Defense No. 14 |
|---|---|
| The Plaintiff's claims for relief are barred by the doctrine of misuse. | Plaintiff's claims for relief are barred by the doctrine of misuse. As explained in Affirmative Defense No. 1, Plaintiff has brought claims related to initial consumer confusion, which this Court has previously ruled as non-actionable. *Pro Video*, 2020 U.S. Dis. LEXIS 258571 at *40-41. As such, it would seem that Plaintiff has filed its Complaint for improper reasons, including the purpose of eliminating lawful competition.   *See Sprint Solutions, Inc. v. 4 U Cell, LLC,* 2016 U.S. Dist. LEXIS 84464. |

As noted throughout this memorandum, Defendant's decision to recycle the same citation and reliance on *Pro Video* does not in any way cure the deficient nature of this affirmative defense.   As discussed at length above on pages 6-10, *Pro Video* is entirely inapplicable to the instant case in a myriad of ways, without any legal or factual similarities.[11]

---

[11] Defendant's citation to *Sprint Sols., Inc. v. 4 U Cell, LLC*, 2016 U.S. Dist. LEXIS 84464 (M.D. Fla. June 29, 2016) is also inapposite, and actually supports the Plaintiff's position.   In that case, the court found that the defendants' trademark misuse defense – which alleged that the "Plaintiffs [were] filing frivolous trademark infringement

*Second*, affirmative defense No. 14 fails to establish a nexus between the elements of trademark misuse and the allegations in the Complaint.   In a case directly on point from this judicial district, the court recognized that a trademark misuse defense must "'specifically allege how Plaintiff[] [has] allegedly misused the[] trademark," and therefore struck the defendants' misuse defense because defendants "fail[ed] to provide any 'facts establishing a nexus between the elements of [trademark misuse] and the allegations in the complaint.'" *EmCyte Corp. v. XLMedica, Inc.*, 2022 U.S. Dist. LEXIS 23426, at *17 (M.D. Fla. Feb. 9, 2022) (citation omitted). The *EmCyte* decision applies forcefully here, as Defendant failed to establish any nexus between the alleged "misuse" and the allegations in the Complaint.

*Third*, the subject affirmative defense is directed at Plaintiff's conduct in "fil[ing] its Complaint for improper reasons, including the purpose of eliminating lawful competition." [Dkt. 23, p. 10]. But this same flawed assertion was squarely addressed in *J.G.G. Tobacco Holding*, where the defendants' "trademark misuse defense [was] directed at Plaintiff's conduct in filing and prosecuting this action."   *J.G.G. Tobacco Holding Co. v. Antigua Esteli Tobacco*, 2020 U.S. Dist. LEXIS 155129, at *8-9 (S.D. Fla. May 20, 2020). The court held that such conduct "is generally protected by the *Noerr-*

---

claims – was "sufficiently pled to put Plaintiffs on notice of the defense *because the defense specifically alleges how Plaintiffs have allegedly misused their trademark*."   *Sprint Sols., Inc. v. 4 U Cell, LLC*, 2016 U.S. Dist. LEXIS 84464, at *7 (M.D. Fla. June 29, 2016) (emphasis added).   Here, however, and particularly where the Defendant has admitted under oath that it used the Plaintiff's trademark for months on end without permission, and that such use caused actual confusion, Defendant does not and cannot allege that the Plaintiff has filed a "frivolous lawsuit."   If anything, the subject affirmative defense No. 14 is frivolous on its face, and should be stricken.

