# UNITED STATES DISTRICT COURT
## IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
### FORT TAMPA DIVISION

BYTE FEDERAL, INC, a
corporation

               Plaintiff,

*vs.*

LUX VENDING LLC, a limited
liability company b/b/a Bitcoin
Depot

               Defendant,

Civil Action No.: 23-cv-102

---

## NON-PARTY MOTION TO QUASH PLAINTIFF'S SUBPOENA FOR REQUEST FOR PRODUCTION

---

*COMES NOW*, Non-Party, THE CARDAMONE CONSULTING GROUP, LLC, by

and through undersigned counsel and pursuant to Fed. R. Civ. P. 45, and

hereby files this MOTION TO QUASH PLAINTIFF'S SUBPOENA FOR REQUEST FOR

PRODUCTION, and in support thereof states as follows:

### BACKGROUND

The action was brought by Byte Federal (Plaintiff) against Lux

Vending LLC d/b/a Bitcoin Depot (Defendant) for trademark infringement.

As part of their prosecution, Plaintiff served a Subpoena to obtain documents and any sort of communication between Non-Party and Defendants. See attached Exhibit No. 1

The subpoena contains a list of 18 requests for production from Non-Party including, but not limited to, documents and electronically stored information regarding a myriad of subjects. These include contracts, agreements, a wide range of financial records, business transactions, privileged communications, trade secrets, and electronic communications between Non-Party and Bitcoin Depot.

The undersigned was retained by counsel to address the content of the subpoena on June 5, 2023.

Upon review of the subject matter and the review of Plaintiff's subpoena, Non-Party determined that any disclosure to Plaintiff in response to the subpoena requests will constitute a breach by Non-Party of its obligations pursuant to its Non-Disclosure Agreement with the Defendant. *See* NDA attached as Exhibit No. 2. In addition to potential breach of its confidentiality and non-disclosure obligations, the request is extremely burdensome to meet with the dateline set by the plaintiff. See email from Jonathan Woodard dated June 6, 2023 attached as Exhibit No. 3. Thus, it is

the non-party's position that such subpoena warrants a mandatory quash by this court under Federal Rule 45.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas, as well as the instances when a subpoena must be quashed, or may be quashed. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). "The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3)." See *U.S. EEOC v. O'Reilly Auto. Stores, Inc. 2020 U.S. Dist. Lexis 266559* (M.D. Fla., Sep, 17, 2020).

"In addition, the court for the district where compliance is required may also quash or modify a subpoena that requires: (1) disclosure of a trade

secret or other confidential research, development, or commercial information; or (2) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party". Id.

When the subpoena requires a third party to disclose information deemed confidential by the person served, Rule 45 provides grounds for quashing the motion. In *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.* the Middle district of Florida, applying federal rule 45, held that quashing a subpoena was the appropriate remedy when the plaintiff sought disclosure of private information between a third party and the plaintiff. See *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.,* 2014 U.S. Dist. Lexis 120376 (M.D. Fla., Aug 28, 2014).

Cardamone Consulting has a Mutual Non-Disclosure Agreement with the Defendant. Disclosure of the information requested by the instant subpoena will inevitably constitute a material breach of the Agreement with the Defendant. In addition, the plaintiff is requesting information regarding trade secrets and very specific marketing information Non-Party is not currently authorized to disclose.

Finally, after conducting an analysis of how much time it would take Non-Party to disclose all the required information, assuming plaintiff would be entitled to gain access to such information, the time allotted by plaintiff to produce all required information creates an undue burden upon Non-Party.

The undersigned was advised by Plaintiff's counsel of the existence of a Confidentiality Agreement and/or Stipulated Protective Order signed by the parties in this litigation. However, Non-Party is not bound by such agreement and has not been otherwise released from its confidentiality and non-disclosure obligations arising under its Agreement with the Defendant. Thus, Non-Party is not protected from exposure for a claim of material breach in the event it discloses the requested documents, notwithstanding the Protective Order or Confidentiality Agreement by and between Plaintiff and Defendant.

*Wherefore*, Non-Party, The Cardamone Consulting Group, LLC, respectfully requests this Court enter an Order QUASHING all subpoenas issued by counsel for Byte Federal directed and served upon The Cardamone Consulting Group, LLC, and such further relief as this Court deems necessary and just.

DATED: June 13, 2023

Respectfully submitted,

/s/ Robert W. Batsel, Jr.
**ROBERT W. BATSEL, JR., ESQ.**
Florida Bar No.: 71459
**GOODING & BATSEL**, PLLC
1531 Southeast 36th Avenue
Ocala, Florida 34471
T: (352) 579-1290
D: (352) 579-6845
F: (352) 579-1289
E: rbatsel@lawyersocala.com

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that true and correct copies of the document(s)

identified below were served in the following manner to:

| DOCUMENT SERVED | NON-PARTY MOTION TO QUASH PLAINTIFF'S SUBPOENAS FOR REQUEST FOR PRODUCTION |
|---|---|
| DATE SERVED | JUNE 12, 2023 |

| PERSON/ENTITY SERVED | DESIGNATION | SERVICE METHOD |
|---|---|---|
| Jonathan Woodard, Esq<br>Florida Bar No.: 096553<br>John Cyril Malloy, III<br>Florida Bar No.: 964220<br>Oliver Alan Ruiz<br>Florida Bar No. 524786<br>MALLOY & MALLOY, P.L.<br>2800 S.W. Third Avenue<br>Miami, Florida 33129<br>T: 305-858-8000<br>E: jwoodard@malloylaw.com | *Counsel for Plaintiff* | CMF/ECF |

| | | |
|---|---|---|
| jcmalloy@malloylaw.com<br>oruiz@malloylaw.com | | |
| Thomas Statnton, Esq<br>Florida Bar No. 127444<br>STANTON IP LAW FIRM, P.A.<br>201 E. Kennedy Blvd. Suite 1900<br>Tampa, FL 33602<br>T: 813-421-3883<br>E: tstanton@stantoniplaw.com | *Counsel for<br>Defendant* | CMF/ECF |

*/s/ Robert W. Batsel, Jr.*
**ROBERT W. BATSEL, JR., ESQ.**
Florida Bar No.: 71459
**GOODING & BATSEL**, PLLC
1531 Southeast 36th Avenue
Ocala, Florida 34471
T: (352) 579-1290
D: (352) 579-6845
F: (352) 579-1289
E: rbatsel@lawyersocala.com