# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

MWJ

C.P.S. #89-6-3
Date 5-26-23 Time 11:50 A
Served Sergio Velez

| BYTE FEDERAL, INC. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. CASE NO. 8:23-cv-102-MSS-SP |
| LUX VENDING LLC d/b/a BITCOIN DEPOT, | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  The Cardamone Consulting Group, LLC
     11197 71st Court, Ocala, Florida 34476

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Definitions and Instructions and Requests for Production attached hereto..

PLEASE CONTACT JWOODARD@MALLOYLAW.COM TO ARRANGE PRODUCTION ELECTRONICALLY

| Place: Accurate Reporting & Video Service, Inc.<br>814 E. Silver Springs Blvd., Suite A<br>Ocala, Florida 34470 | Date and Time:<br><br>06/08/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/25/2023

          *CLERK OF COURT*
                                              OR
                                                            /s/ Jonathan Woodard
     *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
BYTE FEDERAL, INC.                                            , who issues or requests this subpoena, are:

Jonathan Woodard, Malloy & Malloy, P.L., 2800 S.W. Third Avenue, Miami, FL 33129, jwoodard@malloylaw.com

Tel. (305) 858-8000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CASE NO. 8:23-cv-102-MSS-SP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DECLARATION OF RECORDS CUSTODIAN CERTIFYING RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

I, _____ [*Name*] pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by _____ [name of Company] as _____ [*Title/Department*], and as a custodian of records for the company I am authorized and qualified to make this declaration. I am familiar with the company's recordkeeping practices and systems and have access to its business records.

2. I certify that the documents submitted herewith are either original records, or true and accurate copies of such original records that were:

    a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;

    b) kept in the course of the company's regularly conducted business activity; and

    c) made or otherwise generated by the regularly conducted business activity as a regular practice.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on January \_\_\_, 2023.

_____
*(Signature)*

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the term "person" as well as pronouns referring thereto, shall include juristic persons as well as natural persons, including but not limited to individuals, associations, companies, divisions, corporations, partnerships, and all business entities.

2. As used herein, the terms "Cardamone," "You," and "Your" shall mean and refer to The Cardamone Consulting Group, LLC, as well as its predecessor(s), successor(s), and related and affiliated companies, and each of the foregoing's directors, officers, employees, trustees, consultants, representatives, parent companies, subsidiary companies, related companies, fictious name entities, agents and attorneys, and each person acting on its behalf or under its control. Furthermore, it shall also specifically include **Nicholas Cardamone, Daniel Cardamone, and Patrick McCloskey.**

3. As used herein, the terms "Bitcoin Depot" shall mean and refer to Lux Vending, LLC d/b/a Bitcoin Depot, as well as its predecessor(s), successor(s), and each of its trademark licensees/licensors, and each of the foregoing's directors, officers, employees, trustees, consultants, representatives, parent companies, subsidiary companies, related companies, fictious name entities, agents and attorneys, and each person acting on its behalf or under its control.

4. As used herein, the term "document" includes any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means regardless of technology or form, including but not limited to all metadata and native files, as well as any written, printed, typed, recorded, or other graphic matter of any kind or nature, and all mechanical and electrical sound recordings and any transcripts thereof, all copies of any document by any means, and computer files in

1

the possession, custody, and/or control of CARDAMONE, its officers, directors, servants, agents, and counsel, or known by CARDAMONE to exist. It shall also be defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

> **In producing documents pursuant to these requests, You shall furnish all documents in Your possession or in the possession of your directors, officers, employees, agents, representatives, independent contractors, lawyers, accountants, bankers, financial advisors or other parties acting through You or on Your behalf. This also includes any documents that You transfer to any other entity or documents held on Your behalf by a third party, such as a parent corporation or a third-party vendor, including an electronic service provider or provider of electronic data storage services such as Internet service providers ("ISPs") or so-called "cloud" service providers of services related to data entry, storage, the Internet, or other services, including, but not limited to, cloud computing and storage. In responding to this Subpoena, the requests below require the production of all electronically stored information ("ESI"), with all metadata and accompanying native files. You are also specifically obligated to search for any and all email addresses used by CARDAMONE.**

5. As used herein, the term "Byte Federal" shall mean and refer to Byte Federal, Inc., or its predecessor(s), successor(s), and each of their trademark licensees/licensors, and each of the foregoing's directors, officers, employees, trustees, consultants, representatives, agents and attorneys, and each person acting on its behalf or under its control.

