# Composite Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYTE FEDERAL, INC.,
    Plaintiff,

vs.

No. 8:23-cv-102

LUX VENDING LLC d/b/a
BITCOIN DEPOT,
    Defendant.

_____/

## DECLARATION OF JONATHAN WOODARD

I, Jonathan Woodard, hereby declare as follows:

1.    I am over eighteen (18) years of age and make this declaration based upon my personal knowledge. I am a senior associate with the law firm of Malloy & Malloy, P.L. and counsel for Byte Federal, Inc. ("Plaintiff") in the above-referenced matter. I am a member in good standing with the Florida Bar and the District of Columbia Bar, and am admitted to practice before the United States Supreme Court, the D.C. Court of Appeals, the Eleventh Circuit Court of Appeals, the Middle District of Florida, the Southern District of Florida, as well as all Florida state courts.

2.    This declaration is made in opposition to the Non-Party Motion to Quash Plaintiff's Subpoena for Request for Production [D.E. 31] filed by The Cardamone Consulting Group, LLC ("Cardamone").

3.    The record reflects a true and correct copy of the Subpoena to Produce Documents (the "Subpoena") that was served on The Cardamone Consulting Group,

LLC. *See* [D.E. 31-1]. Under the Subpoena, the compliance deadline to respond and produce responsive documents was June 8, 2023.

4.     Attached hereto as **Exhibit 1** is the affidavit of service, showing that The Cardamone Consulting Group, LLC was served with the Subpoena on May 26, 2023.

5.     On Tuesday, June 6, 2023, the undersigned received a telephone call from Robert Batsel, Esq., who stated that he represented Cardamone, and in light of the June 8, 2023 deadline, he needed additional time to gather and produce the responsive documents to the Subpoena.

6.     In response, and in light of the upcoming court-ordered mediation between the parties scheduled for June 20, 2023, the undersigned advised that the Plaintiff wanted to be cooperative and to provide an extension of time, but on the condition that Cardamone was reciprocally cooperative and would agree to produce the responsive documents by Friday, June 16, 2023. That way, the Plaintiff would have time to review and analyze the responsive documents prior to the court-ordered mediation on the following Tuesday (*i.e.* June 20).

7.     Mr. Batsel stipulated to this agreement, *i.e.* that Plaintiff would extend the June 8 compliance deadline to respond and produce documents (such that the extended deadline would be June 16, 2023), and that Cardamone would produce the responsive documents on June 16, 2023 (the "Stipulation"). In accordance with that Stipulation, Mr. Batsel then stated that he would get to work on gathering and producing the responsive documents.

8.     To facilitate that production, the undersigned replied that a Sharefile link would be provided, such that Mr. Batsel could easily "drag and drop" the responsive documents into a secure link.  The undersigned also advised that to the extent Mr. Batsel believed that any responsive documents should be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," a Stipulated Protective Order had been executed in the case, and therefore Mr. Batsel would be entitled to make good-faith designations on documents (as applicable).

9.     As an additional good faith measure, the undersigned even stated to Mr. Batsel that he could focus on specific document requests in the Subpoena in terms of getting those produced by the stipulated and extended June 16, 2023 deadline.  Stated differently, of the eighteen (18) document requests in the Subpoena, the undersigned offered to "stage" the production, such that at a minimum, specific and targeted document requests would be produced during a "first batch production" either before or on the June 16, 2023 extended deadline; subsequently, the remaining document requests could be produced later pursuant to a "second batch production."  In this way, Plaintiff could at least receive key documents in advance of the court-ordered June 20, 2023 mediation.

10.     During our telephone conference, I do not recall Mr. Batsel ever stating that he would serve (or intended to serve) any objections to the Subpoena; if he had, I would have attempted to resolve any such purported objections right then on the call.

At no point in time during our call did Mr. Batsel ever state that he (on behalf of his client, Cardamone) would file a motion to quash the Subpoena.

