IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYTE FEDERAL INC.,

      Plaintiff,

v.

LUX VENDING LLC d/b/a BITCOIN DEPOT,
HUDDLED MASSES, INC., and
THE CARDAMONE CONSULTING GROUP, LLC,

      Defendants.

_____/

Case No.
8:23-cv-00102-MSS-SPF

**DEFENDANT LUX VENDING LLC D/B/A BITCOIN DEPOT'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

      Defendant Lux Vending LLC[1] d/b/a Bitcoin Depot ("Bitcoin Depot"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 6(b), files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint (Doc. 44) ("Amended Complaint") and states as follows:

**INTRODUCTION**[2]

      1.    Denied.

      2.    Denied.

      3.    Denied.

---

[1] As of June 29, 2023, Lux Vending LLC merged into Bitcoin Depot Operating LLC, a Delaware limited liability company, with the surviving entity named Bitcoin Depot Operating LLC d/b/a Bitcoin Depot.

[2] For ease of reference, Bitcoin Depot refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Admitted that Plaintiff seeks a permanent injunction. Bitcoin Depot denies that Plaintiff is entitled to any of the relief sought.

## THE PARTIES

8.      Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint and, therefore, denies the same.

9.      Denied that Bitcoin Depot is a Georgia limited liability company located at the address enumerated in Paragraph 9.[3] Admitted that Bitcoin Depot is registered to conduct business in the State of Florida. Bitcoin Depot denies the remaining allegations in Paragraph 9 of the Complaint.

10.      Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint and, therefore, denies the same.

11.      Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint and, therefore, denies the same.

---

[3] *See* FN 1.

133772950

## **JURISDICTION**

12.     Admitted that jurisdiction has been alleged. Bitcoin Depot denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Admitted that jurisdiction has been alleged. Bitcoin Depot denies the remaining allegations in Paragraph 13 of the Complaint.

14.     Admitted that personal jurisdiction has been alleged. Bitcoin Depot denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Admitted that personal jurisdiction has been alleged. Bitcoin Depot denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Admitted that personal jurisdiction has been alleged. Bitcoin Depot denies the remaining allegations in Paragraph 16 of the Complaint.

17.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint and, therefore, denies the same.

18.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint and, therefore, denies the same.

19.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint and, therefore, denies the same.

133772950

20.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint and, therefore, denies the same.

21.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint and, therefore, denies the same.

22.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint and, therefore, denies the same.

## VENUE

23.     Bitcoin Depot admits that venue is proper in this District. Bitcoin Depot denies the remaining allegations in Paragraph 23 of the Complaint.

24.     Bitcoin Depot admits that venue is proper in this District. Bitcoin Depot denies the remaining allegations in Paragraph 24 of the Complaint.

25.     Bitcoin Depot admits that venue is proper in this District. Bitcoin Depot denies the remaining allegations in Paragraph 25 of the Complaint.

26.     Bitcoin Depot admits that venue is proper in this District. Bitcoin Depot denies the remaining allegations in Paragraph 26 of the Complaint.

## GENERAL ALLEGATIONS

27.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint

regarding Byte Federal and, therefore, denies the same. Bitcoin Depot denies the remaining allegations in Paragraph 27 of the Complaint.

28.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint and, therefore, denies the same.

29.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint and, therefore, denies the same.

30.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint and, therefore, denies the same.

31.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint and, therefore, denies the same.

32.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint and, therefore, denies the same.

33.    Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint and, therefore, denies the same.

133772950

34.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint and, therefore, denies the same.

35.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint and, therefore, denies the same.

36.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint and, therefore, denies the same.

37.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint and, therefore, denies the same.

38.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint and, therefore, denies the same.

39.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint and, therefore, denies the same.

40.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint and, therefore, denies the same.

133772950

41.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint and, therefore, denies the same.

42.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended Complaint and, therefore, denies the same.

43.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint and, therefore, denies the same.

### *Unlawful Activities of Bitcoin Depot, Huddled Masses, and CC*

44.     Admitted.

45.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended Complaint and, therefore, denies the same.

46.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Amended Complaint and, therefore, denies the same.

47.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint and, therefore, denies the same.

48.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint and, therefore, denies the same.

49.     Bitcoin Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Amended Complaint and, therefore, denies the same.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied, including subparts 62(a)-(c).

63.     Denied, including subparts 63(a)-(b).

64.     Denied.

65.     Denied.

133772950

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied, including subparts 71(a)-(f).

72.     Denied.

73.     Denied, including subparts 73(a)-(c).

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### [15 U.S.C. §§ 1114 AND 1125 Against All Defendants]

83.     Bitcoin Depot reincorporates its responses to Paragraphs 1 – 82 as if fully set forth herein.

133772950

84.     The allegations set forth in Paragraph 84 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 84 are construed as factual allegations to which a response is required, the factual allegations are denied.

