UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYTE FEDERAL, INC.,

    Plaintiff,

v.                                        Case No. 8:23-cv-102-MSS-SPF

LUX VENDING LLC d/b/a BITCOIN
DEPOT; THE CARDAMONE
CONSULTING GROUP, LLC; and
HUDDLED MASSES, INC.,

    Defendants.
_____/

## ORDER

Before the Court is Defendant The Cardamone Consulting Group, LLC's ("Cardamone") Motion to Quash Plaintiff's Subpoena for Request for Production (Doc. 31).[1] Plaintiff has filed a response in opposition to the Motion (Doc. 36). Upon review of the Motion and Plaintiff's response, the Court denies the Motion to Quash.

## BACKGROUND

Plaintiff Byte Federal, Inc. initiated this action in January 2023, alleging that Defendant Lux Lending LLC d/b/a Bitcoin Depot ("Bitcoin Depot") willfully infringed upon Plaintiff's federally registered "BYTEFEDERAL" trademark (Doc. 1). In August 2023, Plaintiff amended its complaint to name Cardamone and Huddled Masses, Inc. as

---

[1] At the time the Motion was filed, Cardamone was a third party. Plaintiff has since amended its complaint and added Cardamone as a defendant. A third party subsequently named as a defendant is required to respond to previously-issued subpoenas. *See, e.g., Riis v. Does One Through Twenty*, No. 3:17-cv-03017-RAL, 2017 WL 5197405, at *4 (D.S.D. Nov. 9, 2017) (entering a protective order so that subpoenaed party who was subsequently added as a defendant would have thirty days to both make its initial disclosures and respond to the subpoena).

Defendants, alleging that they participated in Bitcoin Depot's infringement through their provision of advertising and marketing services. Prior to adding Cardamone as a party, Plaintiff served Cardamone with a Subpoena to Produce Documents (the "Subpoena") (Doc. 31-1). The Subpoena, which Plaintiff served on May 26, 2023, required Cardamone to produce the requested documents by June 8, 2023. Cardamone retained counsel to assist with the Subpoena on June 5, 2023 (Doc. 31 at 2). Accordingly, counsel for Cardamone contacted Plaintiff's counsel the next day to seek an extension of time to comply with the Subpoena. Because Plaintiff wanted a chance to review the documents prior to a mediation scheduled for June 20, 2023, Plaintiff offered Cardamone an extension through June 16, 2023.[2]

On June 12, 2023, Cardamone instead filed a Motion to Quash, arguing that any disclosure to Plaintiff in response to the requests would constitute a breach of the confidentiality provision in an "Independent Contractor Agreement" in place between Cardamone and Bitcoin Depot (Doc. 31-2). Cardamone also argued that the request is extremely burdensome to meet before Plaintiff's deadline. Plaintiff responds that Cardamone's Motion should be denied because (1) Cardamone failed to confer as required by Local Rule 3.01(g); (2) the parties entered into an express stipulation whereby Plaintiff extended the response deadline in exchange for Cardamone's agreement to produce documents; (3) the Motion is untimely;[3] (4) Cardamone's burdensomeness objection is vague and conclusory; and (5) Cardamone has failed to show that the requested information is confidential and that disclosure would be harmful. For the reasons explained below, the

---

[2] Plaintiff alleges that it conditioned its extension of time to respond on Cardamone's agreement to actually produce the responsive documents on that date.

[3] Because the Court finds that the Motion should be denied on its merits, the Court does not address Plaintiff's arguments regarding the stipulation or the timeliness of the Motion.

Court finds that the Motion to Quash should be denied.

## ANALYSIS

### I. Motion to Quash

District courts have broad discretion in handling discovery matters. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013). Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Information within this scope of discovery need not be admissible in evidence to be discoverable. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Thus, the party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted. *See Safranek by & through Safranek v. Wal-Mart Stores, Inc.*, No. 07-61533-CIV, 2010 WL 11505263, at *2 (S.D. Fla. June 1, 2010) (citations omitted).

Rule 45(d)(3)(A) provides, in part, that upon timely motion, the court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. The court may also quash or modify a subpoena if it requires the disclosure of a trade secret or other confidential information. Fed. R. Civ. P. 45(d)(3)(B)(i). The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3). *Indep. Mktg. Grp., Inc. v. Keen*, No. 3:11-cv-447-J-25MCR, 2012 WL 512948, at *2 (M.D. Fla. Feb. 16, 2012); *Malibu Media, LLC v. Doe*, No. 13 C 8484, 2014 WL 1228383, at *1 (N.D. Ill. Mar. 24, 2014) (citations omitted).

a. Confidentiality

First, Cardamone argues that any disclosure to Plaintiff in response to the Subpoena would constitute a breach of the confidentiality provision in the Independent Contractor Agreement in place between Cardamone and Bitcoin Depot (Doc. 31-2). Plaintiff responds that Cardamone has not met its burden of establishing that the requested information is confidential, and that disclosure would be harmful.

