UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYTE FEDERAL, INC.,

      Plaintiff,

v.                                         Case No. 8:23-cv-102-MSS-SPF

LUX VENDING LLC d/b/a BITCOIN
DEPOT; THE CARDAMONE
CONSULTING GROUP, LLC; and
HUDDLED MASSES, INC.,

      Defendants.

_____/

**ORDER**

Before the Court is Plaintiff's Motion to Compel Huddled Masses, LLC ("Huddled Masses") to Immediately Produce Jurisdictional Documents and Other Information Responsive to Plaintiff's First Request for Production (Doc. 86). Defendant Huddled Masses filed a response in opposition to the motion (Doc. 87). Upon review of the filings, the Court finds that Plaintiff's Motion should be GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Plaintiff Byte Federal, Inc. initiated this action in January 2023, alleging that Defendant Lux Lending LLC d/b/a Bitcoin Depot ("Bitcoin Depot") willfully infringed upon Plaintiff's federally registered "BYTEFEDERAL" trademark (Doc. 1). In August 2023, Plaintiff amended its complaint to name The Cardamone Consulting Group, LLC and Huddled Masses as Defendants, alleging that they participated in Bitcoin Depot's infringement through their provision of advertising and marketing services. On September 19, 2023, Huddled Masses filed a Motion to Dismiss Plaintiff's Amended Complaint, arguing

that there is no personal jurisdiction over Huddled Masses in Florida (Doc. 61).

On September 21, 2023, Plaintiff served its First Request for Production ("First RFP") on Huddled Masses.  As a result, Huddled Masses was due to respond to the First RFP on or before October 23, 2023.  On September 22, 2023, Plaintiff filed a Motion requesting a 60-day period of time to conduct jurisdictional discovery in order to respond to the allegations in Huddled Masses' Motion to Dismiss (Doc. 64).  The Court granted Plaintiff's motion on October 3, 2023 and stated that "Plaintiff shall have sixty (60) days to conduct jurisdictional discovery in this matter" and thereafter, Plaintiff shall have up to and including December 15, 2023 to respond to the motion to dismiss (Doc. 70).

On October 20, 2023, Huddled Masses sent Plaintiff a letter which purported to serve as a "preliminary response" to the First RFP (Doc. 86-2).  In the letter, Huddled Masses argued that Plaintiff was only permitted to engage in jurisdictional discovery and was not permitted to engage in any merits-based discovery (Doc. 86-2).  Huddled Masses then stated that it would treat certain requests within the First RFP as jurisdictional, and would respond to those requests within thirty days of the Court's order permitting Plaintiff to conduct jurisdictional discovery.  Huddled Masses then stated that the remainder of the requests in the First RFP constituted full merits discovery and it objected to those requests as improper for lack of personal jurisdiction.  Finally, Huddled Masses stated that "this preliminary objection is made without waiving any of Huddled Masses' other objections it may have to the scope and breadth" of the First RFP (Doc. 86-2 at 2).  Plaintiff responded to the letter on October 24, 2023, disputing Huddled Masses' contentions and demanding that Huddled Masses respond to the First RFP (without objection) on or before October 26, 2023 (Doc. 86-3).  Huddled Masses ultimately served its formal Response to the First RFP on November 3, 2023

(Doc. 86-1).   Despite its Response being untimely, Huddled Masses nonetheless raised

objections to Request Nos. 4, 12, 14, 15, 28, and 32 of the First RFP.

Now, Plaintiff requests that the Court overrule all of Huddled Masses' objections as

untimely.   In the alternative, Plaintiff argues that Huddled Masses' objections should be

overruled on the merits.   Huddled Masses responds that its objections were timely; any delay

was substantially justified and harmless; it has not waived its privilege objections; and it has

already produced all documents related to jurisdiction, which is "the only proper subject of

discovery from Huddled Masses at this stage." (Doc. 87 at 5).   The parties have conferred in

good faith in an effort to resolve the issues raised this motion, but have been unable to do so.

For the reasons explained below, the Court finds that the Motion to Compel should be granted

in part and denied in part.

## ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court.

*See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).   Discovery under

the Federal Rules is governed by the principle of proportionality.   Federal Rule of Civil

Procedure 26(b)(1) defines the scope of discoverability as follows:

> Parties may obtain discovery regarding any nonprivileged matter that
> is relevant to any party's claim or defense and proportional to the needs of the
> case, considering the importance of the issues at stake in the action, the amount
> in controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).   The proponent of a motion to compel discovery bears the initial

burden of proving that the information sought is relevant.   *Moore v. Lender Processing Servs. Inc.*,

No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013).   "A party resisting

discovery must establish 'lack of relevancy or undue burden in supplying the requested

information.'" *Craig v. Kropp*, No. 2:17-cv-180-FtM-99CM, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018) (quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)).

## I.     Jurisdictional Discovery and Merits Discovery

As a preliminary matter, the Court addresses Huddled Masses' contention that the only discovery that is proper at this juncture is jurisdictional discovery (Docs. 86-2, 87).  In support of this contention, Huddled Masses cites to *Lehigh Techs., Inc. v. Farrah*, No. 2:08-cv-53-FtM-29SPC, 2008 WL 11335020, at *1 (M.D. Fla. Aug. 22, 2008) ("Until a court determines that a potential defendant has jurisdictional ties to the forum state general discovery is usually limited to whether that party has the significant ties necessary to establish personal jurisdiction.") (citing *Eaton v. Dorchester Devs., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982)).  A statement that "discovery is usually limited" until jurisdictional challenges are resolved does not persuade the Court that, as a matter of law, Huddled Masses need not respond to any merits discovery propounded by Plaintiff.

While Courts often stay or limit merits discovery while a jurisdictional motion to dismiss is pending,[1] Huddled Masses provides no authority to suggest that this happens as a matter of course or is otherwise required by the Federal Rules of Civil Procedure.  While the Court may have been inclined to issue a protective order or stay discovery so that Huddled Masses was not required to participate in merits discovery until and unless its motion to dismiss was denied, Huddled Masses did not move for a stay or protective order.  *See, e.g., Hesterly v. Royal Caribbean Cruises, Ltd.*, No. 06-22862-CIV, 2007 WL 9702147, at *4 (S.D. Fla.

---

[1] *See, e.g., Empire Art Direct, LLC v. Crystal Art of Fla., Inc.*, No. 17-cv-61601, 2017 WL 6270036, at *2 (S.D. Fla. Dec. 8, 2017) ("Until the matter of Defendants' personal jurisdiction is resolved, the Court will not require Defendants to engage in merits discovery."); *Gibson v. NCL (Bahamas) Ltd.*, No. 11-24343-CIV, 2012 WL 1952670, at *4 (S.D. Fla. May 30, 2012) (staying merits discovery during jurisdictional discovery)

Nov. 27, 2007) (granting Defendant's motion to stay pending resolution of jurisdictional issues).  Moreover, while the Court permitted Plaintiff to conduct jurisdictional discovery, its Order did not foreclose merits discovery.  (*See* Doc. 70); *see also Bluewater Constr., Inc. v. CBI Acquisitions, LLC*, No. 8:19-cv-1508-T-33AEP, 2020 WL 13349101, at \*1 (M.D. Fla. Jan. 3, 2020) ("[W]hile the Court permitted Bluewater to engage in jurisdictional discovery[,] . . . the Court did not dismiss the initial Complaint or stay any of the deadlines in the Case Management and Scheduling Order. Therefore, nothing prevented the parties from continuing with merits discovery while Bluewater conducted jurisdictional discovery.").

## II.   Timeliness and Waiver

Huddled Masses next argues that its Response to the First RFP was timely because it was served within thirty days of the date the Court entered its Order authorizing Plaintiff to conduct jurisdictional discovery.  For the reasons explained above, this argument fails.  Regardless, Huddled Masses sent a letter to Plaintiff objecting to the First RFP within the thirty-day deadline to respond,[2] and ultimately sent a formal response to the First RFP eleven days after the deadline.  Moreover, at this time, Huddled Masses had already produced a significant number of documents to Plaintiff pursuant to a Rule 45 subpoena served prior to being added as a party in this action.[3]  And while Huddled Masses failed to address Rule 6's excusable neglect requirement, based on its apparent confusion on the date it was required to respond to the First RFP, the Court finds there is sufficient excusable neglect for its delayed

---

[2] Despite raising general objections to the First RFP, the letter does not qualify as a proper response as it does not respond to each item as required by Rule 34(b)(2)(B).

[3] Huddled Masses represents that, of the six requests for production at issue in Plaintiff's motion, four requests are duplicative of requests contained in the subpoena (Doc. 87 at 8; *see also* Doc. 86-1).

response. Considering the foregoing, and the lack of any evidence of bad faith on the part of Huddled Masses, the Court concludes that a finding that Huddled Masses waived any objections to the First RFP is inappropriate.

### III.   Requests for Production

Considering the foregoing, the Court turns to the specific requests for production at issue in Plaintiff's Motion.

Request for Production No. 4:

In Request No. 4, Plaintiff requested "[a]ll contracts and agreements that [Huddled Masses] entered into with Bitcoin Depot." (Doc. 86-1). Huddled Masses responded as follows:

> Huddled Masses states that prior to being improperly added to this action as a party, Huddled Masses previously produced its file (including any identifiable email correspondence) concerning Bitcoin Depot that were located after a reasonable and diligent search pursuant to the Subpoena. *See* Huddled Masses 0000001 – Huddled Masses 0003761. More specifically, this Request appears duplicative of or encompassed within Subpoena Request No. 2. Huddled Masses states that it has not identified any additional documents responsive to this request at this time.

(Id. at 5). Plaintiff represents that, despite not objecting to the Request, Huddled Masses is intentionally withholding a "contractual indemnification agreement that it entered into with Bitcoin Depot" (Doc. 86 at 9–10). Huddled Masses responds that it has already produced all relevant agreements—those pursuant to which Huddled Masses performed marketing services for Bitcoin Depot—and Plaintiff is actually seeking to compel production of a joint defense agreement entered into between Huddled Masses and Bitcoin Depot after Huddled Masses was added as a party to this litigation. Plaintiff appears to argue, albeit indirectly, that Huddled Masses waived any joint defense privilege objection by failing to include that objection it its Response. Huddled Masses responds that its counsel "did not reasonably read

6

or interpret this request to reach post-litigation common interest agreements, as such agreements are neither relevant to the claims or defenses in this action and are protected by the common-interest privilege." (Doc. 87 at 11 n.3); *see also* M.D. Fla. Civil Discovery Handbook, § III.A.3 (stating that an attorney receiving a request for documents "shall reasonably and naturally interpret it").  The Court agrees that Huddled Masses' interpretation was reasonable, and does not find that it waived any assertion of the joint defense privilege.

Plaintiff's motion does not articulate why the agreement is relevant, outside of stating that it is "clearly responsive" to Request No. 4 and "facially relevant to the Plaintiff's allegations and causes of action" (Doc. 86 at 10).  In response, Huddled Masses argues that the agreement is irrelevant and privileged, and cites to various cases in which courts have found joint defense agreements not to be discoverable.  *See, e.g.*, *In re Takata Airbag Prods. Liability Litig.*, No. 15-02599, 2017 WL 10351709, at *4–6 (S.D. Fla. Mar. 7, 2017) (finding joint defense agreement to be both irrelevant and "protected by the work product privilege, as it applies through the joint defense or common interest doctrine"); *Biovail Labs. Int'l SRL v. Watson Pharms., Inc.*, No. 1:10-cv-20526, 2010 WL 3447187, at *1 (S.D. Fla. Aug. 30, 2010) ("A joint defense agreement that merely contains language that parties typically include in joint defense agreements to protect from discovery privileged information revealed to a third party is not relevant to any parties' claims or defenses.") (citations and quotations omitted). Huddled Masses further represents that the subject agreement "relates exclusively to the defendants' joint defense of the instant lawsuit and their respective rights and obligations (e.g., with respect to sharing of work product and confidential information)."  (Doc. 87 at 10–11).

The Court concludes that an *in camera* review of the joint defense agreement is necessary to ascertain its relevance and the applicability of any potential privileges.  *See*

*Takata*, 2017 WL 10351709, at *2–3 (finding *in camera* review of joint defense agreement to be necessary and warranted because it is inappropriate to exclusively rely on one party's characterization of the disputed document and "the relevancy of a joint defense agreement depends upon the language in the agreement") (quoting *Warren Distrib. Co. v. InBev USA LLC*, No. 0701053 (RBK), 2008 WL 4371763, at *2 (D.N.J. Sept. 18, 2008)); *Biovail Labs*, 2010 WL 3447187, at *1 ("When a party seeks to compel production of a joint defense agreement, courts will examine the agreement in camera and make an independent determination regarding the nature of the agreement.") (citing *Jeld–Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, No. 07–22326, 2008 WL 756455, at *5 (S.D. Fla. Mar. 11, 2008).

Requests for Production No. 12, 14, and 15:

In Requests 12, 14, and 15, Plaintiff seeks "[a]ll documents and electronically stored information exchanged between [Huddled Masses and its attorneys] on the one hand, and [Bitcoin Depot (Request No. 12), the Stanton IP Law Firm (Request No. 14), and the Carlton Fields Law Firm (Request No. 15)] on the other hand" (Doc. 86-1 at 11–13). Huddled Masses responded to these Requests as follows:

> Huddled Masses states that prior to being improperly added to this action as a party, Huddled Masses previously produced its file (including any identifiable email correspondence) concerning Bitcoin Depot that were located after a reasonable and diligent search pursuant to the Subpoena. *See* Huddled Masses 0000001 – Huddled Masses 0003761. More specifically, this Request appears duplicative of or encompassed within Subpoena Request [Nos. 1, 4, 6, and 9]. Huddled Masses also states that it is otherwise in the process of reviewing its records for any additional non-privileged responsive documents and will produce same if identified.

> To the extent this Request purports to seek communications between outside counsel for Huddled Masses and outside counsel for co-defendants after Huddled Masses was added as a party to this action, Huddled Masses states that such communications are beyond the scope of discovery as they are protected from disclosure by the common interest privilege. Huddled Masses

objects to logging such communications.[4]

(*Id.*).  Plaintiff argues that the Court should overrule Huddled Masses' objections because (1) communications between Huddled Masses and Bitcoin Depot are relevant; (2) Huddled Masses' objections were untimely; (3) the objections are conclusory and boilerplate; (4) Huddled Masses failed to establish that a joint defense privilege applies; and (5) Huddled Masses should not be able to "manufacture a 'joint defense agreement' in order to shield otherwise discoverable information" (Doc. 86 at 18).

Plaintiff's arguments are without merit.  First, a party is not entitled to discover records that, while relevant, are privileged.  Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any *nonprivileged* matter that is *relevant* to any party's claim or defense . . . .") (emphasis added).  Moreover, Huddled Masses produced documents responsive to these requests prior to even being added as a party to this litigation, and is only objecting to producing privileged communications between its counsel and counsel for Bitcoin Depot after it was added as a party to this action.  This is entirely proper.  Contrary to Plaintiff's assertion, Huddled Masses' objection clearly states the basis for its privilege objection.  And the idea that Huddled Masses has failed to establish that a joint defense privilege applies strains credulity considering the Requests specifically seek post-litigation communications between counsel for co-defendants in this litigation.[5]  *See, e.g.*, *Lane Constr. Corp. v. Skanska USA Civil*

---

[4] The second paragraph of this objection was only included in response to Request No. 12. In response to Request No. 14 and Request No. 15, Huddled Masses similarly added that it "objects to producing any correspondence between its counsel and counsel for co-defendants, which is covered by a common interest agreement concerning this litigation.  Huddled Masses further objects to producing a privilege log for such communications." (Doc. 86-1 at 12–13).

[5] Indeed, as discussed above, Plaintiff's motion also seeks to compel production of Defendants' joint defense agreement.

*Se., Inc.*, No. 6:21-cv-164-RBD-DCI, 2022 WL 18773723, at *1 (M.D. Fla. Nov. 7, 2022)

(communications fall within the common interest doctrine where (1) there is a common legal

interest among the parties; (2) the parties are represented by separate lawyers; and (3) the

parties agreed to exchange information concerning the matter of common interest).  As a

result, Plaintiff's motion to compel Huddled Masses to produce additional documents in

response to Request Nos. 12, 14, and 15 is DENIED.

> Request for Production No. 28:

In Request for Production No. 28, Plaintiff seeks, for the time period beginning in

2018: "(a) a list or other document sufficient to identify Your Florida-based clients; (b) for

each Florida-based client, documents sufficient to show the revenue that You have received

for each client; and (c) for each Florida-based client, documents evidencing the services that

You provided for each Florida-based client." (Doc. 86-1 at 24).  Huddled Masses responded

as follows:

> Huddled Masses states that does not directly market or target Florida for
> clients. Huddled Masses states that it has not identified any Florida clients for
> years 2018 or 2019. In 2021, Huddled Masses had one Florida client. In 2022,
> Huddled Masses had three Florida clients. In 2023, Huddled Masses has had
> four Florida clients. Given the nature of the services provided and the
> proprietary and sensitive nature of the information requested in this Request,
> Huddled Masses objects to producing broad categories of documents
> concerning its clients, but will provide a separate declaration setting forth the
> names, general services provided, and approximate percentage of overall
> revenue generated by these Florida clients from 2021 through 2023.

(*Id.*).  Plaintiff argues that the declaration provided by Huddled Masses is insufficient, and

that Huddled Masses should be compelled to produce the "underlying documentation" that

would corroborate the representations made by Huddled Masses in the declaration.[6]  Plaintiff

---

[6] The Declaration of Keith Smith (Doc. 87-1) includes charts listing Huddled Masses' Florida-
based clients for the years 2021, 2022, and 2023. It also lists the total revenue Huddled Masses

further argues that, to the extent Huddled Masses objects on the basis of confidentiality, such an objection is baseless given the parties' confidentiality agreement.

Huddled Masses responds that it provided the information in the form of a declaration because it does not ordinarily maintain the requested information as provided; it would have to "prepare reports (as it did to create the revenue table in the declaration) or produce numerous records (including irrelevant and unrelated accounting and other client information) from which information would have to be compiled, gleaned, and then interpreted in order to answer the posed questions" (Doc. 87 at 14). Huddled Masses also argues that Plaintiff "seeks to re-write its request for production, changing 'documents sufficient to show' into 'all documents showing,'" which is improper in a motion to compel (*Id.* at 15).

The Court finds that the Declaration of Keith Smith (Doc. 87-1) satisfies Huddled Masses' burden with respect to Request No. 28. The declaration lists Huddled Masses' Florida clients, lists the revenue received from each Florida client, and describes the services provided to Florida clients. Thus, the declaration meets the requirements of the Request. In addition, Huddled Masses states that it does not maintain the requested information, but would have to prepare reports, which it has already done and included in the declaration. *See Kaplan v. Kaplan*, No. 2:10-cv-237-CEH-SPC, 2010 WL 11474437, at *1 (M.D. Fla. Oct. 8, 2010) ("[T]he Plaintiff is actually compelling the Defendant to create a document, essentially a list, of names and addresses. A party, however, is not required to create new documents for their production."); *see also Tibbetts Lumber Co., LLC v. Amerisure Mut. Ins. Co.*, No. 8:19-cv-

---

received from each Florida-based client, as well as its total revenue for those years. The declaration also states that Huddled Masses does not have address records to determine Florida-based clients in years 2018 through 2020 (Doc. 87-1 at ¶¶ 11–15).

1275-KKM-AAS, 2021 WL 1966492, at *2 (M.D. Fla. May 17, 2021) ("[T]he Court cannot compel [a party] to provide information or documents that do not exist.") (quoting *Thermoset Corp. v. Building Materials Corp. of Am.*, No. 4-60268-CIV, 2014 WL 6473232, at *4-5 (S.D. Fla. Nov. 18, 2014)).  Finally, to the extent Plaintiff requests that Huddled Masses produce the large volume of largely irrelevant documents from which the information would have to compiled and interpreted, the Court finds that such a request is not proportional to the needs of the case, considering Huddled Masses has already provided the information sought by Plaintiff.  Accordingly, the Motion to Compel Huddled Masses to produce documents responsive to Request No. 28 is DENIED.

Request for Production No. 32:

Finally, in Request for Production No. 32, Plaintiff seeks all documents "pertaining to the advertising, marketing, or other means of promotion (including electronic communications) of [Huddled Masses'] services in Florida, from the beginning of 2018 to the present." (Doc. 86-1 at 26).  Huddled Masses responded that it "does not target its services at Florida.  Therefore, there are no Florida specific targeted advertising, marketing, or promotional materials responsive to this Request." (*Id.*).  Plaintiff argues that Huddled Masses' response is evasive, and regardless of whether it "specifically" targets its services in Florida, Huddled Masses (1) has a website accessible to viewers in Florida; (2) has provided services to clients in Florida; and (3) its marketing and advertising services for clients reach end customers in Florida.  Huddled Masses responds that Plaintiff's arguments are misplaced because (1) the mere fact that it has a website accessible in Florida does not equate to targeting customers in Florida; (2) having Florida-based clients does not equate to specifically targeting Florida-based clients for work; and (3) the Request did not seek documents identifying each

12

and every instance in which a service provided by Huddled Masses happens to be accessible from the State of Florida.  The Court agrees with Huddled Masses.

Plaintiff's arguments suggesting that Huddled Masses must have documents responsive to this Request are unpersuasive.  The mere fact that Huddled Masses has Florida-based clients or has a website accessible to individuals in Florida is a separate issue from whether Huddled Masses promotes its services in Florida.  Again, "the Court cannot compel [a party] to provide information or documents that do not exist."  *Tibbetts Lumber*, 2021 WL 1966492, at \*2.   The Motion to Compel Huddled Masses to produce documents responsive to Request No. 32 is DENIED.

## IV.   Attorney's Fees

The parties each request costs and attorney's fees associated with bringing and defending the Motion to Compel.  Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." [7]   A court will not order this payment where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). A party's objections to discovery are substantially justified if "reasonable people could differ as to the appropriateness of the contested action." *Maddow v.*

---

[7] Similarly, Rule 37(a)(5)(B) provides for an award of attorney's fees to the party opposing the motion if the motion is denied.

*Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted).  As explained above, each party prevailed on certain aspects of the Motion to Compel.  As such, the Court finds that an award of expenses is not appropriate.

Accordingly, it is hereby **ORDERED**:

(1) Plaintiff's Motion to Compel Huddled Masses, LLC to Immediately Produce Jurisdictional Documents and Other Information Responsive to Plaintiff's First Request for Production (Doc. 86) is **GRANTED in part and DENIED in part** as stated herein;

(2) Huddled Masses shall submit its joint defense agreement to the Court for *in camera* review within seven days from the date of this Order;

(3) The parties' requests for attorney's fees and costs associated with bringing and defending the Motion are denied.

**ORDERED** in Tampa, Florida, May 1, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE