UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYTE FEDERAL, INC.,

    Plaintiff,

v.   Case No. 8:23-cv-102-MSS-SPF

LUX VENDING LLC d/b/a BITCOIN
DEPOT; THE CARDAMONE
CONSULTING GROUP, LLC; and
HUDDLED MASSES, INC.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Motion to Compel The Cardamone Consulting Group, LLC ("Cardamone") to Immediately Produce Documents Responsive to Plaintiff's May 26, 2023 Subpoena in Compliance with the Court's Order and Motion to Compel in Connection with Plaintiff's First Request for Production of Documents (Doc. 74). Cardamone filed a response in opposition to Plaintiff's Motion (Docs. 77), and with leave of Court, Plaintiff filed a Reply (Doc. 99). Upon consideration, the Court finds that the Motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff Byte Federal, Inc. initiated this action in January 2023, alleging that Defendant Lux Lending LLC d/b/a Bitcoin Depot ("Bitcoin Depot") willfully infringed upon Plaintiff's federally registered "BYTEFEDERAL" trademark (Doc. 1). In August 2023, Plaintiff amended its complaint to name Cardamone and Huddled Masses, LLC as Defendants, alleging that they participated in Bitcoin Depot's infringement through their

provision of advertising and marketing services. Prior to adding Cardamone as a party, Plaintiff served Cardamone with a Subpoena to Produce Documents (the "Subpoena") (Doc. 31-1). The Subpoena, which Plaintiff served on May 26, 2023, required Cardamone to produce the requested documents by June 8, 2023. Cardamone retained counsel to assist with the Subpoena on June 5, 2023 (Doc. 31 at 2). Accordingly, counsel for Cardamone contacted Plaintiff's counsel the next day to seek an extension of time to comply with the Subpoena. Because Plaintiff wanted a chance to review the documents prior to a mediation scheduled for June 20, 2023, Plaintiff offered Cardamone an extension through June 16, 2023.[1]

On June 12, 2023, Cardamone instead filed a Motion to Quash, arguing that the Subpoena sought confidential information and was unduly burdensome (Doc. 31). On October 26, 2023, the Court entered an Order denying Cardamone's Motion to Quash (Doc. 73). In the meantime, on September 21, 2023, Plaintiff served Cardamone with its First Request for Production ("First RFP"). Cardamone timely served its written response and objections to the First RFP on October 23, 2023, though Cardamone did not produce documents with its response, and did not otherwise provide a date certain on which it would produce documents. On November 7, 2023, Plaintiff filed this Motion, which seeks to (1) compel Cardamone to produce documents responsive to the Subpoena; (2) overrule Cardamone's objections to the First RFP; and (3) compel Cardamone to immediately produce all documents responsive to the First RFP. On November 9, 2023, Cardamone produced documents responsive to the Subpoena and the RFP. As a result, the parties now only dispute the issue of Cardamone's objections to RFP Nos. 7–9, 11, and 13–15, as well as the issue of

---

[1] Plaintiff alleges that it conditioned its extension of time to respond on Cardamone's agreement to actually produce the responsive documents on that date.

attorney's fees.[2] For the reasons explained below, the Court finds that the Motion should be granted in part and denied in part.

## ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Discovery under the Federal Rules is governed by the principle of proportionality. Federal Rule of Civil Procedure 26(b)(1) defines the scope of discoverability as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). "A party resisting discovery must establish 'lack of relevancy or undue burden in supplying the requested information.'" *Craig v. Kropp*, No. 2:17-cv-180-FtM-99CM, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018) (quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)).

Request for Production No. 7:

In Request No. 7, Plaintiff requested:

> All documents and electronically stored information that are generated in applying the search terms below to Your corporate email accounts (including

---

[2] In its Reply, Plaintiff seeks to compel the production of a joint defense agreement that it states is responsive to Request for Production No. 4. Because Plaintiff did not raise this issue in the Motion, this request is denied. Moreover, the Court notes that, in its Order on Plaintiff's Motion to Compel Huddled Masses to produce documents (Doc. 86)—issued in conjunction with this Order—it ordered Huddled Masses to submit this joint defense agreement for *in camera* review.

3

but not limited to the email accounts for Nicholas Cardamone, Daniel Cardamone, and Patrick McCloskey):

| | | |
|---|---|---|
| Byte | Bitcoin w/s Florida | Stanton |
| ByteFederal | Bitcoin w/s trademark | Branden w/3 Tawil |
| Byte Federal | lawsuit | Brandon w/3 Mintz |
| Most /5 trusted | Scott w/3 Buchanan | DKI |
| Google w/s trademark | confusion or confused | Dynamic w/5 keyword |

(Doc. 74-1 at 3). Cardamone objected to the request "on the basis that it is vague and incomprehensible as written. For this reason, Cardamone is not providing any documents responsive to this request unless and until it can be clarified." (*Id.*). Plaintiff argues that Cardamone's response is "baseless and evasive" (Doc. 74 at 17). Plaintiff represents that, during the parties' meet-and-confer, Cardamone's counsel claimed that she was familiar with electronic discovery, but her client "did not understand what to do." (*Id.* at 17–18). Cardamone does not meaningfully respond to this argument in its Response, and instead states that Plaintiff failed to argue that the request was relevant, and that Plaintiff's counsel failed to clarify the request.

The Court finds that Cardamone's objection to the Request should be overruled. As a preliminary matter, the objection is boilerplate in that it does not explain how the Request is vague or what Cardamone fails to comprehend about the Request. *See Spencer v. City of Orlando, Fla.*, No. 6:15-cv-345-Orl-37TBS, 2016 WL 397935, at *2 (M.D. Fla. Feb. 2, 2016) ("Objections stating that a request is 'vague,' 'overly broad,' or 'unduly burdensome' are meaningless standing alone.") (citations omitted); *see also Zurich Am. Ins. Co. v. Hardin*, No. 8:14-CV-775-T-23AAS, 2019 WL 3082608, at *4 (M.D. Fla. July 15, 2019) ("Boilerplate or general objections constitute a waiver of the objections to the discovery sought."); *Miner, Ltd v. Keck*, No. 619CV722ORL41TBS, 2019 WL 2869063, at *2 (M.D. Fla. Jul. 3, 2019). In other words, "[a] party objecting on these grounds must explain its reasoning in a specific and

particularized way." *Martin v. Zale Del., Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008).

Moreover, while Cardamone's client might be unfamiliar with electronic discovery practices, it is its counsel's responsibility to assist with this process. *See EEOC v. M1 5100 Corp.*, No. 19-cv-81320, 2020 WL 3581372, at *2 (S.D. Fla. July 2, 2020) ("The relevant rules and case law establish that an attorney has a duty and obligation to have knowledge of, supervise, or counsel the client's discovery search, collection, and production."). Accordingly, Plaintiff's Motion to Compel is granted with respect to Request No. 7.

Request for Production Nos. 8 and 9:[3]

Request No. 8 states: "Broken down for each month and year in which You provided services to Bitcoin Depot, please produce all documents and electronically stored information pertaining to the traffic by visitors to the www.bitcoindepot.com website, including impressions, clicks, and hits. Your production should include traffic by visitors within the state of Florida." (Doc. 74-1 at 3). Cardamone again objected to the Request "on the basis that it is vague and incomprehensible as written. For this reason, Cardamone is not providing any documents responsive to this request unless and until it can be clarified." (*Id.* at 4). Plaintiff argues that this objection should be overruled as a boilerplate objection and that there is nothing vague or incomprehensible about the Request. Cardamone responds:

> The phrase "broken down for each month and year . . ." has no meaning on its face. Is Plaintiff requesting documents that show website visitor traffic only if it is broken down by month and/or year? Or is Plaintiff requesting that Cardamone *generate* documents showing a breakdown of website traffic by month and year? Or is Plaintiff requesting documents be produced in and identified by sequential sets of traffic according to the month and year the

---

[3] Request for Production Nos. 8 and 9 are similarly phrased, and Cardamone raised an identical objection to both (Doc. 74-1 at 3–4). As a result, the Court only specifically addresses the language of Request No. 8, but the analysis applies to Request No. 9 as well.

5

document was created?"

(Doc. 77 at 9–10). Cardamone further represents that, during the parties' conferral, Plaintiff's counsel failed to address Cardamone's concerns and simply asserted that there was nothing vague about the request.

The Court again finds that Cardamone's objection is boilerplate, and as a result, should be overruled. *Spencer*, 2016 WL 397935, at *2; *Zurich*, 2019 WL 3082608, at *4. In addition, the Court finds that the Request is neither vague nor incomprehensible. While Cardamone raises various potential interpretations of the Request in its Response to the Motion to Compel,[4] an attorney receiving a request for documents has a responsibility to "reasonably and naturally interpret" that request. *See* M.D. Fla. Civil Discovery Handbook, § III.A.3. A fair reading of the Request shows that Cardamone wanted documents showing how much traffic Bitcoin Depot's website received each month and year while it was a client of Cardamone. If Cardamone did not track website traffic in that manner, it should have stated that in its Response. Accordingly, Plaintiff's Motion to Compel is granted with respect to Request Nos. 8 and 9.

Request for Production No. 11:

In Request No. 11, Plaintiff seeks "[a]ll documents and electronically stored information pertaining to invoices, statements, payments, wire transfers, credit card receipts/transactions, and other financial records exchanged between You on the one hand, and Bitcoin Depot on the other hand" (Doc. 74-1 at 4). Cardamone objected to the Request

---

[4] Moreover, any attempt to provide specific objections through a response to a motion to compel is unavailing. *See Lorenzano v. Sys., Inc.*, No. 6:17-cv-422, 2018 WL 3827635, at *3 (M.D. Fla. Jan. 24, 2018) ("[T]he Court will not rely on Systems' post hoc justifications for its boilerplate objections. To the extent that Systems tried to raise specific objections in its Response, the Court finds that Systems waived these objections.").

6

"on the basis that it is overbroad and seeks documents that are not proportional to the needs of the case. On the basis of this objection, Cardamone is not furnishing any responsive documents." (*Id.*). Plaintiff argues that this objection should be overruled as a boilerplate objection. In its Response to the Motion to Compel, Cardamone argues that it is a valid objection because the Request seeks financial documents exchanged between the parties, "regardless of whether the transaction was related to the specific alleged wrongful conduct. Furthermore, documents responsive to this Request were produced to Plaintiff on November 9, 2023 (Bates Nos. CCG-000016–CCG-000032) in response to Subpoena request No. 3, which is identical to RFP 11." (Doc. 77 at 11). The Court again notes that Cardamone's objection is boilerplate, and is due to be overruled on that basis. Moreover, the fact that Cardamone produced sixteen pages of responsive documents to the Request shows that it was not overbroad. While this aspect of the Motion is now moot, considering Cardamone has produced the requested documents, the Court includes this analysis as it is relevant to its discussion of attorney's fees below.

<u>Request for Production No. 13</u>:

In Request No. 13, Plaintiff seeks "[a]ll documents and electronically stored information exchanged between You on the one hand, and Bitcoin Depot on the other hand, pertaining to online advertising, social media advertising, or keyword advertising (including without limitation, Google sponsored ads or Google AdWords)" (Doc. 74-1 at 5). Cardamone objected to the Request "on the basis that it is overbroad and seeks documents that are not proportional to the needs of the case. On the basis of this objection, Cardamone is not furnishing any responsive documents." (*Id.*). Plaintiff argues that this objection should be overruled as a boilerplate objection. In its Response to the Motion to Compel, Cardamone

argues that its objection is valid because:

> [T]he request seeks <u>all</u> documents of any kind between Bitcoin and Cardamone, the vast majority of which would have no relevance to any claim or defense in this case.  There are likely thousands of emails, texts, and Slack messages potentially responsive to this request, but which have no relevance to the issues in this case.  Searching through all these messages and reviewing them for which would be relevant would take one or both of Cardamone's two employees many days of research, and would substantially impair Cardamone's ability to meet its day-to-day business obligations.

(Doc. 77 at 12).

Cardamone's objection is boilerplate and is overruled on that basis.  In addition, the Court is not persuaded by Cardamone's argument.  Plaintiff did not seek all documents exchanged between Bitcoin Depot and Cardamone regardless of topic, it limited its request to documents pertaining to online advertising, social media advertising, or keyword advertising.  These topics bear directly on the trademark and false advertising claims at issue in this lawsuit, where Plaintiff alleges that Defendants conspired to use Plaintiff's trademark in digital advertisements (*See, e.g.*, Doc. 44 at ¶¶ 4–5).  Moreover, participating in discovery is often by its very nature burdensome.  The suggestion that there are "likely" thousands of documents that may take "many days" to review is insufficient for Cardamone to meet its burden as the objecting party.  *See, e.g.*, *Milsap v. Cornerstone Residential Mgmt., Inc.*, No. 05-60033-CIV, 2008 WL 11331702, at *2 (S.D. Fla. Dec. 17, 2008) ("Courts routinely reject claims of unduly burdensome objections without some showing of a burden, by affidavit or other evidence."); *Griffin v. GEICO Gen. Ins. Co.*, No. 4:11cv104, 2011 WL 13235056, at *4 (N.D. Fla. Oct. 25, 2011) (granting motion to compel response to interrogatory that "could be overbroad," but where Defendant had "not made the case" and stating that the "promise of a belated affidavit showing burden [is] insufficient").

Requests for Production No. 14 and 15:

In Requests 14 and 15, Plaintiff seeks "[a]ll documents and electronically stored information exchanged between [Cardamone and its attorneys] on the one hand, and [the Stanton IP Law Firm (Request No. 14), and the Carlton Fields Law Firm (Request No. 15)] on the other hand" (Doc. 74-1 at 5–6). Cardamone responded to these Requests by stating that it would produce responsive documents "that are not subject to any attorney-client, joint defense or work product privilege." (*Id.*). Plaintiff argues that the Court should compel Cardamone to produce documents responsive to these Requests because: (1) Cardamone fails to indicate whether it is withholding responsive documents on the basis of privilege in violation of Rule 34; (2) the objections are conclusory and boilerplate; (3) Cardamone failed to establish that a joint defense privilege applies; and (4) Cardamone should not be able to "manufacture a 'joint defense agreement' in order to shield otherwise discoverable information" (Doc. 74 at 24). Cardamone represents that it has now produced documents responsive to these Requests.

Considering Cardamone's production, it is unclear whether these Requests remain at issue. To the extent Plaintiff is seeking to compel Cardamone to produce privileged communications between its counsel and counsel for Bitcoin Depot after it was added as a party to this action, the Court denies such a request. The suggestion that Cardamone has failed to establish that a joint defense privilege exists is without merit considering the Requests specifically seek Cardamone's communications with counsel for Bitcoin Depot, one of Cardamone's co-defendants in this litigation.[5] *See, e.g.*, *Lane Constr. Corp. v. Skanska USA Civil*

---

[5] Indeed, as discussed above, Plaintiff's Reply seeks to compel production of Defendants' joint defense agreement, and Plaintiff has separately moved to compel production of this agreement from Defendant Huddled Masses, LLC (Doc. 86).

9

*Se., Inc.*, No. 6:21-cv-164-RBD-DCI, 2022 WL 18773723, at *1 (M.D. Fla. Nov. 7, 2022) (communications fall within the common interest doctrine where (1) there is a common legal interest among the parties; (2) the parties are represented by separate lawyers; and (3) the parties agreed to exchange information concerning the matter of common interest). If, however, Cardamone is withholding otherwise responsive documents (from prior to being added as a party to this litigation) on the basis of privilege, it shall prepare and serve a privilege log within fourteen days of the date of this Order.

### Attorney's Fees

Plaintiff requests an award of attorney's fees for moving to compel compliance with both the Subpoena and the First RFP. For the reasons explained below, the Court finds that Plaintiff is entitled to an award of expenses incurred in bringing the motion to compel compliance with the First RFP, but is not entitled to an award of expenses incurred in bringing the motion to compel compliance with the Subpoena.

<u>Subpoena</u>:

Plaintiff requests fees pursuant to Rule 37, noting that some district courts have applied the fee-shifting provisions of Rule 37 to disputes arising under Rule 45. *See, e.g.*, *Rodriguez v. AmericanWest Bank*, No. CV 15-5831 MRW, 2017 WL 11470636, at *3 (C.D. Cal. Apr. 20, 2017) ("The provisions of the Rule 37 fee-shift apply to disputes arising under Rule 45."). There is, however, mixed authority on this proposition. *See also U.S. for the Use & Benefit of Am. Builders & Contractors Supply Co., Inc. v. Great Am. Ins. Co.*, No. 3:12-mc-36-J-34TEM, 2012 WL 12910657, at *1 (M.D. Fla. June 26, 2012) ("Because the instant [Rule 45] motion involves a non-party, Rule 37 (which applies only to parties) is not applicable."); *Kona Spring*

*Water Distributing, Ltd. v. World Triathlon Corp.*, No. 8:05-cv-119-T-23TBM, 2006 WL 905517, at *2 (M.D. Fla. Apr. 7, 2006) (granting in part Rule 45 motion to compel compliance with subpoena and denying motion for sanctions sought pursuant to Rule 37, finding Rule 37 inapposite) (citing *Davis v. Speechworks Int'l, Inc.*, No. 03-cv-533S(F), 2005 WL 1206894, at *5 (W.D.N.Y. May 20, 2005) ("Rule 45 itself contains no express provision for awarding attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena *duces tecum*, nor does Rule 45 allow the court to turn to the terms of Rule 37(a) for such authorization.")).  Again, the Court need not resolve this issue as the Court is not granting Plaintiff's motion with respect to the Subpoena.

Plaintiff alternatively requests that the Court award fees pursuant to 28 U.S.C. § 1927 as well as the Court's inherent authority.  A sanctions award under either 28 U.S.C. § 1927 or the Court's inherent power requires a showing that the violating party acted in bad faith. *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020).  Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  The Eleventh Circuit interprets the statute as imposing three requirements:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings."  Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).  Section 1927 does not apply to parties.  Sanctions under § 1927 are discretionary, and the court, for equitable reasons, may

11

decline to impose them. *Olson v. Reynolds*, 484 F. App'x 61, 64-65 (7th Cir. 2012).

A court may also impose sanctions for litigation misconduct under its inherent power. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009). This power "is both broader and narrower than other means of imposing sanctions." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). It extends to a full range of litigation abuses and is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Miller v. Midland Credit Mgmt., Inc.*, No. 20-13390, 2021 WL 4240972, at * 2 (11th Cir. Sept. 17, 2021) (quoting Chambers, 501 U.S. at 43). This power "must be exercised with restraint and discretion." *Id.* (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). A court may exercise this power "to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013) (citing Chambers, 501 U.S. at 45-46)).

Plaintiff's request for expenses incurred in compelling Cardamone's compliance with the Subpoena is denied. On November 9, 2023—two days after Plaintiff filed this Motion and fourteen days after the Court denied Cardamone's Motion to Quash—Cardamone produced documents responsive to the Subpoena, thereby rendering that portion of Plaintiff's motion moot. While the Court understands Plaintiff's frustration that Cardamone did not immediately provide a date certain to produce documents responsive to the Subpoena, Cardamone ultimately produced documents responsive to the Subpoena within fourteen days of the Court's Order denying its Motion to Quash. The Court does not find that Cardamone acted in bad faith such that an award of attorney's fees is appropriate.

First RFP:

With respect to the First RFP, on the other hand, the Court finds that an award of expenses and attorney's fees is appropriate. Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." A court will not order this payment where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). A party's objections to discovery are substantially justified if "reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted). As discussed above, Cardamone responded to the First RFP by lodging boilerplate objections, which cannot be considered substantially justified. Furthermore, even Cardamone's post hoc justifications for its boilerplate objections were not persuasive. Thus, no other circumstances exist that make an award of expenses unjust. As a result, Cardamone's counsel shall pay Plaintiff's reasonable expenses incurred in making the portion of the motion directed at the First RFP.

Accordingly, it is hereby **ORDERED**:

(1) Plaintiff's Motion to Compel The Cardamone Consulting Group, LLC to Immediately Produce Documents Responsive to Plaintiff's May 26, 2023 Subpoena in Compliance with the Court's Order and Motion to Compel in

13

Connection with Plaintiff's First Request for Production of Documents (Doc. 74) is **GRANTED in part and DENIED in part** as stated herein;

(2) Cardamone shall produce documents responsive to Request for Production Nos. 7–9, 11, and 13 within fourteen days from the date of this Order;

(3) To the extent Cardamone is withholding documents responsive to Request for Production Nos. 14 and 15 from prior to being added as a party to this litigation on the basis of privilege, Cardamone shall prepare and serve a privilege log within fourteen days of the date of this Order;

(4) Counsel for Cardamone shall pay Plaintiff's reasonable expenses, including attorney's fees, incurred in preparing the portion of the Motion to Compel related to the First RFP.

**ORDERED** in Tampa, Florida on May 1, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE