UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYTE FEDERAL, INC.,

    Plaintiff,

v.                                            Case No. 8:23-cv-102-MSS-SPF

LUX VENDING LLC d/b/a BITCOIN
DEPOT; THE CARDAMONE
CONSULTING GROUP, LLC; and
HUDDLED MASSES, INC.,

    Defendants.
_____/

## ORDER

    This cause comes before the Court upon review of Defendants' Common Interest Agreement (the "Agreement"), submitted by Defendant Huddled Masses, Inc. ("Huddled Masses") for *in camera* review.  Initially, Plaintiff filed a Motion to Compel (Doc. 86), which sought, in part, production of a joint defense agreement entered into by Defendants because the document was responsive to Request for Production No. 4, which sought "[a]ll contracts and agreements that [Huddled Masses] entered into with Bitcoin Depot."  (Doc. 86-1). Huddled Masses responded in opposition (Doc. 87), arguing that the Agreement was privileged and not relevant.  The Court issued an Order granting in part and denying in part Plaintiff's Motion to Compel (Doc. 103).  In that Order, the Court directed Huddled Masses to submit the Agreement to the Court for an *in camera* review.  *See, e.g.*, *In re Takata Airbag Prods. Liability Litig.*, No. 15-02599, 2017 WL 10351709, at *2–3 (S.D. Fla. Mar. 7, 2017) (finding *in camera* review of joint defense agreement to be necessary and warranted because it is inappropriate to exclusively rely on one party's characterization of the disputed document

and "the relevancy of a joint defense agreement depends upon the language in the agreement"). Huddled Masses timely provided the agreement to the Court.

The undersigned has carefully reviewed the Agreement, and concludes that it is properly characterized as a joint defense or common interest agreement, and as such, is not relevant.[1] The Agreement contains standard, boilerplate joint-defense language, which establishes the terms, conditions, and limitations for the sharing of privileged and confidential information. The Agreement contains no other terms and does not serve multiple purposes. Because the Agreement does not include any substantive information and only contains typical joint defense language, the Court concludes that it is not relevant to any claim or defense in this matter. *See Takata*, 2017 WL 10351709, at *3–4 (finding standard joint defense agreement not be relevant); *Biovail Labs. Int'l SRL v. Watson Pharms., Inc.*, No. 1:10-cv-20526, 2010 WL 3447187, at *1 (S.D. Fla. Aug. 30, 2010) (same).

Accordingly, it is hereby **ORDERED**:

(1) As to the remaining issue regarding Defendants' Common Interest Agreement, Plaintiff's Motion to Compel (Doc. 86) is **DENIED.**

**ORDERED** in Tampa, Florida, May 17, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court need not determine whether the Agreement is privileged because the issue "can be resolved on a threshold issue—whether the agreement is even *relevant* for discovery purposes." *Biovail Labs. Int'l SRL v. Watson Pharms., Inc.*, No. 1:10-cv-20526, 2010 WL 3447187, at *1 (S.D. Fla. Aug. 30, 2010).