*Pennington* doctrine, which 'immunize[s] the commencement of administrative and judicial proceedings from antitrust liability.'" *Id.* (citation omitted). Accordingly, the court in *J.G.G. Tobacco* struck the defendant's misuse defense, and Plaintiff respectfully requests that this Court strike affirmative defense No. 14 for the same reason.[12]

## IV.  **The Court Should Strike the Subject Affirmative Defenses *With Prejudice*.**

In its prior motion to strike, Plaintiff requested that the subject affirmative defenses be stricken *with prejudice*, as Defendant ***already had an opportunity to amend*** these same affirmative defenses before. [Dkt. 17, p. 24].   Plaintiff contended that "any future amendment would therefore be prejudicial and futile, as the Defendant is not entitled to multiple chances to plead a viable affirmative defense." *Id.*; *see also Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) ("a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment.").[13]

---

[12] Plaintiff does not suspect that the Defendant will seriously argue in response that this case fits within the "sham" exception to the *Noerr-Pennington* doctrine. *See Dell, Inc. v. 3K Computs., LLC*, 2008 U.S. Dist. LEXIS 108398, at *5 (S.D. Fla. Oct. 6, 2008) ("To fit within the 'sham' exception, the lawsuit must be 'objectively baseless in the sense that no reasonable litigant could reasonably expect success on the merits' and must have been brought 'with a subjective motivation to interfere directly with the business relationships of a competitor.'") (internal citation omitted).   Here, it is undisputed that the Defendant used the Plaintiff's registered trademark without consent, and Defendant admitted under oath that such unlawful use campaigns "ran from April 2019 – October 2019; July 2020 – April 2021; and November 2022 – January 2023."   Defendant has also admitted that actual confusion has occurred, as discussed above.   Therefore, the Court should summarily disregard any attempts by the Defendant to argue some sort of "exception" to the *Noerr-Pennington* doctrine.

[13] To the extent Defendant's opposition memorandum requests leave to amend, such a request is improper, irrelevant, and should be rejected under Eleventh Circuit precedent. *See Newton v. Florida*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("'[w]here a

This memorandum of law conclusively demonstrates that the Defendant's future amendment – *i.e.* the *second amended* affirmative defenses which are at issue – were indeed prejudicial and futile, and have caused unnecessary expense.   Defendant has been afforded **three (3) opportunities** to plead the subject affirmative defenses, but each time has failed to do so. *See* [Dkt. 13, 14, 23].   Therefore, the subject *second amended* affirmative defense Nos. 1, 8, 9, and 14 should be stricken *with prejudice*.

## **GOOD FAITH CERTIFICATION UNDER LOCAL RULE 3.01(g)**

Plaintiff's counsel conferred with counsel for the Defendant, but the parties were unable to agree on a resolution of any issues in the subject motion (whether in whole, or in part).   As a backdrop, Plaintiff already met and conferred with Defendant on these same affirmative defenses before, both in writing (via email), as well as telephonic conferences. Defense counsel confirmed that Defendant would not withdraw these affirmative defenses, which memorialized the parties' impasse. [Dkt. 17, p. 24]. Although Defendant filed its *Second Amended* Affirmative Defenses, the subject affirmative defense Nos. 1, 8, 9, and 14 are effectively the same as the ones previously asserted in Defendant's prior pleading. Notwithstanding, and for completeness and compliance with the governing Local Rule, Plaintiff met-and-conferred with Defendant in writing (via email), and requested that Defendant withdraw the subject affirmative defenses, but again the parties reached an impasse,

---

request for leave to file an amended [pleading] simply is imbedded within an opposition memorandum, the issue has not been raised properly,'" and holding that party's request made in opposing the motion "is irrelevant.").

as the subject affirmative defenses were not withdrawn.

Dated:   May 30, 2023

/s/ Jonathan Woodard
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz, Lead Counsel
Florida Bar No. 524,786
oruiz@malloylaw.com
Jonathan Woodard
Florida Bar No. 096,553
jwoodard@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. 3rd Avenue
Miami, FL 33129
T: (305) 858-8000

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on May 30, 2023 via the CM/ECF

electronic procedures, and to the counsel appearing on behalf of the Defendant in the

above-referenced lawsuit (Collin Mixon, Esq. – CMixon@stantoniplaw.com).

/s/ Jonathan Woodard