6. As used herein, the term "third party" includes all persons not within the scope of "Bitcoin Depot" or "Byte Federal" as defined above, including but not limited to marketing/advertising agencies, marketing/advertising affiliates, vendors, suppliers, distributors, merchants, retailers, customers, ultimate end-users/purchasers, and any other companies or persons.

7. The term "Byte Federal's Mark" shall mean and refer to the "BYTEFEDERAL" trademark (including any variations thereof, such as "BYTE

FEDERAL"), as set forth in Byte Federal's trademark application U.S. Serial No. 97/024,080, along with all common law rights in the BYTEFEDERAL Mark.

8. The term "mark," "marks," "trademark," or "trademarks" shall mean and include trademark(s), service mark(s), logo(s), slogan(s), trade name(s), company name(s), business name(s), entity identifier(s), domain name(s) or any mark(s), drawing(s) or writing representative(s) of an indicia of origin for any product or service or business.

9. The words "pertain(s) to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

10. "Date" or "Dates" shall mean the exact date(s), including day(s), month(s) and year(s), if ascertainable or, if not, the best approximation of the date(s) (based upon relationship with other events). Accordingly, and unless otherwise stated, the relevant time period for these requests is from January 1, 2018 through the present.

11. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

12. The terms "all" and "each" shall be construed as all and each to bring within the scope of the Request all responses that might otherwise be construed to be outside of the scope.

13. Where a "person" is required to be identified is a juristic entity, please state (to the extent known) the entity's full name, present or last known address, and the state and date of incorporation or formation; and where a "person" required to be identified is an individual,

state the person's full name, present or last known address, present or last known title and place of employment.

14. Where a fact, an event, omission, or action or activity of any kind is required to be identified, identify the individuals and persons involved, the pertinent dates and locations involved, and a description of the subject matter and event, omission, act, etc. sufficient to form an understanding of what is being identified, and how and why it is responsive to the Request in question.

15. The term "Lawsuit" shall mean and refer to the instant lawsuit between Byte Federal, Inc. v. Lux Vending LLC d/b/a Bitcoin Depot, Case No. 23-cv-00102 pending in the U.S. District Court for the Middle District of Florida.

16. Where a document is required to be identified, state, to the extent known:

   a. The type of document;

   b. The general subject matter of the document;

   c. The name, address, title of employer of each person sending and receiving a document;

   d. The date and location the document was created, and, if applicable, published or otherwise made available to the public.

## REQUESTS FOR PRODUCTION

1. All documents and electronically stored information evidencing the services You provided to Bitcoin Depot, including but not limited to SEO services, keyword research, keyword usage, and all other services.

2. All contracts and agreements between You on the one hand, and Bitcoin Depot on the other hand.

3. All documents and electronically stored information pertaining to invoices, statements, payments, wire transfers, credit card receipts/transactions, and other financial records exchanged between You on the one hand, and Bitcoin Depot on the other hand.

4. All documents and electronically stored information exchanged between You on the one hand, and Bitcoin Depot on the other hand, pertaining to Byte Federal or the Lawsuit. Without limiting the foregoing, this request specifically includes text messages and emails, including those sent to, and received from Brandon Mintz and Branden Tawil (branden.tawil@bitcoindepot.com.)

5. All documents and electronically stored information exchanged between You on the one hand, and Bitcoin Depot on the other hand, pertaining to online advertising, social media advertising, or keyword advertising (including without limitation, Google sponsored ads or Google AdWords). Without limiting the foregoing, this request specifically includes text messages and emails, including those sent to, and received from Brandon Mintz and branden.tawil@bitcoindepot.com.

6. All documents and electronically stored information exchanged between You on the one hand, and the "Stanton IP Law Firm" on the other hand. This includes text messages and emails, including but not limited to those sent to, and received from, cmixon@stantoniplaw.com.

7. Any and all documents, electronically stored information, and things pertaining to each investigation, or other inquiry pertaining to the display, advertising, marketing, and/or use of the BYTEFEDERAL Mark.

8. Any and all documents and electronically stored information in Your possession,

5

custody, or control pertaining to Byte Federal and/or the BYTEFEDERAL Mark.

9. Any and all documents, electronically stored information, and things that recite, relate to, memorialize, or otherwise set forth oral statements made by <u>any third party</u> pertaining to the Lawsuit or any of the allegations in the Lawsuit.

10. Any and all documents, electronically stored information, and things that recite, relate to, memorialize, or otherwise set forth oral statements made by <u>Bitcoin Depot</u> pertaining to the instant Lawsuit or any of the allegations in the Lawsuit.

11. In connection with your engagement and provision of services to Bitcoin Depot, please produce all documents and electronically stored information pertaining to the geographic area of the consumers (or audience of consumers) in which You targeted on behalf of Bitcoin Depot.

12. Please produce all documents between You on the one hand, and Google on the other hand, pertaining to Byte Federal and/or the ByteFederal Mark.

13. All documents and electronically stored information pertaining to any and all advertisements featuring or otherwise displaying any iteration of the ByteFederal Mark (such as the one shown below), including but not limited to:

    (a) <u>when</u> the advertisements first became "live;"

    (b) <u>who</u> gave instructions, authorized, or approved the advertisements;

    (c) <u>who</u> selected and/or approved of those advertisements; and

    (d) the persons involved in the advertisements (*i.e.,* selecting which keywords were used, the text to be used in the advertisement, posting the advertisement, paying for the advertisement to run, etc.).



14. In connection with Your engagement and services for Bitcoin Depot or otherwise, please produce all documents and electronically stored information (including but not limited to spreadsheets, graphs, reports, statistical findings, etc.) pertaining to the number of "hits" or "clicks" on advertisements featuring or otherwise displaying any iteration of the ByteFederal Mark (such as the one shown immediately above).

15. In connection with Your engagement and services for Bitcoin Depot or otherwise, please produce all documents and electronically stored information (including but not limited to spreadsheets, graphs, reports, statistical findings, etc.) pertaining to value generated from each number of "hits" or "clicks" on advertisements featuring or otherwise displaying any iteration of the ByteFederal Mark (such as the one shown on the page immediately above).

16. In connection with Your engagement and services for Bitcoin Depot or otherwise, and with respect to any advertisements featuring any iteration of the ByteFederal Mark (such as the

7

one shown on the page immediately above), please produce all documents and electronically stored information:

    (a) sufficient to show the periods of time when those advertisements ran, or otherwise appeared; and

    (b) reflecting increases in traffic to Bitcoin Depot's website (www.bitcoindepot.com);

    (c) reflecting increases in the number of Bitcoin Depot's customers/clients; and

    (d) reflecting Bitcoin Depot's search engine rankings, site traffic, and conversions.

17. Please produce all documents and communications evidencing any instruction, direction, order, or demand by Bitcoin Depot to remove any advertisements featuring any iteration of the ByteFederal Mark (such as the one shown on the page immediately above).

18. All internal policies, memoranda, handbooks, and other documents pertaining to Your marketing/advertising campaigns, procedures, and compliance guidelines.

# Malloy & Malloy, P.L.

Patent, Trademark & Copyright Law

"Since 1959"
Registered Patent Attorneys
Trial and Appellate Counsel
Internet: www.malloylaw.com

**Miami Office**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone: (305) 858-8000

**Boca Raton Office**
6751 N. Federal Hwy., Ste.300
Boca Raton, Florida 33487
Telephone: (561) 243-1000

**Jacksonville Office**
10752 Deerwood Pk. Blvd, Ste. 100
Jacksonville, Florida 32256
Telephone: (904) 240-6000

May 25, 2023

VIA PROCESS SERVER

The Cardamone Consulting Group, LLC
11197 71st Court
Ocala, Florida 34476

Re: Byte Federal, Inc. v. Lux Vending LLC d/b/a Bitcoin Depot
Case No. 23-cv-00102
United States District Court for the Middle District of Florida

Dear The Cardamone Consulting Group, LLC:

The undersigned represents the Plaintiff, Byte Federal, Inc. ("Plaintiff") in the above-referenced matter. We believe that your company possesses documents, electronically stored information, and things that are relevant to the case at hand.

## I. **Electronic Production Options Available.**

To avoid the need to make an appearance to produce these items, and in an effort to facilitate your compliance with the accompanying Subpoena to Produce Documents, please note that we would be glad to accept electronic versions of the requested documents. We can accept production of these items by email or by uploading to a file-sharing site (we can provide a link). Please contact me at jwoodard@malloylaw.com to arrange for the production of the documents via electronic means.

If for some reason you are unable to produce the documents electronically, please contact us immediately so that we can make arrangements to coordinate receipt of the physical documents at or near your place of business.

## II. **Records Custodian Declaration Provided.**

We have also enclosed a declaration for a records custodian to review for accuracy and to sign, which should be produced together with the requested documents.

## III. **Deadline to Comply.**

Please note the subpoena commands that the documents be produced by a certain deadline; therefore, please do not hesitate to contact the undersigned with any questions that you may have regarding compliance with the subpoena.

May 25, 2023
Page 2

Very truly yours,

Jonathan Woodard, Esq.
For the Firm
jwoodard@malloylaw.com

Reply to: Miami Office

OAR/JRW/mc
Enclosures



## Check appears upside down intentionally
## How to use this check

Need help? Visit eChecks.com or call 1-877-333-6964

Cut along this line

### Step 1
### Print the check

- ✓ Any printer works
- ✓ Black or color ink
- ✓ Basic white paper

### Step 2
### Validate it printed correctly

- ✓ **Correct if bank numbers are:**
  Centered in white space
  Parallel to edge of the page
  Clearly printed in dark black ink
- ✗ **Reprint if bank numbers are:**
  Cut off, skewed, or off-center
  Smudged or wrinkled
  Too light to read

### Step 3
### Deposit like normal

1. **Cut on the dotted line above**
2. **Endorse the back**
3. **Deposit like normal:**
   In-person at a bank or credit union
   Using an ATM
   Via smartphone mobile deposit
   With an office check scanner

### Does your financial institution have questions about this check?
- This check was printed from an authorized check record. It is not a Check 21 Image Replacement Document.
- To confirm this check was issued by the account holder and details (pay to, amount, routing/account number) remain unmodified, the item's authenticity can be verified using the Deluxe Inc. Check Verification service at https://echecks.com/verify.

### Questions? Visit **eChecks.com** or call 1-877-333-6964

### For your records
**Issued date:** 2023-05-25
**Check number:** VV537
**From:** Civil Process LLC
**Amount:** $45.00
**Payable to:** The Cardamone Consulting ...
**Delivery email:** manager@civilprocessplus.com
**Memo:** Witness Fee Job # 1207
**Documents:** Yes - see Remittance below

Are you a business? To save time, money, and resources, make payments using Deluxe Payment Exchange. Call 1-877-333-6964 to get started today!

deluxe. PAYMENT EXCHANGE

**Civil Process LLC** 7350 NW 77 Street Medley, FL 33166      Date Created: 05/25/2023    Check Number: #VV537

| DATE | REFERENCE | PAYMENT |
|---|---|---|
| 05/25/2023 | Job # 1207 | 45.00 |