11.    At no point in time did Mr. Batsel even suggest or imply that he (on behalf of his client, Cardamone) would file a motion to quash the Subpoena.

12.    Following our telephone call, on June 6, 2023 at 4:03 p.m., the undersigned sent the following email to Mr. Batsel:

---

**From:** Jonathan Woodard <JWoodard@malloylaw.com>
**Sent:** Tuesday, June 6, 2023 4:03 PM
**To:** Robert Batsel <RBatsel@lawyersocala.com>
**Cc:** Oliver Ruiz <oruiz@malloylaw.com>; Maritza Cabello <MCabello@malloylaw.com>; Filing <Filing@malloylaw.com>; Cleo Suero <CSuero@malloylaw.com>
**Subject:** ByteFederal v. Bitcoin Depot (subpoena to Cardamome Marketing) - MM Ref 9582.80158

Good Afternoon Robert:
Thank you for your call today, and this will confirm Plaintiff's agreement to extend the time, **through and including noon on June 16**, to respond and produce documents to Plaintiff's subpoena.  For ease of reference, the responsive documents can be produced using the following secure Sharefile link below:

[redacted]

Lastly, to the extent you believe that any responsive documents are either CONFIDENTIAL or ATTORNEYS' EYES ONLY, there is a protective order in the case (*attached*), and your client is entitled to make good-faith designations in accordance with that protective order.  (Note:  the protective order has been executed by both Plaintiff and Defendant pursuant to the U.S. Magistrate's instructions, which provides that "parties may reach an agreement governing the use and disclosure of discovery materials designated as confidential. The court will generally enforce stipulated and signed confidentiality agreements without the need to endorse, adopt, or enter such an agreement.")  *See* https://www.flmd.uscourts.gov/judges/sean-flynn.

We look forward to receiving the documents on June 16, as agreed to.

13.    Attached as **Exhibit 2** is a true and correct copy of the Stipulated Protective Order ("SPO"), which is referenced in the foregoing email, and which was sent to Mr. Batsel on June 6, 2023 at 4:03 p.m.

14.    If Mr. Batsel had ever stated that he would be filing a motion to quash the Subpoena, there would have been no reason for the undersigned to go to the trouble of creating and sending a secure Sharefile link for Mr. Batsel to easily "drag and drop" the responsive documents into.

15.    The following day, on June 7, 2023 at 8:46 a.m., Mr. Batsel confirmed the Stipulation, and wrote the following email:

---

**From:** Robert Batsel <RBatsel@lawyersocala.com>
**Sent:** Wednesday, June 7, 2023 8:46 AM
**To:** Jonathan Woodard <JWoodard@malloylaw.com>
**Cc:** Oliver Ruiz <oruiz@malloylaw.com>; Maritza Cabello <MCabello@malloylaw.com>; Filing <Filing@malloylaw.com>; Cleo Suero <CSuero@malloylaw.com>
**Subject:** RE: ByteFederal v. Bitcoin Depot (subpoena to Cardamome Marketing) - MM Ref 9582.80158

Jonathan,

Good morning. Thank you for your time yesterday and follow-up email. We will get to work compiling responsive documents and making any necessary designations pursuant to the Protective Order.

Best regards,

Rob

*Robert W. Batsel, Jr.*
Gooding & Batsel, PLLC
1531 Southeast 36th Avenue
Ocala, Florida 34471

---

16.    As the above message makes clear, and pursuant to the Stipulation, Cardamone agreed to "get to work compiling responsive documents and making any necessary designations pursuant to the Protective Order."  In accordance with the Stipulation, those documents were required to be produced on June 16, 2023 (based on the undersigned's reciprocal stipulation to extend the compliance date of the Subpoena).

17.    On Monday, June 12, 2023, Cardamone filed a motion to quash the Subpoena.  That same day, and after receiving notice of the motion to quash, the undersigned contacted Mr. Batsel in writing at 6:01 p.m. in a good faith attempt to resolve the matter:

Robert:

We are in receipt of the purported motion to quash that you filed this afternoon.  Among other procedural and substantive deficiencies, it is a complete departure from Cardamome Marketing's express written agreement, and your stipulation as an officer of the court, that responsive documents would be produced this Friday.  Assuming the motion to quash is not immediately withdrawn by noon tomorrow, we will be bringing these matters to the urgent attention of the Court, and will be seeking all available and appropriate relief, including but not limited to the imposition of sanctions and attorneys' fees.

**Jonathan Woodard**
*Senior Associate*

**Malloy & Malloy, P.L.**
Patent, Trademark & Copyright Law

Miami: (305) 858-8000
Miami - Boca - Jacksonville
www.malloylaw.com
Download vCard

18.    On June 13, 2023, a final exchange occurred between the undersigned and Mr. Batsel (below in sequential order):

---

**From:** Robert Batsel <RBatsel@lawyersocala.com>
**Sent:** Tuesday, June 13, 2023 7:14 AM
**To:** Jonathan Woodard <JWoodard@malloylaw.com>
**Cc:** Oliver Ruiz <oruiz@malloylaw.com>; Maritza Cabello <MCabello@malloylaw.com>; Filing <Filing@malloylaw.com>; Cleo Suero <CSuero@malloylaw.com>
**Subject:** RE: ByteFederal v. Bitcoin Depot (subpoena to Cardamome Marketing) - MM Ref 9582.80158

Jonathan,

This is not a complete departure, but consistent with our prior discussion. I contacted you immediately after being retained to advise that my client was gathering the responsive documents, but that in light of the volume and our NDA I requested a reasonable period of time to respond to your subpoena. I appreciate the short extension and that you believe a pending mediation is relevant to the reasonableness of the timeframe, but we simply cannot comply in the time provided. I had no choice but to file this motion. I am not trying to be difficult. Please call me to discuss when convenient. Thank you.

Rob

*Robert W. Batsel, Jr.*
Gooding & Batsel, PLLC
1531 Southeast 36th Avenue
Ocala, Florida 34471
T: (352) 579-1290
D: (352) 579-6845
F: (352) 579-1289
Email: rbatsel@lawyersocala.com

---

**[Reply Email on June 13, 2023 at 11:05 a.m.]**

Robert:

Given the very serious and troubling misrepresentations that you made over the phone, which run 180 degrees contrary to the filing that you made yesterday, any further communications will be in writing. So that there is no confusion and no assertions by you to the contrary, at no point in time during our call on June 6 did you ever state (or even hint) that you would be filing a motion to quash. At no point in time during our call on June 6 did you claim that you would <u>not</u> produce responsive documents. These facts are undisputed and obvious, as I sent you our firm's Sharefile link immediately following our call, so that you could begin uploading the documents this week. I would not have gone to the trouble of sending you that link, but for our express agreement. To be sure, you responded in writing on June 7, stipulating that your client would "get to work compiling responsive documents." Beyond that, it is also undisputed that you requested, and I provided, specific document requests for your client to focus on, so that those documents could be provided during a 1st batch production, and that the other remaining documents could be provided during a 2nd batch production. I provided you specific requests numbers during our call, and you know that. At no point in time did you claim that you could not, or would not, produce those documents by the agreed-upon extension of June 16. At a very minimum, those 1st batch of documents could have, and should have, been produced this week. The facts are that your client was served with the subpoena on March 26, as the attached affidavit makes clear; and in light of Plaintiff's agreement to extend the time through this Friday, you cannot seriously suggest that 3 weeks (i.e. from May 26 – June 16) is somehow insufficient to produce documents, especially when you represented that your "client" consisted of only 2-3 individuals.

It is apparent by your email below that you will not be withdrawing your motion to quash by noon today. We will proceed accordingly, and seek all appropriate relief and attorneys' fees from the Court.

**Jonathan Woodard**
*Senior Associate*

**Malloy & Malloy, P.L.**
Patent, Trademark & Copyright Law

Miami: (305) 858-8000
Miami - Boca - Jacksonville

19.     To date, in spite of the Stipulation, and contrary to Mr. Batsel's written suggestion above that documents might be forthcoming (but that Cardamone "simply cannot comply in the time provided"), the undersigned has *still* not received any responsive documents from Cardamone.

20.     As of the date of this declaration, Cardamone's motion to quash the Subpoena remains pending. [D.E. 31].   Mr. Batsel never conducted a "meet and confer" prior to filing Cardamone's motion to quash.

I declare under penalty of perjury that the foregoing is true and correct to the best of my belief and knowledge.

Jonathan R. Woodard

Dated:  June 26, 2023
        Miami, Florida

# Exhibit 1

**RETURN OF SERVICE**

UNITED STATES DISTRICT COURT
Middle District of Florida

Case Number: 8:23-CV-102-MSS-SP

Plaintiff:
BYTE FEDERAL, INC.

vs.

Defendant:
LUX VENDING LLC d/b/a BITCOIN DEPOT

For:
Jonathan R. Woodard, Esq.
MALLOY & MALLOY, P.L.
2800 S.W. Third Avenue
Miami, FL 33129

Received by Civil Process, LLC on the 25th day of May, 2023 at 3:01 pm to be served on **The Cardamone Consulting Group, LLC, 11197 71st Court, Ocala, FL 34476.**

I, Michael W. Jones, do hereby affirm that on the **26th day of May, 2023 at 11:50 am**, I:

served a **LIMITED LIABILITY COMPANY** by delivering a true copy of the **COVER LETTER, SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION and WITNESS FEE CHECK FOR $45 DOLLARS** with the date and hour of service endorsed thereon by me, to: **SERGIO VELEZ  AUTHORIZED TO ACCEPT SERVICE** for The Cardamone Consulting Group, LLC at the address of:**11197 SW 71st Court, Ocala, FL 34476** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 65, Sex: M, Race/Skin Color: HISPANIC, Height: 6'1", Weight: 160, Hair: SALT & PEPPER, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the forgoing Verified Return of service and the facts stated in it are True. Pursuant to F.S. 92.525(2), Notary not required. Date: _5/27/23_ .

Michael W. Jones
C.P.S. ID# 89-6-3

Civil Process, LLC
7350 NW 77TH ST.
MEDLEY, FL 33166
(305) 375-9111

Our Job Serial Number: CPP-2023001207
Ref: MM Ref 9582.80158

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8 2e

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

*MWJ*
C.P.S. #89-6-3
Date *5·26·23* Time *11:50A*
Served *3. "CC"Velez*
*Sergio*

BYTE FEDERAL, INC.

*Plaintiff*

v.

LUX VENDING LLC d/b/a BITCOIN DEPOT,

*Defendant*

Sex *M* R *Hi*
ht *Y1* wt *160*
hair *Brl* glasses *yes*

Civil Action No. *65* CASE NO. 8:23-cv-102-MSS-SP

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
The Cardamone Consulting Group, LLC
11197 71st Court, Ocala, Florida 34476
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Definitions and Instructions and Requests for Production attached hereto..

### PLEASE CONTACT JWOODARD@MALLOYLAW.COM TO ARRANGE PRODUCTION ELECTRONICALLY

| Place: Accurate Reporting & Video Service, Inc.<br>814 E. Silver Springs Blvd., Suite A<br>Ocala, Flroida 34470 | Date and Time:<br><br>06/08/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/25/2023

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Jonathan Woodard
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
BYTE FEDERAL, INC. _____, who issues or requests this subpoena, are:

Jonathan Woodard, Malloy & Malloy, P.L., 2800 S.W. Third Avenue, Miami, FL 33129, jwoodard@malloylaw.com

Tel. (305) 858-8000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

*5/25/23*

*2266*
*1207*

# Exhibit 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYTE FEDERAL, INC.,

      Plaintiff,

      vs.

No. 8:23-cv-102

LUX VENDING LLC d/b/a
BITCOIN DEPOT,

      Defendant.

_____/

## STIPULATED PROTECTIVE ORDER

This matter came before the Court on the Motion for Entry of Stipulated Protective Order filed by Plaintiff Byte Federal, Inc. ("Plaintiff") and Lux Vending, LLC d/b/a Bitcoin Depot ("Defendant").   Having been fully advised in the premises, the Court hereby orders as follows:

1.     The following rules and procedures shall govern the parties' production and use of documents in this action (the "Action").

2.     When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever, whether printed, typed, handwritten, electronically recorded, stored or reproduced by any process, or otherwise prepared, including, but not limited to, interrogatories and interrogatory answers, requests to admit and responses thereto and documents or physical items produced by any party or third party in the above-captioned Action, whether pursuant to a subpoena, court

order or by agreement, deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

3.  Any of the parties may designate as "CONFIDENTIAL" any document which, in the good faith opinion of the party making the designation, constitutes or contains confidential research, development, financial, commercial, marketing or business information of a technical or non-technical nature, trade secrets, know-how or proprietary data relating to research, development, financial, commercial, marketing or business subject matter of a technical or non-technical nature.

4.  Any of the parties may designate as "CONFIDENTIAL" any document which it or any other party or third party produces in the Action by affixing an ink stamp or other appropriate marking or designation to such document stating that it is confidential. With regard to non-written material, such as recordings, magnetic media, photographs, and any other items, an ink stamp or other appropriate marking substantially similar to the designation described in this Section shall be affixed to the material in any suitable manner. Any of the parties also may designate as confidential any testimony which is given in a deposition or court hearing in the Action by stating said designation on the record thereof or by serving written notice upon the other party describing which such testimony is confidential within thirty (30) days after the conclusion of the deposition. The parties may seek Court intervention to resolve any dispute as to the designation of testimony given at any deposition.

5.     Any of the parties may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY", utilizing the procedures set forth in Section 4 above, any document which, in the good faith opinion of the party making the designation, constitutes or contains information that it believes to be so competitively sensitive that its disclosure to persons not contemplated in Section 7 would create a substantial risk of economic injury or irreparable harm. Additionally, a party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" any information that contains, reflects, or would otherwise reveal information that the designating party obtained or received: (i) from any non-party that the designating party reasonably and in good faith believes to be a competitor of any party; or (ii) from any non-party pursuant to a confidentiality or non-disclosure agreement.

6.     Any documents or testimony designated as "CONFIDENTIAL" or, any copies, notes or transcripts thereof and any information contained therein shall be kept confidential by the receiving party or parties, shall be used solely for the prosecution or defense of the Action and shall be disclosed only to: (a) the parties to the Action and, in the case of a party which is not an individual, such party's necessary officers, employees, agents or representatives; (b) their attorneys (including paralegals and other staff); (c) any expert witnesses, outside consultants and technical advisors solely providing litigation services, including their clerical, support, and secretarial staffs, retained by the parties who agree in writing to be bound by the terms of this Order, as set forth in **Exhibit A**; (d) witnesses and court reporters in depositions and court

hearings in the Action; (e) the jury, court and its staff before whom the Action, or any appeal thereof is pending; (f) mediators and their staff; and (g) any other person stipulated to in writing by the parties, solely in order to prepare for and participate in pretrial and trial proceedings in the Action and for no other purpose whatsoever subject to the execution of the acknowledgement of these obligations attached as Exhibit A. Counsel for the parties shall provide copies of any such written agreement to counsel for the other party within five (5) days after its execution by an expert witness.

7.     Any documents or testimony designated as "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY,"  or any copies, notes or transcripts thereof and any information contained therein shall be kept confidential by the receiving party's attorney, shall not be shown to the party he or she is representing absent a court order or written agreement to the contrary, shall be used solely for the prosecution or defense of the Action and shall be disclosed only to: (a) outside counsel involved in this action (including paralegals and other staff); (b) any expert witnesses, outside consultants and technical advisors solely providing litigation services, including their clerical, support, and secretarial staffs, retained by the parties who agree in writing to be bound by the terms of this Order, as set forth in **Exhibit A**; (c) court reporters in depositions and court hearings in the Action; (d) the jury, court and its staff before whom the Action, or any appeal thereof is pending; (e) mediators and their staff; and (f) any other person stipulated to in writing by the parties, solely in order to

4

prepare for and participate in pretrial and trial proceedings in the Action and for no other purpose whatsoever.   Counsel for the parties shall provide copies of any such written agreement to counsel for the other party within five (5) days after its execution by an expert witness.

8.     In the event of a disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" designated documents or materials to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the party responsible for having made such disclosure immediately shall demand and attempt to procure the return of the material and inform counsel for the designating party whose "confidential" information has thereby been disclosed of all relevant information concerning the nature and circumstances of such disclosure.   The responsible party also promptly shall take all reasonable measures to ensure that no further or greater disclosure of unauthorized "confidential" information occurs.

9.     The parties and their respective attorneys may refer to, quote from or submit a copy of any document or transcript of any testimony designated by the other party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" or any information contained therein in pleadings, memoranda, deposition or hearing transcripts, exhibits or other papers filed with the court in the Action only if such papers are filed under seal.

10.     If a party wishes to file any documents and/or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" with the Court, it shall observe the procedures set forth in the governing Local Rules, as applicable, and of the CM/ECF Administrative Procedures for moving to have a court record treated as confidential. The ultimate burden to prove that a document is properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" remains, at all times, with the Party that first designated such document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY".

11.     Within sixty (60) days after entry of a final judgment or dismissal with prejudice (including appeals or petitions for review) or the execution of a settlement agreement, the parties and their respective attorneys (including paralegals and other staff) shall, subject to the limited exception immediately below, destroy or return to the designating party all originals and copies of the documents and transcripts of the testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" and all other documents, including notes, which contain any information obtained from such confidential documents or transcripts and thereafter shall continue to refrain from disclosure of such documents, transcripts or information; notwithstanding the foregoing, the attorneys may each keep one copy of their work product, pleadings, documents produced and exchanged during discovery, exhibits, and all other documents relative to this action for the attorneys' records.

Further, all notes, summaries, or other documents prepared by any expert witnesses, outside consultants and technical advisors derived from or containing confidential information or highly confidential information may be kept within the files of trial counsel for the receiving party creating such work product, or be destroyed. At the conclusion of the Action, the attorneys who represented each of the parties shall execute and deliver to the other a declaration attesting to the destruction or return to the other of all such materials as provided for in this section (subject to the exception above as it relates to the attorneys keeping one copy of their work product, pleadings, documents produced and exchanged during discovery, exhibits, and all other documents relative to this action for the attorneys' records)

12.    Neither the designation by a party of any document, information or deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" hereunder, nor its receipt by the other party, shall constitute a concession that the document, information or deposition testimony actually is confidential or should be treated as highly confidential-attorneys eyes only. In the event that any party to the Action objects at any point in these proceedings to the designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" the party shall state the grounds for the objection. A party shall not be obligated to challenge the propriety of a party's designation at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.   If the dispute cannot be resolved by

written agreement, the party disputing that the documents are not confidential or should not be treated as highly confidential-attorneys eyes only may seek appropriate relief from this Court including, without limitation; the entry of an order finding that the documents should not be treated as confidential or highly confidential- attorneys eyes only or that specified provisions of this Order shall apply to the document or information. However, all documents, information and deposition testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" shall be treated as designated until the court determines otherwise or the parties enters a written agreement for a different treatment of the documents.

13.    The parties agree to waive any right that they themselves, but not their outside counsel, be present during any part of a deposition when it is anticipated or represented that material designated "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" will be disclosed.   Only persons authorized to receive material designated "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" may attend the portions of the depositions pertaining to such information, unless the parties expressly agree to waive this stipulation.   Except as provided herein, depositions may be taken in the presence of any persons, but any party may request that non-qualified persons leave the room for responses containing material designated "CONFIDENTIAL".

14.    If an additional party joins or is joined in the above-captioned case, the newly joined party shall not have access to any information marked

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" until all parties to the above-captioned case agree to a supplemental Protective Order governing the protection of confidential or highly confidential information.

15.     In the event that either party's expert witness, consultant, or any other party retained for the purposes of this litigation (excluding any law firm or attorneys) ceases to be engaged or otherwise retained in this action, such person or entity's access to confidential materials shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of this Order, except that such return or destruction shall take place as soon as practicable after such person or entity ceases to be engaged in this action. The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to confidential or highly confidential materials, except as may be specifically ordered by the Court or consented to by the Producing Party.

16.     Either party shall use documents or things produced in this action prior to entry of this Order solely for purposes of litigating the above captioned case and not for any other purpose, including, without limitation, any business or commercial purpose, trademark prosecution, a basis for any judicial or administrative action, or correspondence with any government agency including the United States Patent & Trademark Office and United Stated Food & Drug Administration. Documents or things produced in this action prior to entry of this Order and subject to confidentiality restrictions shall be redesignated by each Producing Party within 30 days of the entry

of this Order in accordance with Paragraph 2 hereof, to the extent not already appropriately designated "Confidential" or "Outside Counsel Eyes Only."   Until such time as the documents and things are redesignated (pursuant to this paragraph or otherwise), all documents or things produced prior to the date of this Order will be for outside counsel's eyes only.

17.   Nothing contained in this Order shall prevent any party from objecting to requested discovery which it believes is improper.

18.   Nothing contained in this Order shall prevent the disclosure of information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" beyond the terms of this Order by the party making the designation or with the consent of the opposing party.

19.   This Order shall not be construed as a waiver by the parties of any objection that might be raised as to the admissibility of any evidence.   This Order shall be without prejudice to the rights of either party to oppose production of any information or documents for lack of relevancy or on any other grounds.

20.   Nothing contained in this Order shall preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents, testimony, court papers or other matters.

21.   Nothing in this Order shall preclude any party from requesting the court to modify this Order or from challenging the propriety of the designation of any

document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY".

**DONE AND ORDERED** in Chambers this _____ day of _____, 2023.

_____

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

_____

BYTE FEDERAL, INC.

Dated: 4/25/23

*C Scott Buchanan*

_____

LUX VENDING LLC d/b/a BITCOIN DEPOT

Dated: Apr 26, 2023

11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYTE FEDERAL, INC.,
    Plaintiff,

    vs.                           No. 8:23-cv-102

LUX VENDING LLC d/b/a
BITCOIN DEPOT,
Defendant.
_____/

## ACKNOWLEDGEMENT AND AGREEMENT
## TO BE BOUND BY STIPULATED PROTECTIVE ORDER

    I _____, acknowledge being provided access to certain materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES-ONLY" by a Party to the action entitled *Byte Federal Inc. v. Lux Vending LLC d/b/a Bitcoin Depot,* Case No. 23-102 ("Instant Action"). I have read the foregoing Order and both understand and agree to preserve and maintain the strictest confidentiality of all such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES-ONLY" information supplied to me. Further, I shall not disclose any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES-ONLY " information or the contents thereof to anyone without first obtaining the prior written consent of the Party that supplied the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES-ONLY" information. Finally, prior to the actual disclosure of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES-

ONLY" information to any third party in compliance with the Protective Order, I shall obtain their signature on an Acknowledgement and Agreement to be bound by this Agreement. By executing this Acknowledgement and Agreement, I agree to be subject to the jurisdiction of the court in the Instant Action.

Date: _____

_____
SIGNATURE

_____
PRINTED NAME