85.     The allegations set forth in Paragraph 85 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 85 are construed as factual allegations to which a response is required, the factual allegations are denied.

86.     The allegations set forth in Paragraph 86 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 86 are construed as factual allegations to which a response is required, the factual allegations are denied.

87.     The allegations set forth in Paragraph 87 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 87 are construed as factual allegations to which a response is required, the factual allegations are denied.

88.     The allegations set forth in Paragraph 88 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 88 are construed as factual allegations to which a response is required, the factual allegations are denied.

89.     The allegations set forth in Paragraph 89 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 89 are construed as factual allegations to which a response is required, the factual allegations are denied.

## COUNT II
## FEDERAL FALSE DESIGNATION OF ORIGIN
### [15 U.S.C. § 1125(a) Against All Defendants]

90.     Bitcoin Depot reincorporates its responses to Paragraphs 1 – 82 as if fully set forth herein.

133772950

91.     The allegations set forth in Paragraph 91 are conclusions of law to which no response is required.  To the extent that allegations set forth in Paragraph 91 are construed as factual allegations to which a response is required, the factual allegations are denied.

92.     The allegations set forth in Paragraph 92 are conclusions of law to which no response is required.  To the extent that allegations set forth in Paragraph 92 are construed as factual allegations to which a response is required, the factual allegations are denied.

93.     The allegations set forth in Paragraph 93 are conclusions of law to which no response is required.  To the extent that allegations set forth in Paragraph 93 are construed as factual allegations to which a response is required, the factual allegations are denied.

94.     The allegations set forth in Paragraph 94 are conclusions of law to which no response is required.  To the extent that allegations set forth in Paragraph 94 are construed as factual allegations to which a response is required, the factual allegations are denied.

95.     The allegations set forth in Paragraph 95 are conclusions of law to which no response is required.  To the extent that allegations set forth in Paragraph 95 are construed as factual allegations to which a response is required, the factual allegations are denied.

## COUNT III
## FEDERAL FALSE ADVERTISING
### [15 U.S.C. § 1125(a)(1)(B) Against all Defendants]

96.     Bitcoin Depot reincorporates its responses to Paragraphs 1 – 82 as if fully set forth herein.

97.     The allegations set forth in Paragraph 97 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 97 are construed as factual allegations to which a response is required, the factual allegations are denied.

133772950

98.     The allegations set forth in Paragraph 98 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 98 are construed as factual allegations to which a response is required, the factual allegations are denied.

99.     The allegations set forth in Paragraph 99 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 99 are construed as factual allegations to which a response is required, the factual allegations are denied.

100.    The allegations set forth in Paragraph 100 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 100 are construed as factual allegations to which a response is required, the factual allegations are denied.

101.    The allegations set forth in Paragraph 101 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 101 are construed as factual allegations to which a response is required, the factual allegations are denied.

102.    The allegations set forth in Paragraph 102 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 102 are construed as factual allegations to which a response is required, the factual allegations are denied.

103.    The allegations set forth in Paragraph 103 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 103 are construed as factual allegations to which a response is required, the factual allegations are denied.

104.     The allegations set forth in Paragraph 104 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 104 are construed as factual allegations to which a response is required, the factual allegations are denied.

105.     The allegations set forth in Paragraph 105 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 105 are construed as factual allegations to which a response is required, the factual allegations are denied.

106.     The allegations set forth in Paragraph 106 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 106 are construed as factual allegations to which a response is required, the factual allegations are denied.

## COUNT IV
## TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW
### [Against all Defendants]

107.     Bitcoin Depot reincorporates its responses to Paragraphs 1 – 82 as if fully set forth herein.

108.     The allegations set forth in Paragraph 108 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 108 are construed as factual allegations to which a response is required, the factual allegations are denied.

109.     The allegations set forth in Paragraph 109 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 109 are

13

construed as factual allegations to which a response is required, the factual allegations are denied.

110.    The allegations set forth in Paragraph 110 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 110 are construed as factual allegations to which a response is required, the factual allegations are denied.

111.    The allegations set forth in Paragraph 111 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 111 are construed as factual allegations to which a response is required, the factual allegations are denied.

112.    The allegations set forth in Paragraph 112 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 112 are construed as factual allegations to which a response is required, the factual allegations are denied.

113.    The allegations set forth in Paragraph 113 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 113 are construed as factual allegations to which a response is required, the factual allegations are denied.

114.    The allegations set forth in Paragraph 114 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 114 are construed as factual allegations to which a response is required, the factual allegations are denied.

133772950

**COUNT V**
**UNFAIR COMPETITION UNDER FLORIDA COMMON LAW**
**[Against all Defendants]**

115.    Bitcoin Depot reincorporates its responses to Paragraphs 1 – 82 as if fully set forth herein.

116.    The allegations set forth in Paragraph 116 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 116 are construed as factual allegations to which a response is required, the factual allegations are denied.

117.    The allegations set forth in Paragraph 117 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 117 are construed as factual allegations to which a response is required, the factual allegations are denied.

118.    The allegations set forth in Paragraph 118 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 118 are construed as factual allegations to which a response is required, the factual allegations are denied.

119.    The allegations set forth in Paragraph 119 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 119 are construed as factual allegations to which a response is required, the factual allegations are denied.

120.    The allegations set forth in Paragraph 120 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 120 are

15

construed as factual allegations to which a response is required, the factual allegations are denied.

121.    The allegations set forth in Paragraph 121 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 121 are construed as factual allegations to which a response is required, the factual allegations are denied.

122.    The allegations set forth in Paragraph 122 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 122 are construed as factual allegations to which a response is required, the factual allegations are denied.

## COUNT VI
## CIVIL CONSPIRACY
## [Against all Defendants]

123.    Bitcoin Depot reincorporates its responses to Paragraphs 1 – 82 as if fully set forth herein.

124.    The allegations set forth in Paragraph 124 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 124 are construed as factual allegations to which a response is required, the factual allegations are denied.

125.    The allegations set forth in Paragraph 125 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 125 are construed as factual allegations to which a response is required, the factual allegations are denied.

133772950

126.    The allegations set forth in Paragraph 126 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 126 are construed as factual allegations to which a response is required, the factual allegations are denied.

127.    The allegations set forth in Paragraph 127 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 127 are construed as factual allegations to which a response is required, the factual allegations are denied.

128.    The allegations set forth in Paragraph 128 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 128 are construed as factual allegations to which a response is required, the factual allegations are denied.

129.    The allegations set forth in Paragraph 129 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 129 are construed as factual allegations to which a response is required, the factual allegations are denied.

130.    The allegations set forth in Paragraph 130 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 130 are construed as factual allegations to which a response is required, the factual allegations are denied.

131.    The allegations set forth in Paragraph 131 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 131 are

133772950

construed as factual allegations to which a response is required, the factual allegations are denied.

132.    The allegations set forth in Paragraph 132 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 132 are construed as factual allegations to which a response is required, the factual allegations are denied.

133.    The allegations set forth in Paragraph 133 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 133 are construed as factual allegations to which a response is required, the factual allegations are denied.

134.    The allegations set forth in Paragraph 134 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 134 are construed as factual allegations to which a response is required, the factual allegations are denied.

135.    The allegations set forth in Paragraph 135 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 135 are construed as factual allegations to which a response is required, the factual allegations are denied.

136.    The allegations set forth in Paragraph 136 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 136 are construed as factual allegations to which a response is required, the factual allegations are denied.

133772950

137.   The allegations set forth in Paragraph 137 are conclusions of law to which no response is required. To the extent that allegations set forth in Paragraph 137 are construed as factual allegations to which a response is required, the factual allegations are denied.

## **PRAYER FOR RELIEF**

The allegations contained in Plaintiff's Prayer For Relief require no response. To the extent that allegations set forth in the Plaintiff's Prayer for Relief are construed as factual allegations to which a response is required, Bitcoin Depot denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

Each and every allegation not heretofore expressly admitted is denied.

19

133772950

## AFFIRMATIVE DEFENSES

Without admitting any fact alleged by Plaintiff, Bitcoin Depot sets forth the following separate defenses and reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims if their existence is established through discovery or investigation.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Amended Complaint fails to state a claim pursuant to the Lanham Act based on this Court's ruling in *Pro Video Instruments, LLC v. Thor Fiber, Inc.*, 2020 WL 11421203, at \*18 (M.D. Fla. Apr. 22, 2020). In *Pro Video*, the plaintiff alleged the defendant attempted to "divert…traffic away from [plaintiff's]" website and products. *Id.* at \*16. Such allegations have been called "initial consumer confusion." *Id.*; *see also USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, 165 F. Supp. 3d 1256, 1266 (S.D. Fla. 2016) (explaining "initial interest confusion…occurs when a customer is lured to a product by the similarity of the mark."). This Court concurred with previous federal court rulings that initial consumer confusion is not actionable in the Eleventh Circuit. *Pro Video*, 2020 WL 11421203, at \*16-\*18.

Additionally, the Plaintiff has not, and cannot, point to any evidence where consumers were actually or potentially confused as to the digital currency ATM services provided by Byte Federal or the Bitcoin Depot. Thus, Byte Federal is unable to prove likelihood of confusion caused by the alleged infringement. As such, Byte Federal has not sustained any harm, irreparable or otherwise, due to Bitcoin Depot's actions. The absence

20

of claims for infringement and unfair competition cannot support a claim for civil conspiracy.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver)

Byte Federal's claims are barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel and Equitable Estoppel)

Byte Federal's claims are barred by the doctrines of estoppel and equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff should not be allowed to recover on any claims set forth in the Amended Complaint because Plaintiff has unclean hands. Purchasing advertising keywords related to a competitor is common in the digital currency ATM industry. Upon information and belief, Plaintiff used keyword advertising referring to Bitcoin Depot in the same manner that Bitcoin Depot is alleged to have done. To the extent it is proven that Bitcoin Depot's use of keyword advertising was wrongful, Byte Federal's use of the same advertising techniques is also wrongful.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches and Acquiescence)

Byte Federal's claims are barred by the doctrine of laches and acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

Byte Federal's claims are barred because any purported harm it may have suffered was caused by acts of third parties over whom the Defendant has no control.

133772950

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Byte Federal's claims are barred, in whole or in part, because Byte Federal failed to mitigate its damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (Punitive or Statutory Damages)

As explained in Affirmative Defense No. 6, Byte Federal has brought claims related to initial consumer confusion, which this Court has previously ruled as non-actionable. *Pro Video Instruments, LLC v. Thor Fiber, Inc.*, 2020 WL 11421203, at *18 (M.D. Fla. Apr. 22, 2020). As such, Byte Federal is unable to state facts or provide evidence that will allow for punitive or statutory damages to be awarded.

## NINTH AFFIRMATIVE DEFENSE
### (Irreparable Harm)

As explained in Affirmative Defense No. 6, Byte Federal has brought claims related to initial consumer confusion, which this Court has previously ruled as non-actionable. *Pro Video Instruments, LLC v. Thor Fiber, Inc.*, 2020 WL 11421203, at *18 (M.D. Fla. Apr. 22, 2020). As such, Byte Federal is unable to state facts or provide evidence that will show irreparable harm.

## TENTH AFFIRMATIVE DEFENSE

As explained in Affirmative Defense No. 6, Byte Federal has brought claims related to initial consumer confusion, which this Court has previously ruled as non-actionable. *Pro Video Instruments, LLC v. Thor Fiber, Inc.*, 2020 WL 11421203, at *18 (M.D. Fla. Apr. 22, 2020). As such, it would seem that Plaintiff has filed its Complaint for improper

133772950

reasons, including the purpose of eliminating lawful competition.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Fair Use)

Plaintiff's claims for infringement and unfair competition are barred under the doctrine of fair use. Plaintiff mischaracterizes the inclusion of a keyword from a web search into a sponsored advertisement on a search engine, such as Google AdWords, as a willful act of trademark infringement and unfair competition. The automated inclusion of a consumer-generated keyword into a sponsored advertisement is permitted as fair use. The advertisement allegedly returned by Google expressly identified the advertisement as a "Sponsored" listing and clearly stated that the website being visited was actually a page by Bitcoin Depot, and did nothing to suggest sponsorship or endorsement. Use of keyword advertising to present competitive choices is fair use. The absence of claims for infringement and unfair competition cannot support a claim for civil conspiracy.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Trademark Rights)

Byte Federal did not own a valid and enforceable federal trademark during the time of the purported acts of infringement complained of in the Amended Complaint, and therefore cannot meet the threshold element of its federal trademark claims. Byte Federal is used as a trade name, and not as a trademark, in connection with the facts alleged in the Amended Complaint.

133772950

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Not a Use in Commerce)

The display of a competitor's trade name as an advertising keyword is not a use in commerce and cannot therefore support a claim of trademark infringement or false advertising. The display of a competitor's trade name in a sponsored advertisement that clearly identifies the advertiser is not a use of the competitor's trademark in commerce.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Bitcoin Depot's actions were taken in good faith, in reliance upon information provided by its vendors and others, and with a reasonable belief that such actions were reasonable and appropriate. The conduct alleged to be in violation of the Lanham Act or common law, if any such conduct occurred, was purely unintentional, and occurred, if at all, despite Bitcoin Depot's reasonable and appropriate efforts to avoid any such violation.

Dated: August 25, 2023

Respectfully submitted,

*/s/Adam P. Schwartz*
William G. Giltinan (FBN 27810)
Adam P. Schwartz (FBN 83178)
Erin J. Hoyle (FBN 117762)
CARLTON FIELDS, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
Telephone:  813.223.7000
Facsimiles:  813.229.4133
E-mail: wgiltinan@carltonfields.com
E-mail: aschwartz@carltonfields.com
E-mail: ehoyle@carltonfields.com

133772950

*Counsel for Lux Vending LLC d/b/a Bitcoin Depot, now known as Bitcoin Depot Operating, LLC d/b/a Bitcoin Depot*

133772950