The party resisting discovery must establish that the information sought is confidential and then demonstrate its disclosure will be harmful. *Nat'l Staffing Solutions, Inc. v. Sanchez*, No. 6:21-cv-1590-PGB-LHP, 2022 WL 19355853, at *3 (M.D. Fla. Sept. 12, 2022). Here, Cardamone never explains how the requested documents are confidential, instead merely stating that "[d]isclosure of the information requested by the instant subpoena will inevitably constitute a material breach" of the Independent Contractor Agreement. "A blanket assertion of confidentiality for all documents tied to [Defendant] is insufficient to trigger protection under Federal or Florida law." *Rucker v. Great Dane Petrol. Contractors, Inc.*, No. 2:21-cv-207-SPC-KCD, 2022 WL 2757602, at *1 (M.D. Fla. July 14, 2022); *see also AAL USA, Inc. v. Black Hall Aerospace, Inc.*, No. 2:16-cv-02090-KOB, 2018 WL 2463710, at *2 (N.D. Ala. Feb. 22, 2018) (denying motion to quash where argument that subpoena requested confidential commercial information was "conclusory" and merely a recitation of the requests made in the subpoena).

Even if Cardamone had established that the requested documents were confidential, it has not established that disclosure would be harmful. As Plaintiff points out, Cardamone's Motion omits any discussion in this regard, failing to mention either who would be harmed or how harm would occur by this disclosure (Doc. 36 at 16). Indeed, there is a Stipulated

4

Protective Order in place between the parties (Doc. 36-1 at 15). Moreover, the confidentiality provision in the Independent Contractor Agreement provides that Cardamone may disclose confidential information if required to do so by a binding court order (Doc. 31-2 at 6). Finally, the Court notes that Bitcoin Depot has taken no action to prevent the disclosure of this information, such as by filing a motion for a protective order. As a result, the Court will not quash the Subpoena on this basis.

      b. <u>Undue Burden</u>

Next, Cardamone argues that producing documents in the time allotted by Plaintiff creates an undue burden on Cardamone. Cardamone does not elaborate on this assertion. Plaintiff responds that this argument should be rejected as vague and conclusory. The Court agrees. "It is the movant's burden to establish that compliance with a subpoena would result in an undue burden." *Eastwood Enters., LLC v. Farha*, No. 8:07-cv-1940-T-33EAJ, 2010 WL 11508180, at *4 (M.D. Fla. Apr. 26, 2010). "Claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *Bank of Mongolia v. M&P Global Fin. Servs.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009). Here, Cardamone merely states that the "request is extremely burdensome to meet with the dateline set by the plaintiff" and "the time allotted by plaintiff to produce all required information creates an undue burden upon [Cardamone]." (Doc. 31 at 2, 5). As a result, the Court will not quash the Subpoena on this basis. *See Int'l Ass'n of Machinists & Aerospace Workers v. P&B Transp.*, No. 3:05-cv-1083-J-32MCR, 2007 WL 4145974, at *2 (M.D. Fla. Nov. 19, 2007) (stating that third party's "conclusory statements" were "insufficient to satisfy [his] burden and therefore, the Court will not quash the subpoena on the grounds that it subjects [him] to an undue burden.").

c. Local Rule 3.01(g)

Cardamone also failed to comply with Local Rule 3.01(g). Local Rule 3.01(g) requires a party submitting a non-dispositive motion to include a statement in the motion that (1) certifies that moving party conferred with the opposing counsel in a good faith effort to resolve the motion and (2) states whether counsel agree on the resolution of all or part of the motion. L.R. 3.01(g), M.D. Fla. The term "confer" in Rule 3.01(g) means a substantive discussion. *Middle District Discovery* (2021) at I.A.2; *see also Regions Bank v. Legal Outsource PA,* No. 2:14-cv-476-FtM-29MRM, 2016 WL 7228738, at *2 (M.D. Fla. Mar. 10, 2016) ("The term 'confer' in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good[-]faith effort to resolve the motion without court action. Counsel who merely 'attempt' to confer have not 'conferred.'") (citations omitted) (alteration in original). This rule prevents the involvement of the Court in matters that can easily be resolved by the parties. As a result, the Motion should be denied on this basis as well.

II. Attorney's Fees

Finally, in its Response to the Motion, Plaintiff requests that the Court sanction Cardamone for its "misrepresentation and breach of its stipulation," arguing that Cardamone has needlessly and vexatiously multiplied these proceedings in bad faith (Doc. 36 at 18–20). Plaintiff requests fees pursuant to Rule 37, noting that some district courts have applied the fee-shifting provisions of Rule 37 to disputes arising under Rule 45. *See, e.g.*, *Rodriguez v. AmericanWest Bank*, No. CV 15-5831 MRW, 2017 WL 11470636, at *3 (C.D. Cal. Apr. 20, 2017) ("The provisions of the Rule 37 fee-shift apply to disputes arising under Rule 45."). There is, however, mixed authority on this proposition. *See also U.S. for the Use & Benefit of*

6

*Am. Builders & Contractors Supply Co., Inc. v. Great Am. Ins. Co.*, No. 3:12-mc-36-J-34TEM, 2012 WL 12910657, at *1 (M.D. Fla. June 26, 2012) ("Because the instant [Rule 45] motion involves a non-party, Rule 37 (which applies only to parties) is not applicable."); *Kona Spring Water Distributing, Ltd. v. World Triathlon Corp.*, No. 8:05-cv-119-T-23TBM, 2006 WL 905517, at *2 (M.D. Fla. Apr. 7, 2006) (granting in part Rule 45 motion to compel compliance with subpoena and denying motion for sanctions sought pursuant to Rule 37, finding Rule 37 inapposite) (citing *Davis v. Speechworks Int'l, Inc.*, No. 03-cv-533S(F), 2005 WL 1206894, at *5 (W.D.N.Y. May 20, 2005) ("Rule 45 itself contains no express provision for awarding attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena *duces tecum*, nor does Rule 45 allow the court to turn to the terms of Rule 37(a) for such authorization.")). Here, Plaintiff did not move to compel Cardamone's compliance with the Subpoena. Instead, Cardamone moved to quash the Subpoena. As a result, fees are not proper under Rule 37, and the Court need not address the issue of whether it is ever proper to award fees under Rule 37 for Rule 45 motions.

Plaintiff alternatively requests that the Court award fees pursuant to 28 U.S.C. § 1927 as well as the Court's inherent authority. A sanctions award under either 28 U.S.C. § 1927 or the Court's inherent power requires a showing that the violating party acted in bad faith. *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020). Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The Eleventh Circuit interprets the statute as imposing three requirements:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that

7

> "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)). Section 1927 does not apply to parties. Sanctions under § 1927 are discretionary, and the court, for equitable reasons, may decline to impose them. *Olson v. Reynolds*, 484 F. App'x 61, 64-65 (7th Cir. 2012).

A court may also impose sanctions for litigation misconduct under its inherent power. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009). This power "is both broader and narrower than other means of imposing sanctions." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). It extends to a full range of litigation abuses and is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Miller v. Midland Credit Mgmt., Inc.*, No. 20-13390, 2021 WL 4240972, at * 2 (11th Cir. Sept. 17, 2021) (quoting Chambers, 501 U.S. at 43). This power "must be exercised with restraint and discretion." *Id.* (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). A court may exercise this power "to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013) (citing Chambers, 501 U.S. at 45-46)).

Plaintiff's request for fees is denied. Even assuming that Plaintiff's representation that the parties entered into a stipulation (i.e., that Cardamone agreed to actually produce documents in exchange for the extension of time) is accurate, the Court does not find that Cardamone has needlessly and vexatiously multiplied these proceedings in bad faith. Cardamone's counsel represented to Plaintiff's counsel that he "had no choice but to file the

8

motion" because given the limited timeframe, Cardamone "simply [could not] comply in the time provided." (Doc. 36-1 at 7). This is not unreasonable, considering there were a total of twenty-one days between the date that Cardamone was served and Plaintiff's *extended* response deadline. Indeed, there were only eleven days between the date Cardamone retained its counsel and the extended deadline. Cardamone's inability to meet this deadline does not equate to a finding of bad faith.

## CONCLUSION

Accordingly, for the reasons stated above, it is ORDERED that The Cardamone Consulting Group, LLC's Motion to Quash Plaintiff's Subpoena for Request for Production (Doc. 31) is DENIED.

**ORDERED** in Tampa, Florida, on October 26, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE